

Aeton Law Partners LLP
101 Centerpoint Drive
Suite 105
Middletown, CT 06457

T 860.724.2160
F 860.724.2161
aetonlaw.com

DAMIAN
WASSERBAUER
*Of Counsel*
T 860.724.2170
damian@aetonlaw.com

**VIA ECF**

September 24, 2013

Honorable Denise L. Cote
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15B
New York. NY 10007-1312

      Re:    *Lumen View Technology LLC v. Findthebest.com, Inc.* S.D.N.Y. 13-cv03599-DLC

Hon. Judge Cote:

Plaintiff Lumen View Technology LLC ("Lumen") responds to the claims of Counsel Leventhal for the Findthebest.com defendant ("FTB").

Summary:

      Lumen's *preliminary* infringement contentions ("PICs") are sufficient and reflect its initial preliminary ; Lumen will supplement the PICs with information of Defendant obtained through discovery. Lumen requests discovery of how the FTB system works and sets forth three (3) areas of specific discovery to amend the public information statements in the preliminary PICs that FTB discloses about its product and service. As PICs, and Invalidity Contentions, form the basis for the claim construction task, Plaintiff requests that the Scheduling Order be amended by 63 days to accommodate Defendant's discovery and amending the PICs.

Legal Standards:

Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008) (noting "enough specificity is required to give an alleged infringer notice of the patentee's claims"). This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005).

The SDNY Local Patent Rules generally do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case. *See also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (stating "[i]nfringement contentions are not intended to require a party to [*9] set forth a prima facie case of

infringement and evidence in support thereof"); *Realtime Data, LLC v. Packeteer*, Inc., No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 122434, 2009 WL 5216909, at *2 n.3 (E.D. Tex. July 20, 2009) (explaining the identification of evidence obtained during discovery can aid in satisfying the notice function of infringement contentions); *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2006 U.S. Dist. LEXIS 97060, 2006 WL 5097360, at *1 (C.D. Cal. June 5, 2006) (explaining "[t]he plaintiff is not…required to produce evidence of infringement…or to provide evidentiary support for its contentions" (quotations omitted)). "Infringement contentions are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Linex Techs.*, 628 F. Supp. 2d at 713 (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)) (quotations omitted).

A mere conclusion PIC is where PIC state merely that the defendant "'practices this element literally or equivalently' before going on to explain a single way in which [the defendant] infringes.'" See *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 U.S. Dist. LEXIS 120404, *4-5 (N.D. Cal. Aug. 22, 2013). Mere Conclusions, for example, conclusions similar to the above are not found in any column of Plaintiff's PICs.

The telltale sign Courts rely on is that inadequate PICs leave out or have accused instrumentalities absent from the charts. See *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2010 U.S. Dist. LEXIS 4973 (E.D. Tex. Jan. 21, 2010. Plaintiff's PICs do not leave out information from any column of Plaintiff's PICs and reference Defendant's website and public information on the operation of the system.

Defendant has the responsibility to produce information that Lumen can use to substantiate its claims. Where a plaintiff's PICs are found to be adequate, the court will not stay discovery. *Teknowledge Corp. v. Akamai Tech., Inc.*, 2003 U.S. Dist. LEXIS 26031, 2003 WL 23861926, at *1 (N.D. Cal. Oct. 21, 2003) ("Plaintiff has sufficiently identified the accused products, indicated where the elements of the asserted claims are found and specified where means-plus-function elements are found.") *New York Univ. v. E.piphany, Inc.*, 2006 U.S. Dist. LEXIS 9157, 9-10 (S.D.N.Y. Mar. 6, 2006). *Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (*quoting American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) where the Court viewed plaintiff's pre-suit diligence with favor and when facing a motion to compel compliance with Patent Rules, ordered the plaintiff to submit supplemental PICs only after reviewing source code, reasoning that the source code was necessary to fill the gaps expected when one alleges infringement of software products without access to confidential information).

As it is Plaintiff's burden of proving infringement, the discovery of the operation of Defendants software operating systems is essential. *E.piphany, Inc.*, No. 05-CV-1929, 2006 U.S. Dist. LEXIS 9157, 9-10; *Rates Tech., Inc. v. Mediatrix Telcom, Inc.*, 2007 U.S. Dist. LEXIS 65637, 9-10 (E.D.N.Y. Sept. 5, 2007). In *E.piphany* the court noted that parties in computer software infringement cases often find themselves in the following "Catch-22:"

> Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source [*10] code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions. To the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense.

2006 U.S. Dist. LEXIS 9157, [WL] at *3 (quoting *Am. Video Graphics, L.P.*, 359 F. Supp. 2d 558, 560)

Areas of Discovery requested of FTB:

To further evaluate and amend Lumen's PICs, Lumen needs discovery in the following areas:

- Confirm how the AssistMe score is actually calculated. FTB's use of forced choice questions by the end user is highly indicative that a tradeoff analysis, which may mean that FTB is using conjoint analysis. While the objective information on FTB's website indicates that this process is occurring, we cannot confirm this out without further discovery. FTB website: It appears that the only way that the process can occur is by conjoint analysis using a tradeoff of preferences. Again, their customers appear to answer a set of forced choice questions in order to determine their subjective preferences. The '073 Patent: The file history of the parent patent indicates that forced choice questions and/or closeness-of-fit can be leveraged so that the consumer receives product and service matches that are suited to the subjective preferences of the consumer,

- Confirming that the AssistMe score intersects with the SmartRating for a product, service, or service provider, as set forth on the PICs: FTB website: "With AssistMe, you'll be able to obtain your personal Smart Rating and five products or services that are best for you" FTB's explicit statements on their website establishes that the FTB system combines both ratings to arrive at the five products or services.

- Confirming that the SmartRating score is calculated including obtaining (1) expert recommendations, (2) executing FTB's process of weighting of the expert information, and/or (3) weighting of product data to produce the SmartRating. FTB website: Discovery and information is needed to confirm that FTB is a co-evaluator that mediates for the customer in selecting their products or services.

Respectfully submitted,

*/s/ Damian Wasserbauer*

Damian Wasserbauer
C: All Counsel of Record