# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LUMEN VIEW TECHNOLOGIES LLC,               :
                                           :
                    Plaintiff,             :
                                           :     1:13-cv-03599-DLC
          v.                               :
                                           :     October 11, 2013
FINDTHEBEST.COM, INC.                      :
                                           :
                    Defendant.             :
_____    :

## LUMEN VIEW TECHNOLOGY LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS

# TABLE OF CONTENTS

I.    **INTRODUCTION** ........................................................................................ 1

II.   **THE COMPUTER-IMPLEMENTED METHOD OF FACILITATING BILATERAL AND MULTILATERAL DECISION-MAKING INVENTION OF DALTON SENTRY, LLC'S '073 PATENT** ............................................... 2

III.   **APPLICABLE LEGAL STANDARDS** ................................................... 4

   1.  **Motion to Dismiss** ........................................................................... 4

   2.  **Satisfying Form 18 Immunizes A Claimant From Attack Regarding The Sufficiency Of The Pleading** .......................................... 6

   3.  **Standard For Patentability Under 35 U.S.C. § 101; Statutory Subject Matter Under U.S. Patent Laws** ............................................ 6

   4.  **Defendant's Burden Of Proving Invalidity** ........................................ 8

IV.   **ARGUMENT** ......................................................................................... 9

   a.  **Defendant's Motion To Invalidate Each Claim Of The '073 Patent On A Motion For Judgment On The Pleadings Is Procedurally Improper And Premature.** ................... 9

     i.  **Patent Claims Should Not Be Invalidated On A Motion To Dismiss For Failure To State A Claim.** .......................... 10

     ii.  **Patent Claims Cannot Be Adjudicated For Compliance With The Patent Eligibility Standard Until TheseTerms Have Been Construed.** .......................... 11

     iii.  **Defendant's Personal Belief That Software Should Not Make Patentable --"The Same Mental Process Humans Have Performed For Thousands Of Years Without Computers" -- Is Not The Law.** ...................... 12

   b.  **Lumen's Complaint Complies With Form 18, In Fact, It Provides More Factual Detail Than Form 18 Requires** ........................... 13

   c.  **Defendant Does Not Prove By Clear And Convincing Evidence That Any Claims Of The '073 Patent Are Patent-Ineligible Under 35 U.S.C. § 101** ................... 14

     i.  **The Claims Of The '073 Patent Do Not Preempt The Use Of Any Fundamental Principle Or Method Of A Computer-Implemented Method For Facilitating Evaluation** ................... 15

     ii.  **The '073 Patent Claims Do Not Preempt Any Fundamental Principle** ............... 16

     1.  **Each Claim Satisfies the *Bilski* "Machine" Prong** ................... 16

     2.  **Each Claim Satisfies the *Bilski* "Transformation" Prong** ................... 21

     3.  **"Machine" Or "Transformation" Not Sole Test For A Patentable 'Process; Patent Eligibility Ultimately Focuses On Whether The Claim Recites A "Process" And Not A "Principle."** ...................... 22

V.   **CONCLUSION** ...................................................................................... 24

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).............. 4,5

*Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office,* 653 F.3d 1329, 1348 (Fed.Cir.2011) ......................................................................................................... 8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) ................................. 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................. *passim*

*Bilski v. Kappos*, 130 S. Ct. 3218, 177 L. Ed. 2d 792, 2010 U.S. LEXIS 5521 (U.S. 2010) *passim*

*Bristol-Meyers Squibb Co. v. Ben Venue Labs., Inc.*, 286 F.3d 1368, 1374 (Fed. Cir. 2001)........ 8

*Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).................................................................. 5

*Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1064-65 (Fed.Cir.2011) .......... 7

*CLS Bank Int 'l v. Alice Corp. Pty. Ltd.,* 685 F.3d 1341, 2012 U.S. App. LEXIS 13973 (Fed. Cir. 2012) ............................................................................................................. 20

*CLS Bank Int 'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269; 2013 U.S. App. LEXIS 9493 (Fed. Cir. 2012)(*en banc*) .......................................................................................... 1,9, 12, 19

*DealerTrack, Inc. v. Huber*, 2009 U.S. Dist. LEXIS 58125, at *12-13 (C.D. Cal. July 7, 2009)  12

*Diamond v. Diehr*, 450 U.S. 175, 182 (1981)................................................................ 9, 15, 22, 23

*Famous Horse Inc. v. 5th Ave. Photo Inc*., 624 F.3d 106, 108 (2d Cir.2010) ............................... 4

*Gottschalk v. Benson*, 409 U.S. 63, 71 (1972)................................................................. 13, 17, 23

*Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) ................................................................. 4

*Harrington Mfg. Co. v. Powell Mfg. Co.*, 815 F.2d 1478, 1482 (Fed. Cir. 1986) ......................... 9

*Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).................................................................. 4

*In re Agria Corp. Sec. Litig.,* 672 F. Supp. 2d 520, 528 (S.D.N.Y. 2009) .................................... 5

*In re Alappat*, 33 F.3d 1526, 1545 (Fed. Cir. 1994) ........................................................... 12, 17

*In re Bilski*, 545 F.3d 943, 2008 U.S. App. LEXIS 22479 (Fed. Cir. 2008) ................................. 3

*Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178-79 (2d Cir. N.Y. 2013)............................. 4, 10

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277 (Fed. Cir. 2013).......... 6, 14

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) .............................................................................. 6

*Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005) ............................... 11

*Parker v. Flook*, 437 U.S. 584 (1978)........................................................................................ 23

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) ............................................. 11, 18

*Prometheus Labs., Inc. v. Mayo Collaborative Servs.,* 628 F.3d 1347, 1353 (Fed.Cir.2010), *reversed,* 132 S. Ct. 1289 (U.S. 2012)) ............................................ 8

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323 (Fed. Cir. 2012) ....................................................... 14

*Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 869, 2010 U.S. App. LEXIS 24984 (Fed. Cir. 2010)..................................................................................................... 7, 19

*State St. Bank & Trust Co. v. Signature Fin. Group*, 149 F.3d 1368, 1370 (Fed. Cir. 1998)....... 11

*Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323 (Fed. Cir. 2011)............................................. 18

*Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013) ……… ……... 1, 2, 9, 12

## Statutes

35 U.S.C.

§ 100(b) ................................................................................................ 10, 23, 24

§ 101 .................................................................................................................... passim

§ 102 ....................................................................................................................... 7, 13

§ 103 ....................................................................................................................... 7, 13

§ 112 ....................................................................................................................... 7, 13

§ 273(b)(1)). .............................................................................................................. 23

§ 282 ........................................................................................................................... 8

§ 282(a) ...................................................................................................................... 1

## Rules

Fed. R. Civ. P.

