**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LUMEN VIEW TECHNOLOGY LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:13-cv-03599-DLC |
| | : | |
| FINDTHEBEST.COM, INC. | : | October 22, 2013 |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF LUMEN VIEW TECHNOLOGY LLC'S
MOTION FOR PROTECTIVE ORDER REGARDING SETTLEMENT INFORMATION**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................................... 3
**INTRODUCTION** ........................................................................................................................ 1
**FACTUAL BACKGROUND** ..................................................................................................... 1
**ARGUMENT** ............................................................................................................................... 5
   **I.   LEGAL STANDARD** ....................................................................................................... 5
   **II.   GOOD CAUSE EXISTS FOR THIS COURT TO GRANT A PROTECTIVE ORDER TO SAFEGUARD CONFIDENTIAL SETTLEMENT INFORMATION UNDER RULE 408** ............ 6
      **A.   No First Amendment Rights Are Unjustly Limited** ................................................ 8
**CONCLUSION** ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

### Cases

*Chinese Auto. Distribs. of Am., LLC v. Bricklin*, 2009 U.S. Dist. LEXIS 2647 (S.D.N.Y. 2009) .............. 10

*Dorsett v. County of Nassau*, 2012 U.S. Dist. LEXIS 168073 (E.D.N.Y. 2012) .......................... 9

*EEOC v. Sterling Jewelers, Inc.*, 2011 U.S. Dist. LEXIS 67318 (W.D.N.Y. 2011) .................... 6

*Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*, 2011 U.S. Dist. LEXIS 97703 (S.D.N.Y. 2011) 7

*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) ....................................................... 6

*Kitrosser v. Cit Group/Factoring, Inc.*, 1996 U.S. Dist. LEXIS 22256 (S.D.N.Y. 1996) ............................ 7

*Koster v. Chase Manhattan Bank*, 1982 U.S. Dist. LEXIS 10865 (S.D.N.Y. 1982) ..................................... 8

*Mazzocchi v. Windsor Owners Corp.*, 2012 U.S. Dist. LEXIS 112479 (S.D.N.Y. 2012) ............................ 6

*Mitchell v. Lyons Prof'l Servs.*, 708 F.3d 463 (2d Cir. N.Y. 2013) ................................................................ 5

*Quint v. Freda*, 1999 U.S. Dist. LEXIS 1399 (S.D.N.Y. 1999) .................................................................... 5

*Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345 (2d Cir. 2009) ....................................... 7

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ................................................................ 6

*Trebor Sportswear Co., Inc. v. Ltd. Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989) ............................................. 6

### Statutes

Fed. R. Civ. P.

Rule 26(c) ................................................................................................................................... 1, 5

Fed. R. Evid.

Rule 408 ................................................................................................................................. 1, 6, 7

## INTRODUCTION

Plaintiff Lumen View ("Lumen View") moves for an order to protect the further dissemination of its confidential settlement information which was provided to ("FTB") and its counsel, Joseph Leventhal. By and through its attorney, Lumen View respectfully submits this memorandum of law in support of its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## FACTUAL BACKGROUND

FTB and its counsel have inappropriately used discussions of settlement and/or "offers of compromise" in violation of Federal Rule of Evidence 408. Prior to representing FTB, Counsel Leventhal represented three other parties in suit in connection with infringement of the United States Patent No. 8,069,073 (the "'073 Patent") (the "Adicio Defendants"). As part of his representation of the Adicio Defendants, Counsel Leventhal engaged in settlement discussions on their behalf with counsel for Lumen View, where both counsel agreed that settlement discussions and negotiations would be confidential, as memorialized and agreed to in three separate 408 Letters[1] (the "Adicio Defendants 408 Letter"). *See, e.g.*, Exhibit A, Affidavit of D. Wasserbauer at ¶¶4, 5("Affidavit Wasserbauer"). Counsel Leventhal signed each of the Adicio Defendants 408 Letter.

Shortly after first being retained by FTB, Counsel Leventhal and counsel for Lumen View, Damian Wasserbauer, had a telephone conversation on June 25, 2013 (the "Introductory FTB Call"). *Id.* at ¶8. During the Introductory FTB Call, Counsel Leventhal stated that he was interested in engaging in settlement discussions on behalf of his recently retained client, FTB.

---

[1] A "408 Letter" is in reference to Federal Rule of Evidence 408, which protects confidential settlement discussions or other offers to compromise. *Fed. R. Evid*. 408; *see* infra section II.