Rule 12(b)(6) ..................................................................................................... 1, 4, 10

Rule 12(c) ............................................................................................................ passim

Rule 8(a)(2) ................................................................................................................ 5

Rule 84 ..................................................................................................................... 13

Civil Form 18 ............................................................................................... 6, 10, 13, 14

## Regulations

60 Fed. Reg. 28,778 ................................................................................................. 3

## I.      INTRODUCTION

Findthebest.com, Inc. ("FTB" or "Defendant") asks this Court in its motion for judgment on the pleadings[1] to declare United States Patent No. 8,069,073 (the "'073 Patent") not valid; yet patents shall be presumed valid under the law. 35 USC § 282(a).  Accordingly, accepting Lumen View Technologies, LLC's ("Lumen") complaint's factual allegations as true and drawing all reasonable inferences in the Plaintiff's favor, Defendant's motion should be denied because *a fortiori* this Court must take the presumed validity as true. As the presumption shall be applied to the '073 Patent, and accepting this as true, the '073 Patent claims cannot be invalidated on a Motion for Judgment On The Pleadings under Rule 12 (c).  There is no basis to bring this motion at this time.

Defendant filed its motion for judgment on the pleadings under Rule 12(c) to Lumen's complaint on Sept. 24, 2013. (Dkt. Nos.18, 21.)  While not precluded, at this stage, it is rare[2] for a court to consider invalidating patent claims on a Rule 12(c) (or Rule 12(b)(6)) motion as the determination is rife with underlying factual issues. Indeed, Defendant provides no facts, let alone authority, sufficient for this Court to rule to invalidate the patent-in-suit on patentable subject matter grounds. For this reason alone, Defendant's motion should be denied.

---

[1] Lumen filed this lawsuit on May 29, 2013, alleging that Defendant infringes at least Claim 1 the '073 Patent of which Lumen is the exclusive licensee. (Dkt. No. 1, ¶10.)

[2] *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013) ("it will be rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter…. because every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary.(citing *CLS Bank Int'l v. Alice Corp.,* 717 F.3d 1269, 1304-05, 1310, 2013 U.S. App. LEXIS 9493 (Fed. Cir. May 10, 2013) (Chief Judge Rader, and Judges Linn, Moore, and O'Malley, concluding that "any attack on an issued patent based on a challenge to the eligibility of the subject matter must be proven by clear and convincing evidence," and "we detect no clear and convincing evidence in this record" and Judges Lourie, Dyk, Prost, Reyna, and Wallach, concluding that a statutory presumption of validity applies when § 101 is raised as a basis for invalidity in district court proceedings.))

Defendant does not provide any evidence, let alone prove by clear and convincing evidence, that any claims of the '073 Patent are patent-ineligible under 35 U.S.C. § 101. Moreover, patent claims cannot be adjudicated for compliance with the patent eligibility standard until claim terms have been construed.  While claim construction is desirable before considering a motion to dismiss, it likewise is not categorically required.  *Ultramercial* provides that, if the court does not engage in construction, it must construe the claims in Plaintiffs favor. Accordingly, since the parties have already filed their statement of Joint Disputed Claims Term Chart under Patent L.R. 11, this Court should adopt Lumen View's proffered constructions in considering this motion.  Lumen respectfully asks that this Court deny Defendant's motion.

Defendant's motion is procedurally infirm for another reason. In particular, Defendant seeks to dismiss Lumen's patent infringement claim under Rule 12(c) arguing *inter alia* that software is not patentable.  Defendant's opening brief fails to prove any statute or case law supporting that position.  FTB's mere arguments about humanity do not present a scintilla of evidence necessary to invalidate any patent.  It is well settled that software and computer implemented products are patentable.  Lumen respectfully requests the Court deny Defendant's motion.

## II.   THE COMPUTER-IMPLEMENTED METHOD OF FACILITATING BILATERAL AND MULTILATERAL DECISION-MAKING INVENTION OF DALTON SENTRY, LLC'S '073 PATENT

United States Patent No. 8,069,073 B2 (the " '073 Patent") issued on Nov. 29, 2011 and is the patent-in-suit.  The '073 Patent family portfolio includes five issued patents and one pending patent application: U.S. Patent No. 6,915,269 issued June 5, 2005, U.S. Patent No. 7,184,968 issued Feb. 27, 2007, U.S. Patent No. 7,725,347 issued May 12, 2010, U.S. Patent No. 8,170,898 issued May 1, 2012 and U.S. Patent Application US2012/215,550 filed Apr. 27, 2012. Claim 1, and the steps recited in each of the 9 claims of the '073 Patent, sets forth "*in a first*

*computer process,…in a second computer process,… in a third computer process…; and in a fourth computer process"*. According to Claim 1, a computer must be specially-programmed for facilitating evaluation, in connection with the procurement or delivery of products or services, in a context of at least one of (i) a financial transaction and (ii) operation of an enterprise, such context involving a first class of parties in a first role and a second class of counterparties in a second role.