1

Mr. Wasserbauer indicated to Counsel Leventhal during the Introductory FTB Call[2] that he had "not presented an offer of compromise to your client FTB and would like to." *See Id.* at ¶¶6 and 7. Counsel Leventhal verbally agreed that: (1) Defendant FTB was agreeable to signing a 408 letter similar to the Adicio Defendants 408 Letter; and (2) he would keep confidential a verbal "offer of compromise" presented by Lumen View. *Id.* at ¶9(d). A verbal settlement offer was communicated to Counsel Leventhal for FTB under the assumption that Counsel Leventhal and his client would thus maintain it in confidence. *Id.* at ¶9(e) Had Counsel Leventhal stated that an offer of compromise would not be maintained in confidence, no offer would have been made.

In reliance on Counsel Leventhal's verbal assurance, Mr. Wasserbauer followed up the Introductory FTB Call by providing Counsel Leventhal with a draft 408 Letter for FTB ("FTB 408 Letter") and a draft license agreement containing the header "**FRE 408 - Confidential**" and further watermarked "**Confidential**". *Id.* at ¶¶9(e) and 9(f) The license agreement contained the amount of the settlement offer that had been verbally communicated to Counsel Leventhal during the Introductory FTB Call. *Id.* at ¶9(f), Attachment D. The FTB 408 Letter was also materially identical to the Adicio Defendants 408 Letter; it expressly stated that any settlement negotiations would be held confidential between the parties and that no party or its representatives would use the documents or information for any purpose other than in connection with settlement negotiations. Counsel Leventhal verbally communicated to Mr. Wasserbauer that pending execution of the FTB 408 Letter, all discussions regarding settlement and offers to compromise would be held in confidence.

---

[2] Mr. Wasserbauer identified on the call with Counsel Leventhal the fact that: (1) FTB had just retained Counsel Leventhal and FTB had not signed a 408 Letter; and (2) the fact that Counsel Leventhal had signed three 408 Letters on behalf of each of the defendants in the related case *Lumen View Technologies LLC v. Adicio et al.* 1:13cv03386-DLC. Affidavit Wasserbauer, ¶¶9(a) and 9(b).

At no point following receipt of the FTB 408 Letter did Counsel Leventhal communicate to Mr. Wasserbauer: (i) that his client was no longer interested in settlement, (ii) that he would not be executing the FTB 408 Letter or (iii) he or his client would no longer maintain the previous offers of compromise in confidence. *See Id.* at ¶15.

Based on the verbal assurance by Counsel Leventhal to maintain such communications as confidential, Mr. Wasserbauer engaged in what he thought to be confidential settlement discussions with Counsel Leventhal related to this instant case. However, before the FTB 408 Letter was returned (but after settlement discussions had already taken place), Counsel Leventhal shared the information (Mr. Wasserbauer had provided) to Kevin O'Connor, FTB's CEO, who then began blogging details of the settlement discussions and providing same to the media. *See Id.* at ¶¶10, 11 and 12. Shortly thereafter, FTB and Counsel Leventhal filed the RICO Complaint, which also included the same information related to those settlement discussions.

It is Lumen View's position that privileged communications between Lumen View and FTB have been knowingly and recklessly misrepresented by FTB and Counsel Leventhal in the RICO Complaint and by Mr. O'Connor, to the media. *See Id.* at ¶¶10-12. In an effort to taint the public's perception of this case and to paint Lumen View in a negative light, both Mr. O'Connor and Counsel Leventhal disclosed and manipulated confidential information that should not have been revealed. *Id.* at ¶13. Worse still, this information was used by FTB to base a retaliatory and frivolous RICO lawsuit as a bargaining position, and make a case to potential jurors in direct violation of Federal Rule of Evidence 408. For example:

- The RICO Complaint details the settlement discussions that were had between FTB and Lumen View after FTB and counsel led Mr. Wasserbauer to believe that they were engaging in confidential settlement discussions. Pl.'s Compl. ¶¶ 37,

42-47, 53, 54, 67, 68, Docket No. 1:13-cv-06521-DLC. This information is used in the RICO Complaint in an attempt to prove FTB's allegations, namely that the RICO defendants engaged in a licensing fee extortion scheme in violation of RICO.

- The RICO Complaint also references other settlement agreements between Lumen View and other entities. Pl.'s Compl. ¶¶ 3, 5, 12, 17, 36, 37, Docket No. 1:13-cv-06521-DLC. This information is used in the RICO Complaint in an attempt to prove FTB's allegations, namely that Lumen View engaged in a licensing fee extortion scheme in violation of RICO.

- FTB publicly released information of specific settlement amounts discussed between FTB and Lumen View and direct portions copied from the Settlement Letter. Wasserbauer Affidavit, Ex. G, Joe Mullin, "Angry Entrepreneur Replies to Patent Troll With Racketeering Lawsuit," Arstechnica.com, <u>available at</u> http://arstechnica.com/tech-policy/2013/09/angry-entrepreneur-replies-to-patent-troll-with-racketeering-lawsuit/ (last accessed October 3, 2013). *See* Wasserbauer Affidavit, ¶13.