The U.S. Patent & Trademark Office ("USPTO") all along has issued examination guidelines for computer-implemented invention including Proposed Examination Guidelines for Computer-Implemented Inventions[3], 60 Fed. Reg. 28,778 (June 2, 1995) and the supporting legal analysis issued on October 3, 1995; updated by Interim Guidelines on Nov. 22, 2005[4] (signal claims – signal encoded with functional descriptive material) Apr. 12, 2007, Aug. 24, 2009[5] and July 27, 2010[6] (*Bilski* – business method), with final guidelines issued  on Arp. 20, 2013.[7]  On June 28, 2010, the Supreme Court decided *Bilski v. Kappos*, 130 S. Ct. 3218, 177 L. Ed. 2d 792, 130 S. Ct. (U.S. 2010) that the machine-or-transformation test was not the sole test for deciding whether an invention was a patent-eligible "process" as decided by the Federal Circuit in *In re Bilski*, 545 F.3d 943, 2008 U.S. App. LEXIS 22479 (Fed. Cir. 2008), regarding 35 U.S.C. §101. The '073 Patent issued after the *Bilski* decision and its examination was under the post-*Bilski* examination guidelines for Computer-Implemented Inventions.

---

[3] Examination Guidelines for Computer-Related Inventions,
http://web.archive.org/web/19980529122936/http://www.uspto.gov/web/offices/pac/dapp/oppd/compenex.pdf.
[4] http://www.uspto.gov/web/offices/com/sol/og/2005/week47/patgupa.htm
[5] http://www.uspto.gov/patents/law/comments/2009-08-25_interim_101_instructions.pdf
[6] http://www.uspto.gov/patents/law/exam/bilski_guidance_27jul2010.pdf
[7] Final Examination Guidelines for Computer-Implemented Inventions
http://www.uspto.gov/web/offices/pac/dapp/pdf/ciig.pdf

The *Bilski* subject matter patentability standard and the USPTO Guidelines have always had the express acceptance of certain computer-implemented method claims. The USPTO officially accepts computer-implemented method claims, where such claims "clearly convey that [a] computer is programmed to perform the steps of the method."  Specifically, the USPTO accepts that a programmed computer is a "particular machine" under the *Bilski* test—an issue that had expressly been left unresolved by the *Bilski* decision.  The USPTO noted that "electronic data that represents a physical object or substance" can serve as a transformed article under the transformation prong of the *Bilski* test.  However, such data "should be more than an abstract value," and an eligible transformation requires more than mathematical manipulation—transformed data must have a different function or be suitable for a different use.

## III.   APPLICABLE LEGAL STANDARDS

### 1.   Motion to Dismiss

A Rule 12(c) motion for judgment on the pleadings is treated using the same standard as under Fed. R. Civ. P. 12(6). Fed. R. Civ. P. 12(c) motions are decided using the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).  Courts therefore accept as true all well-pleaded factual allegations alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'"  *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178-79 (2d Cir. N.Y. 2013); *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Court therefore accepts as true plaintiff's factual allegations and draws all reasonable inferences in its favor. See *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d

Cir.2010). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true. . .state a claim to relief that is plausible on its face." *Iqbal* at 678 (quoting *Twombly*, 550 U.S. at 555)) (internal quotations omitted).

To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-plead, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See *Id*. at 678. In deciding a motion to dismiss "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *In re Agria Corp. Sec. Litig.,* 672 F. Supp. 2d 520, 528 (S.D.N.Y. 2009).  Furthermore, although the well-plead facts alleged in a complaint are entitled to the presumption of truth, documents attached to a complaint control over contrary pleadings and where an exhibit conflicts with the allegations of a complaint the exhibit controls.

A complaint is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S at 555. The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*  The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

## 2. Satisfying Form 18 Immunizes A Claimant From Attack Regarding The Sufficiency Of The Pleading

A complaint for patent infringement is sufficient if it satisfies Form 18. The Federal Circuit has held that patent cases are special because the Federal Rules of Civil Procedure include a proposed form complaint for patent infringement (Form 18) Form 18 sets forth a sample complaint for direct patent infringement and requires:(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013)("proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading.") Any criticism of defendant regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent. *Id.* 1283 Citing (*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (Any changes to the Federal Rules of Civil Procedure "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."); *see also Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation).)

## 3. Standard For Patentability Under 35 U.S.C. § 101; Statutory Subject Matter Under U.S. Patent Laws

Patent Subject Matter under 35 U.S.C. § 101 sets forth the categories of subject matter that are eligible for patent protection:

> "[w]hoever invents or discovers any new and useful *process, machine, manufacture, or composition of matter,* or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

(emphasis added). In *Bilski,* the Supreme Court explained that "[i]n choosing such expansive terms modified by the comprehensive `any,' Congress plainly contemplated that the patent laws would be given wide scope." *Id.,* 130 S.Ct. at 3225 (quoting *Diamond v. Chakrabarty,* 447 U.S. 303, 308, 100 S.Ct. 2204, 65 L.Ed.2d 144 (1980)). After all, the purpose of the Patent Act is to encourage innovation, and the use of broadly inclusive categories of statutory subject matter ensures that "ingenuity . . . receive[s] a liberal encouragement." *Chakrabarty,* 447 U.S. at 308.

More importantly, as § 101 itself expresses, subject matter eligibility is merely a threshold check; claim patentability ultimately depends on "the conditions and requirements of this title," such as novelty, nonobviousness, and adequate disclosure. 35 U.S.C. § 101; *see Classen Immunotherapies, Inc. v. Biogen IDEC,* 659 F.3d 1057, 1064-65 (Fed.Cir.2011) (pointing out the difference between "the threshold inquiry of patent-eligibility, and the substantive conditions of patentability"). By directing attention to these substantive criteria for patentability, the language of § 101 makes clear that the categories of patent-eligible subject matter are no more than a "coarse eligibility filter." *Research Corp. Techs. v. Microsoft Corp*., 627 F.3d 859, 869, 2010 U.S. App. LEXIS 24984 (Fed. Cir. 2010). In other words, the expansive categories—process, machine, article of manufacture, and composition of matter—are certainly not substitutes for the substantive patentability requirements set forth in § 102, § 103, and § 112 and invoked expressly by § 101 itself. Moreover, Title 35 does not list a single ineligible category, suggesting that any new, nonobvious, and fully disclosed technical advance is eligible for protection, subject to the following limited judicially created exceptions.