- Mr. O'Connor's personal blog posts and the accompanying comments disseminating information told to FTB and counsel by Mr. Wasserbauer in the course of settlement discussions:
  - "Damian Wasserbauer, from Aeton Law Partners told us Eileen Shapiro was one of several owners of Lumen View Technology which is the firm suing us. Eileen Shapiro and Steven J Mintz were co-inventors. We are still trying to reach Mintz to verify his involvement."

- o "Damian Wasserbauer, the lawyer handling the suit, said she has an economic interest in Lumen View Technology LLC who was assigned the patent." *See* Kevin O'Connor, "How to Slaughter A Patent Troll in Five Steps," available at http://pandodaily.com/2013/07/26/how-to-slaughter-a-patent-troll-in-5-steps/ (last accessed October 3, 2013).

This Court possesses the inherent power and authority to ensure the orderly progress of matters in this Court and to regulate the conduct of litigation. *Mitchell v. Lyons Prof'l Servs.*, 708 F.3d 463 (2d Cir. N.Y. 2013). Accordingly, Lumen View respectfully seeks a protective order to prevent further disclosure of its protected material into the public domain.

## ARGUMENT

### I.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), any party or person from whom discovery is sought may move for a protective order in the Court where the action is pending. Fed. R. Civ. Pro. 26(c). Upon a showing of good cause by the party seeking the relief, Rule 26(c) permits a district court to make any order which justice requires protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Quint v. Freda*, 1999 U.S. Dist. LEXIS 1399 (S.D.N.Y. 1999) (Cote, J.).

This Court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *Mazzocchi v. Windsor Owners Corp.*, 2012 U.S. Dist. LEXIS 112479 (S.D.N.Y. 2012), citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). It is the moving party's burden to show that good cause exists for issuance of their requested orders. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). In cases of unusual scope and complexity, this Court may grant "broad protection during the pretrial stages of litigation," even

without a highly particularized finding of good cause. *EEOC v. Sterling Jewelers, Inc.*, 2011 U.S. Dist. LEXIS 67318 (W.D.N.Y. 2011). As discussed below, ample good cause exists for this court to grant Lumen Views Motion for Protection Order as to dissemination of confidential settlement discussions.

II. **GOOD CAUSE EXISTS FOR THIS COURT TO GRANT A PROTECTIVE ORDER TO SAFEGUARD CONFIDENTIAL SETTLEMENT INFORMATION UNDER RULE 408**

"In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Federal Rule of Evidence 408 bars the admission of most evidence of offers of compromise and settlement." *Trebor Sportswear Co., Inc. v. Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989). The Rule provides in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. . . .

Fed. R. Evid. 408. It is "a fundamental rule . . . which essentially forbids a court from basing adverse findings on a party's concessions in settlement negotiations." *Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*, 2011 U.S. Dist. LEXIS 97703 (S.D.N.Y. 2011) (Cote, J.) (precluding use of settlement emails to prove validity of Plaintiffs claim), citing *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345, 351 (2d Cir. 2009).[3]

Attorney Leventhal and Attorney Wasserbauer had numerous confidential discussions prior to the instant litigation. Wasserbauer Affidavit ¶5, Attachment D. This is documented with

---

[3] "Although Federal Rule of Civil Procedure 68 allows the use of settlement offers to secure an award of costs unnecessarily incurred, the procedure of Rule 68 was never invoked in this case and would not be applicable, since it is available only to a party defending against a claim." *Kitrosser v. Cit Group/Factoring, Inc.*, 1996 U.S. Dist. LEXIS 22256, *48-49 (S.D.N.Y. 1996).

6

the Adicio Defendants, where Counsel Leventhal individually represented multiple parties who agreed to be bound by the Adicio Defendants 408 Letter. At the outset of Mr. Leventhal's individual representation of FTB, Mr. Wasserbauer expressly asked whether FTB would be interested in entering into a similar agreement. *Id.* at ¶ 9(c). On behalf of FTB, Counsel Leventhal verbally agreed, and the FTB 408 Letter was sent. *Id.* at ¶ 9(d). Counsel Leventhal requested the verbal offer of compromise to take back to his client rather than have two separate conversations. Counsel Wasserbauer requested an agreement of confidentiality in exchange for the "offer of compromise" and he expressly received such agreement from Counsel Leventhal. *Id.* Despite his verbal agreement, Counsel Leventhal never signed or returned the FTB 408 Letter, nor did he ever indicate that his position on entering into settlement discussions had changed. *Id*. at ¶15.

By Counsel Leventhal's design, Mr. Wasserbauer was engaging in what he believed were confidential settlement discussions based on the: (i) verbal representation of Counsel Leventhal and (ii) prior history between counsel. However, it is clear now that FTB and Counsel Leventhal intentionally manipulated the situation in order to gain a litigation advantage and release information to the media to show Lumen View and the RICO defendants in a negative and biased light as well as use it as the basis for its retaliatory RICO Complaint.