In line with the broadly permissive nature of § 101's subject matter eligibility principles, judicial case law has created only three categories of subject matter outside the eligibility bounds of § 101— laws of nature, physical phenomena, and abstract ideas. *Bilski,* 130 S.Ct. at 3225.

Indeed, laws of nature and physical phenomena cannot be invented. Abstractness, however, has presented a different set of interpretive problems, particularly for the § 101 "process" category. Actually, the term "process" has a statutory definition that, again, admits of no express subject matter limitation: a Title 35 "process" is a "process, art or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material." 35 U.S.C. § 100(b). Indeed, the Supreme Court recently examined this definition and found that the ordinary, contemporary, common meaning of "method" may include even methods of doing business. *See Bilski,* 130 S.Ct. at 3228. Accordingly, the Court refused to deem business methods ineligible for patent protection and cautioned against "read[ing] into the patent laws limitations and conditions which the legislature has not expressed." *Id.* at 3226 (quoting *Diamond v. Diehr,* 450 U.S. 175, 182 (1981)). And this court detects no limitations or conditions on subject matter eligibility expressed in statutory language. *See, e.g., Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office,* 653 F.3d 1329, 1348 (Fed.Cir.2011) (patent-ineligible categories of subject matter are "judicially created exceptions"); *Prometheus Labs., Inc. v. Mayo Collaborative Servs.,* 628 F.3d 1347, 1353 (Fed.Cir.2010), *reversed,* 132 S. Ct. 1289 (U.S. 2012)) (patent-ineligible categories are "not compelled by the statutory text"); *see also Bilski,* 130 S.Ct. at 3225 (Supreme Court acknowledging that judge-created "exceptions are not required by the statutory text").

### 4. Defendant's Burden Of Proving Invalidity

Patents are presumed valid. A party asserting invalidity of a patent claim must first interpret the claim and, if that claim interpretation is accepted, show by clear and convincing evidence that the claim, so interpreted, is invalid. *See Bristol-Meyers Squibb Co. v. Ben Venue Labs., Inc.,* 286 F.3d 1368, 1374 (Fed. Cir. 2001); 35 U.S.C. § 282. Accordingly, "the burden of proving invalidity always remains with the party asserting invalidity; the burden never shifts to

the patentee." *Harrington Mfg. Co. v. Powell Mfg. Co.*, 815 F.2d 1478, 1482 (Fed. Cir. 1986).

Thus, Defendant has the burden of proving by clear and convincing evidence that each claim, as

properly construed, fails to meet the standard for patentability set forth in 35 U.S.C. § 101, and

Plaintiff has no such burden as the '073 Patent has the benefit of the presumption of validity.

## IV.    ARGUMENT

### a.    Defendant's Motion To Invalidate Each Claim Of The '073 Patent On A Motion For Judgment On The Pleadings Is Procedurally Improper And Premature.

Defendant's motion for judgment on the pleadings under Fed. R. Civ. P. Rule 12(c) is

premature and procedurally improper. First, the '073 Patent is presumed valid and should not be

invalidated on a motion for judgment on the pleadings, or on a motion to dismiss for failure to

state a claim, where the complaint meets every legal requirement for alleging a claim of direct

patent infringement. Plaintiff's complaint satisfies Form 18 and exceeds these requirements.

(Dkt. 1, ¶13).   Additionally, any determination as to validity first requires the claims to be

construed by this Court.   *Ultramercial* and *CLS Bank* provide that, at this stage, a court must

construe the claims in Plaintiffs favor. *Ultramercial*, 722 F.3d at 1339(adopt the construction

proffered by the patentee); *CLS Bank*, 717 F.3d at 1275 (court had yet to construe the terms of

these claims and the parties agreed, for purposes of the motion, to assume a construction of terms

favorable to patentee).   Accordingly, since the parties have already filed their statement of Joint

Disputed Claims Term Chart under Patent L.R. 11, this Court should adopt Lumen View's

proffered constructions in considering this motion.   Lumen respectfully asks that this Court deny

Defendant's motion.   Likewise, with just a complaint, this Court lacks the evidence, such as the

file history, necessary to construe the claims.

### i. Patent Claims Should Not Be Invalidated On A Motion To Dismiss For Failure To State A Claim.

Defendant's motion asks this Court to invalidate a duly examined and issued '073 Patent for failure to claim patentable subject matter. But Defendant brings this motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. Simply put, patent claims should not be invalidated on a 12(c) motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) states,

> "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. As motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, in order to survive this motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kirkendall*, 707 F.3d at 178-79; *Twombly*, 550 U.S. at 555. Tellingly, Defendant fails to cite a single case where a court has invalidated patent claims on a motion to dismiss for any reason – let alone based on an assertion that the claims are invalid on patentable subject matter.

Applying the proper standard on a Rule 12(c) motion, this Court should not invalidate the claims of the '073 Patent as Defendant requests. This Court must accept as true that the '073 patent is valid and that the pleaded facts are true.  This Court must accept as true that in issuing the '073 Patent the USPTO utilized its own computer-implemented invention examination guidelines.  Moreover, as demonstrated in the complaint of Plaintiff satisfying Form 18, and exceeded these minimums, this Court can accept as true that Lumen has pled every fact necessary to state a cause of action for direct patent infringement, including allegations that Lumen has the exclusive rights to pursue enforcement of the '073 Patent and that Defendant has

infringed the patent. For the foregoing reasons, Plaintiff asks that Defendant's motion for judgment on the pleadings be denied.