FTB and Counsel Leventhal deliberately released confidential settlement information relating to the instant case, causing direct harm to Lumen View. The release and manipulation of this confidential information was designed to gain media attention for FTB and its CEO, Mr. Kevin O'Connor and taint the public view of Lumen View and any future jury pool. Such action directly violates the founding principle of Rule 408 of encouraging these types of discussions.

Lumen View requests that this Court order a Protective Order to prohibit further dissemination of its confidential materials protected by Rule 408.

### A. No First Amendment Rights Are Unjustly Limited

Lumen View does not dispute that this Court has previously held "litigants and their lawyers have a First Amendment interest in disseminating information procured through discovery." *Koster v. Chase Manhattan Bank*, 1982 U.S. Dist. LEXIS 10865, *12 (S.D.N.Y. 1982) (citations omitted). What Lumen View takes issue with is the campaign of harassment, ridicule and embarrassment waged by FTB and Mr. O'Connor, spreading confidential information under the guise of the First Amendment: FTB is attempting to hide under its protections in order to continue this publicity stunt. A Protective Order prohibiting FTB from disseminating confidential settlement information is not a restraint on FTB's First Amendment rights if appropriately tailored. Where "a protective order (1) is entered on a showing of good cause as required by Rule 26(c), (2) is limited to the context of pretrial civil discovery, and (3) does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Dorsett v. County of Nassau*, 2012 U.S. Dist. LEXIS 168073, *67 (E.D.N.Y. 2012) (granting protective order).

All three requirements are met in the instant case, and therefore, a Protective Order would not offend the First Amendment. FTB, its representatives and Counsel Leventhal engaged in a scheme to mislead Lumen View's counsel in order to gain information under the guise of settlement, and then revealed that information in a very public way to numerous media outlets. As such, Lumen View respectfully requests this Court to prohibit FTB and Counsel Leventhal from further communicating with representatives of the media regarding confidential settlement information, or posting such information on social media sites. Furthermore, Lumen View

requests this Court to require FTB and counsel to take necessary steps to remove from the internet its prior media disclosures, blog posts or press releases that disseminate this protected information.

The rule of confidentiality is designed not only to protect the client, but to prevent adverse use of confidential information obtained, such as "knowing what to ask for in discovery, which witnesses to seek to depose, what questions to ask them, what lines of attack to abandon and what lines to pursue, what settlements to accept and what offers to reject, and innumerable other uses." *Chinese Auto. Distribs. of Am., LLC v. Bricklin*, 2009 U.S. Dist. LEXIS 2647, *7 (S.D.N.Y. 2009).

It is undisputed that Counsel Leventhal had previously entered into binding confidentiality agreements on behalf of the Adicio Defendants. Affidavit Wasserbauer at ¶5. When Counsel Leventhal and Mr. Wasserbauer discussed whether FTB would also be interested in entering into settlement discussions, Counsel Leventhal verbally agreed. *Id.* at ¶9(d). Had he not provided an assurance of confidentiality to Mr. Wasserbauer, Lumen View would never have made an offer of compromise nor provided a draft license agreement for Counsel Leventhal's review. Prior to returning the signed FTB 408 Letter, FTB's CEO then began a retaliatory media campaign against Lumen View and the inventors of the '703 Patent and the RICO litigation was filed. Counsel Leventhal purposefully misled Mr. Wasserbauer and further misused and manipulated Lumen View's information in an attempt to attack the defendants in the RICO Complaint. Lumen View's confidential settlement information was disseminated in violation of Rule 408. Not only were Counsel Leventhal's actions deceitful, resulting in undue burden and harm to Lumen View, they were intentionally prejudicial to the administration of justice.

# CONCLUSION

For the foregoing reasons, Lumen View respectfully requests that the Court grant its Motion for a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure to protect Lumen View's confidential information and (1) prohibiting FTB and its attorney from further communicating with representatives of the media regarding confidential settlement information, or posting such information on social media, (2) require FTB and counsel to take necessary steps to remove from the internet its prior media disclosures, blog posts or press releases that disseminate this protected information, and (3) to grant any other such relief as this Court deems just and proper.

Dated: October 22, 2013    AETON LAW PARTNERS LLP

/s/ Damian Wasserbauer
Damian Wasserbauer (DW3507)
damian@aetonlaw.com
101 Centerpoint Drive, Suite 105
Middletown, CT 06457
Telephone: (860) 724-2160

*Counsel for Lumen View Technology LLC*

**CERTIFICATION OF SERVICE**

This is to certify that on October 22, 2013, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF LUMEN VIEW TECHNOLOGY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING SETTLEMENT INFORMATION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Damian Wasserbauer
Damian Wasserbauer (DW3507)