### ii. Patent Claims Cannot Be Adjudicated For Compliance With The Patent Eligibility Standard Until These Terms Have Been Construed.

By raising patent eligibility on a Rule 12(c) motion for judgment on the pleadings, Defendant sidesteps a critical step in any section 101 analysis – claim construction. Whether a patent "is invalid for failure to claim statutory subject matter under section 101, is a matter of both claim construction and statutory construction." *State St. Bank & Trust Co. v. Signature Fin. Group*, 149 F.3d 1368, 1370 (Fed. Cir. 1998).  Accordingly, a court must construe patent claims before they can be adjudicated for compliance with the patent eligibility requirement of 35 U.S.C. § 101.

In construing patent claims, "the court starts the decision making process by reviewing the same resources as would [a person of ordinary skill in the field of the invention], *viz.*, the patent specification and the prosecution history." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (citation omitted); *Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005) ("We cannot look at the ordinary meaning of the term . . . in a vacuum. Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history"). Additionally, the court may consider expert and inventor testimony, dictionaries and learned treatises.  *See Phillips*, 415 F.3d at 1317.

Claim construction is not merely an academic exercise; it is critical to any decision on this motion. Without claim construction, Defendant's invalidity arguments must be considered without any definition or clarification of the claims they seek to invalidate. There is no question that Defendant's motion fails on this front.  Defendant makes no claim construction proposals and offers no evidence, other than the patent itself, from which the Court could construe any

claim that Defendant seeks to invalidate.  Moreover, at this stage, this Court must construe the claims in Plaintiffs favor. *Ultramercial*, 722 F.3d at 1339 (adopt the construction proffered by the patentee); *CLS Bank*, 717 F.3d at 1275.

As discussed below, the '073 Patent claims satisfy section 101 as long as at least some limitation ties the recited processes to a "particular machine"; MOT is merely merely a useful tool and Defendant still has the burden of proof that the claim is abstract. *Ultramercial*, 722 F.3d at 1339-40. Also to satisfy the test, claims do not need to specifically recite a named machine or module.  *Id.* at 1339.  Claim 1, and the steps recited in each of the 9 claims of the '073 Patent, sets forth "*in a first computer process,...in a second computer process,... in a third computer process...; and in a fourth computer process*". According to Claim 1, a machine must be specially-programmed for facilitating evaluation, in connection with the procurement or delivery of products or services. The claims of the '073 Patent then satisfy the patentability requirements of section 101 even without claim construction, the claims of the '073 Patent nonetheless satisfy the "machine" prong of *Bilski*.  Defendant cannot argue otherwise as Claim 1 of the '073 Patent expressly recites a "*computer process*" that *a fortiori* is machine-implemented.[8]  This Court will construe the claim terms in the '073 Patent to determine whether any recited step is tied to a specially-programmed computer.

### iii.  Defendant's Personal Belief That Software Should Not Make Patentable --"The Same Mental Process Humans Have Performed For Thousands Of Years Without Computers" -- Is Not The Law.

It is well-settled law that method or process claims satisfy section 101 if the process is tied to a specially-programmed computer. *See In re Alappat*, 33 F.3d 1526, 1545 (Fed. Cir. 1994)

---

[8] Patent claims need not expressly recite a "machine" to satisfy the "machine prong" of the *Bilski* subject matter patentability standard. For example, a patent claim satisfies the *Bilski* "machine" prong so long as a recited step, once properly construed, would require implementation through a specially-programmed computer. *See DealerTrack, Inc. v. Huber*, 2009 U.S. Dist. LEXIS 58125, at *12-13 (C.D. Cal. July 7, 2009).

("We have held that such programming creates a new machine, because a general purpose computer in effect becomes a special purpose computer once it is programmed to perform particular functions pursuant to instructions from program software."); *Gottschalk v. Benson*, 409 U.S. 63, 71 (1972)(noting that section 101 does not preclude "a patent for any program servicing a computer.").  Claim 1 of the '073 Patent expressly recites a "*computer process*" in a computer-implemented method for facilitating evaluation.  Defendant's characterization of the claims as "computer" without "process" is a deliberate, oversimplification of the claims of the '073 Patent. (Dkt. 21 at 2).  Even assuming *arguendo* that Defendant's assertions were true, and clear and convincing proof was of record, such evidence would not serve as a basis for invalidation under section 101, but under section 102 or 103.  Defendant's arguments demonstrate its unfamiliarity with the patent statutes.  As a result, the '073 Patent satisfies section 101 and Defendant's motion should be denied.

### b.      Lumen's Complaint Complies With Form 18, In Fact, It Provides More Factual Detail Than Form 18 Requires

The sample complaint in the Appendix of Forms is relevant because Federal Rule of Civil Procedure 84 states that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.  Form 18 is a threadbare complaint that addresses the following topics: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device or method] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. Form 18 contains only five sentences about the make-up the body of the complaint, reprinted as follows:

1. This action arises under a federal statute, <_____>.

2. On <Date>, United States Letters Patent No. <_____> were issued to the plaintiff for an invention in an <Electric Motor>.  The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <Electric Motors> that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. [If Applicable] The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands: (a) a preliminary and final injunction against the continuing  infringement; (b) an accounting for damages; and (c) interest and costs.

In *Twombly*, the Supreme Court recognized that there may be some conflict between the form complaints and the higher standards suggested by the Court.  In those situations, the Court has been clear that the forms control. Recently, the Federal Circuit held that pleadings fitting within Form 18 cannot be held insufficient to state a claim for patent infringement. *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323 (Fed. Cir. 2012)(plaintiff need not "plead facts establishing that each element of an asserted claim is met" or "even identify which claims it asserts are being infringed").  The Court further held that the Form 18 only applies to allegations of direct infringement and not indirect infringement.  *Id.* at 1335-36. Form 18 does not require that a plaintiff identify an accused device by name, although, Plaintiff identified Defendant's accused device and therefore exceeded the requirements of Form 18.  *K-Tech,* 714 F.3d at 1283.  It is clear that Lumen's pleading exceeds the minimums set forth in Form 18, and Defendant's motion to dismiss should be denied.

### c.       Defendant Does Not Prove By Clear And Convincing Evidence That Any Claims Of The '073 Patent Are Patent-Ineligible Under 35 U.S.C. § 101

Even if this Court determines that it can adjudicate the validity of the 9 claims in the '073 Patent on its motion prior to any claim construction, Defendant fails to carry its burden of proof under the Supreme Court's *Bilski* test.  The claims recite patentable subject matter because the

14

claim language does not preempt the use of any law of nature, natural phenomenon, or abstract idea.  Defendant's motion to dismiss on the pleadings should be denied.

### i. The Claims Of The '073 Patent Do Not Preempt The Use Of Any Fundamental Principle Or Method Of A Computer-Implemented Method For Facilitating Evaluation

Defendant omits "computer process" Claim 1 language of the '073 Patent in its analysis under the *Bilski*'s "machine or transformation" ("MOT") prongs.  Assuming *arguendo* that Defendant provided a correct analysis, *Bilski* overruled the Federal Circuit's adoption of MOT as the only test and U.S. patent law embodies a flexible standard.  The full *Bilski* test requires more: Before considering whether a process is tied to a particular machine or transforms an article, *Bilski* requires a court to consider whether the claimed process is drawn to a "fundamental principle" – *i.e.*, a law of nature, natural phenomenon, or an abstract idea that is in danger of being preempted. *Bilski*, 545 F.3d at 954. In determining whether a claim impermissibly covers a "fundamental principle," courts must look to whether the claim would "pre-empt substantially all uses" of that principle if allowed, or if, instead, the claim is "tailored narrowly enough to encompass only a particular application." *Bilski*, 545 F.3d at 953-54; *Diehr*, 450 U.S. at 187.  If a claimed process would not preempt substantially all uses of a fundamental principle, then it should fall within the scope of patent-eligible subject matter section 101.  This court must ask the question: What fundamental principle is preempted by the 1st, 2nd, 3rd and 4th computer processes in a computer-implemented method for facilitating evaluation expressed in Claim 1 of the '073 Patent?

Here, Defendant provides no argument that the claims of the '073 Patent preempt the use of any fundamental principle.  There are none.  Instead, the recited steps can only take place with a specially-programmed computer that, among other things,

in a first computer process, retrieving first preference data from a first digital storage medium, the first preference data including attribute levels derived from choices made by at least one of the parties in the first class;

in a second computer process, retrieving second preference data from a second digital storage medium, the second preference data including attribute levels derived from choices made by at least one of the counterparties in the second class;

in a third computer process, for a selected party, performing multilateral analyses of the selected party's preference data and the preference data of each of the counterparties, and computing a closeness-of-fit value based thereon; and

in a fourth computer process, using the computed closeness-of-fit values to derive and provide a list matching the selected party and at least one of the counterparties.

This process falls exactly within the scope of software implemented inventions that the Federal Circuit expressly declined to exclude from patentability. *Bilski*, 545 F.3d at 960 n. 23 ("[W]e decline to adopt a broad exclusion over software . . . beyond the exclusion of claims drawn to fundamental principles set forth by the Supreme Court."). Defendant's motion to dismiss on the pleadings should be denied.

### ii.   The '073 Patent Claims Do Not Preempt Any Fundamental Principle

The '073 Patent satisfies does not preempt a fundamental principle as the claims: (1) require a specially-programmed computer, thereby meeting the "machine" prong, and (2) the claims transform to facilitate evaluation of attribute data from two classes of parties, derive a "closeness of fit", and provide a list matching the selected party and at least one of the counterparties, thereby meeting the "transformation" prong.

### 1.   Each Claim Satisfies the *Bilski* "Machine" Prong

Although *Bilski* held that a process is patentable under section 101 if it is "tied to a particular machine," *Bilski* opted to "leave to future case the elaboration of the precise contours of machine implementation, as well as . . . whether or when recitation of a computer suffices to tie a process claim to a particular machine." *Bilski*, 545 F.3d at 962. Prior to *Bilski*, appellate courts held that process claims satisfy section 101 if the process is tied to a specially-

programmed computer. *See In re Alappat*, 33 F.3d 1526, 1545 (Fed. Cir. 1994) ("We have held that such programming creates a new machine, because a general purpose computer in effect becomes a special purpose computer once it is programmed to perform particular functions pursuant to instructions from program software."); *Gottschalk v. Benson*, 409 U.S. 63, 71 (1972)(noting that section 101 does not preclude "a patent for any program servicing a computer.").

The '073 Patent Claim 1 terms "in a [1st, 2nd, 3rd and 4th] computer process" ties to a machine and satisfies *Bilski*.  Specifically, many steps recited in the claims of the '073 Patent require implementation through a specially-programmed computer, for example:

> (1) … in a first computer process, retrieving first preference data from a first digital storage medium,..;
> (2)… in a second computer process, retrieving second preference data from a second digital storage medium,…;
> (3)… in a third computer process, for a selected party, performing multilateral analyses…;
> (4)… computing a closeness-of-fit value based thereon…; and
> (5)… in a fourth computer process, using the computed closeness-of-fit values to derive and provide a list matching.

Under the legally correct construction, each of these steps require a "computer process" implementation through a computer that performs the particular functions pursuant to instructions from program software. *Alappat*, 33 F.3d at 1545. Taken together, as well as with the algorithms disclosed in the '073 Patent, for example, in FIGS. 2, 7-11 (computer display) and Col. 9:30-35,  60 (Equation 1), by which the computer can be programmed to perform the recited steps of the method of facilitating evaluation.  Defendant merely selectively "framed" the '073 Patent Claim 1 language as "'computer-implemented,' 'computer,' and 'digital storage medium'" for its motion before this court, without acknowledging "computer process" as explicitly recited in Claim 1. (Dkt. 21, Mot. at 2).  When "computer process" is considered,

Claim 1 is patentable and meets the MOT prongs of the *Bilski* standard including not being drawn to an abstract idea.

Defendant argues that no machine is necessary for the claimed method and that an individual "person could perform each and every step" of the claimed method. (Mot. at 1). The specification of the '073 Patent does not disclose, nor does it contemplate, that the method of facilitating evaluation could be performed in person, as Defendant suggests. Instead, the only way the specification describes the invention is through a specially-programmed computer. Thus, under the legally correct construction of the claim terms, the recited steps must be interpreted consisted with the requirement of a specially-programmed computer, and not through mere human activity. *See Phillips*, 415 F.3d at 1313 ("[T]he person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."). Even assuming *arguendo* Defendant's arguments to be true, Counsel is not aware of any restrictions on method claims that preclude claiming the activity of a human being as many process claims cover actions performed by human beings, for example, methods for administering pharmaceuticals to patients. Thus, even these "human method" arguments are not a recognizable ground for invalidation under section 101. For these reasons, Plaintiff has pled direct infringement sufficiently and Defendant's motion should be denied.

Finally, the cases cited by Defendant all involve patent claims easily distinguishable from '073 patent claims. This Court need not join the battle of conflicting precedent on section 101 presented by Defendant. The section 101 patent-eligibility inquiry is only a threshold test. *See Bilski*, 130 S. Ct. at 3225. Post-*Bilski* software and computer-implemented methods or processes remain patentable. *See Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323 (Fed. Cir. 2011)("claims a particular method for collecting revenue from the distribution of media products over the

Internet" and, as a process, "falls within a category of patent-eligible subject matter."); *Research Corp. Techs*, 627 F.3d 868-69 ("this court perceives nothing abstract in the subject matter of the processes…. [the claimed] methods (statutory "processes") for rendering a halftone image of a digital image by comparing, pixel by pixel, the digital image against a blue noise mask."). The USPTO and Federal Circuit[9], as a result, continue to recognize that computer-implemented methods fall within a category of patent-eligible subject matter.   Even in a post-*Bilski* world, the claims of the '073 Patent are in the category of patent-eligible subject matter.

The *CLS Bank Int 'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269; 2013 U.S. App. LEXIS 9493 (Fed. Cir. 2012)(*en banc*) is a plurality decision and, therefore, is inapposite and does not support Defendant's position (as well as that this case is frivolous).   *CLS* Bank, in fact, supports patentability of the subject matter of the '073 Patent, and that software generally is patentable subject matter. Technology companies, practitioners, commentators, and district courts all anticipated that the Federal Circuit *en banc* would use the *CLS Bank* case to set forth clear guidance for determining whether, and if so, under what circumstances computer-implemented inventions qualify as patent-eligible subject matter under section 101:

(1) What test the court should adopt to determine whether a computer implemented invention is a patent ineligible 'abstract idea'; and when, if ever, does the presence of a computer in a claim lend patent eligibility to an otherwise ineligible abstract idea?

(2) "In assessing patent eligibility under 35 U.S.C. § 101 of a computer-implemented invention, should it matter whether the invention is claimed as a method, system, or storage medium ….?

Unfortunately, far from providing clear guidance, the Federal Court issued six separate opinions spanning more than 125 pages.   While *Alice's* patent claims were held un-patentable as an abstract idea, no single opinion reaching that conclusion commanded a majority, and the Court

---

[9] The USPTO specifically refused to change their examination policies under 35 U.S.C. § 101 after *CLS Bank v. Alice*.  Even the PTO recognized that it was a plurality opinion and holds no weight.

split 5-5 with respect to Alice's claims to computer system inventions, leaving in place the district court's decision.

At summary judgment, the district court held that all four of Alice's asserted patents are invalid because they are directed to "abstract ideas," and therefore not subject-matter eligible under 35 U.S.C. § 101. On appeal, a Federal Circuit panel reversed. *CLS Bank Int 'l v. Alice Corp. Pty. Ltd.,* 685 F.3d 1341, 2012 U.S. App. LEXIS 13973 (Fed. Cir. 2012) (vacated by *en banc* order). Reasoning that *Alice's* claims are limited to a particular way of performing an exchange using computer technology in which the computer plays a significant part in allowing the invention to be practiced, the panel majority distinguished other recent cases in which the Federal Circuit had invalidated claims to business methods performed on a computer system. *Id.* at 1351. Judge Prost dissented, arguing that all of *Alice's* claims, including claims to computer systems, claim nothing more than abstract ideas. The Federal Circuit thereafter granted *CLS Bank's* petition for rehearing *en banc,* for the purpose of resolving the two questions (quoted above) that the Court identified as critical to determining patent eligibility. More than 40 organizations and individuals participated as *amici curiae* at the *en banc* stage, underscoring the importance of those issues. As noted, however, those questions remain unanswered.

The patent-in-suit is one patent in a larger portfolio that continues to be evaluated by the USPTO under its Examination Guidelines for Computer-Implemented Inventions that implement the Supreme Court *Bilski* standards.  This court must presume as true that the USPTO issued the '073 Patent properly and properly  utilized such guidelines.  In fact, the USPTO continues to issue related patents in the portfolio, *e.g.* new claims in the related U.S. Patent No. 8,170,898. While somewhat anecdotal, Defendant's position is a stretch. This Court must accept as true that the USPTO continues to view this invention as patentable subject matter in view of *Bilski* and the USPTO computer related guidelines.  As a result, Defendant's motion should be denied.

### 2.   Each Claim Satisfies the *Bilski* "Transformation" Prong

Method or process claims satisfy the *Bilski* transformation prong where the claimed process involves "any physical object or substance, or an electronic signal representative of any physical object or structure" and changes an article "into a different state or thing." *Bilski*, 545 F.3d at 961, 964. The Federal Circuit has explained that transformation of a particular article into a different state or thing "must be central to the purpose of the claimed process." *Id* at 962. Here, the claims of the '073 Patent satisfy the transformation prong.

First, the claims of the '073 Patent are directed to physical objects or representations of representative of physical objects or substances. Specifically, each claim requires "attributes" and "computed closeness-of-fit values to derive and provide a list matching the selected party and at least one of the counterparties." Claim 1, '073 Patent.  And where the list, preference data and/or attributes are displayed, such as in FIGS. 7-11, the display signals are necessarily representations of the physical object or substance. *See Cybersource*, 620 F. Supp. 2d at 1075. ("As long as the claim is 'limited to a visual depiction that represents specific physical objects or substances,' there is no concern that a fundamental principle will be wholly preempted.") (quoting *In re Abele*, 684 F.2d 902 (C.C.P.A. 1982)).  Second, the Claim 1 method the claimed processes necessarily requires a "transformation" to a list of the preference data and/or attributes of a selected party and counterparty after deriving a "closeness of fit", thereby meeting the "transformation" prong.

### 3. "Machine" Or "Transformation" Not Sole Test For A Patentable 'Process; Patent Eligibility Ultimately Focuses On Whether The Claim Recites A "Process" And Not A "Principle."

Aside from the reasons set forth above, patent-eligible subject matter extends to software and processes, even if the claims somehow do not satisfy either prong of the "machine or transformation" prong. The Supreme Court stressed a flexible standard of 101 able to adapt to changing technologies, rejecting the "machine or transformation" test as the sole test for patent eligibility.  Furthermore, the Supreme Court confirmed that business methods fall within the scope of patentable "processes" under 35 U.S.C. § 101. Finally, the Supreme Court held that business methods satisfy the eligibility requirements of § 101, as long as they do not categorically preempt an abstract idea, law of nature, or mathematical formula.  Simply put, each claim in the '073 Patent recites a "process" within the scope of § 101, not a principle. Nor do claims preempt any "abstract idea, law of nature, or mathematical formula." *Bilski*, 130 S. Ct. at 3230-231

At the outset, the Supreme Court cautioned that courts "should not read into the patent laws limitations and conditions which the legislature has not expressed." *Bilski*, 130 S. Ct. at 3226  (quoting *Diehr*, 450 U.S. at 182)). Accordingly, the Patent Act's express allowance for patents on "processes," subject only to the established exceptions for "laws of nature, physical phenomena, and abstract ideas," control the determination of patent eligibility. *Id.* at 3226-227. Applying this principle of statutory construction, the Supreme Court held that the Federal Circuit had erred in adopting the "machine or transformation test as the sole test for what constitutes a patentable "process." *Id.*  While the "machine or transformation" prongs can serve as a "useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101," it is "not the sole test for deciding whether an invention is a patent-eligible 'process.'" *Id.* at  3227. Indeed, the Supreme Court pointed to the fact that the Patent Act

"explicitly contemplates the existence of at least some business method patents." *Id.* at 3228-229, 3231 (citing 35 U.S.C. § 273(b)(1)). Rather, the Supreme Court confirmed that eligibility of methods for patenting under § 101 could be determined by the definition of "process" contained in 35 U.S.C. § 100(b), together with guidance from the Supreme Court's prior decisions in *Benson*, *Flook* and *Diehr*.[10] In sum, the question of patent eligibility ultimately focuses on whether the claim recites a "process" and not a "principle." *Flook*, 437 U.S. at 456.

The claims of the '073 Patent meet both machine or transformation prongs as set forth above. Satisfaction of either prong confirms patent eligibility under 35 U.S.C. § 101. For this reason alone, Defendant's motion must be denied. But even if claims in Plaintiff's patent do not satisfy either prong of a machine or transformation test (which they do), the recited methods still meet the patent-eligibility requirement of § 101 because they claim processes, not principles, and they do not preempt any abstract idea, law of nature, or mathematical formula.

Each claim of the '073 Patent is directed to specially-programmed computer that, among other things, (1) in a first computer process, retrieving first preference data from a first digital storage medium, the first preference data including attribute levels derived from choices made by at least one of the parties in the first class; (2) in a second computer process, retrieving second preference data from a second digital storage medium, the second preference data including attribute levels derived from choices made by at least one of the counterparties in the second class; (3) in a third computer process, for a selected party, performing multilateral analyses of the selected party's preference data and the preference data of each of the counterparties, and computing a closeness-of-fit value based thereon; and (4) in a fourth computer process, using the computed closeness-of-fit values to derive and provide a list matching the selected party and at

---

[10] *Gottschalk v. Benson*, 409 U.S. 63 (1972), *Parker v. Flook*, 437 U.S. 584 (1978); *Diamond v. Diehr*, 450 U.S. 175 (1981).

least one of the counterparties. These process steps easily fit within the definition of "process" under 35 U.S.C. § 100(b), and none involves an abstraction or law of nature or mathematical formula.   In other words, the '073 Patent's claimed method is not a fundamental or abstract principle that is, by definition, owned by mankind.   Thus, Defendant's motion must be denied.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff asks that Defendant's motion for judgment on the pleadings be denied and so that this matter may proceed on the merits as Plaintiffs are entitled to discovery and trial as a matter of law.

Dated:  October 11, 2013                    AETON LAW PARTNERS LLC

*/s/ Damian Wasserbauer*
Damian Wasserbauer (DW3507)
    damian@aetonlaw.com
101 Centerpoint Drive
Middletown, Connecticut 06457
Telephone:  (860) 724-2160

*Attorney for Plaintiff*
*Lumen View Technologies LLC*

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2013, I electronically filed the above and LUMEN VIEW TECHNOLOGY LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Damian Wasserbauer*
Damian Wasserbauer (DW3507)