**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LUMEN VIEW TECHNOLOGY LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:13-cv-03599-DLC |
| | : | |
| FINDTHEBEST.COM, INC. | : | |
| | : | |
| | : | |
| Defendants. | : | |

_____

**AFFIDAVIT OF DAMIAN WASSERBAUER**

I, Damian Wasserbauer, Attorney, do hereby depose and say:

1. I am over the age of 18 and believe in the obligations of the oath.

2. I am counsel for Plaintiff in the above-referenced case.

3. As counsel I have been involved in settlement discussions with Joseph Leventhal from the start of this Case No. 1:13-cv-3599-DLC and Case No. 1:13-cv-3386.

4. I had a telephone call with Joseph Leventhal about the Adicio Defendants on June 7, 2013 in Case No. 1:13-cv-3386. Joseph Leventhal verbally agreed to confidentiality of the discussion. I then provided a verbal "offer of compromise" on the call. I followed up immediately with the following:

    a. Three written 408 letters to the Adicio et al. defendants – Adicio, Inc., Penton Media Publishers, Inc. and Advanced Media Publishing; and

    b. A draft license agreement marked "***FRE 408 Confidential***" with a "***Confidential***" Watermark.

5. Attached hereto as <u>Attachment A</u> is a true and accurate copy of the eight page document comprising a two-page email and six pages of three 408 Letter's for the Adicio Defendants (each executed by Joseph Leventhal) filed as an exhibit to this Affidavit and the MEMORANDUM OF LAW IN SUPPORT OF LUMEN VIEW TECHNOLOGY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING SETTLEMENT INFORMATION ("MEMORANDUM PROTECTIVE ORDER").

6. On June 19, 2013, I had an approximately 30 minute telephone call with Findthebest.com's Director of Business Operations, Mr. Danny Siegle. During this call I answered certain of his questions but declined to answer specific patent infringement questions, recommending that FTB obtain legal advice in connection with the suit. At no time did I provide an offer of compromise or any other settlement terms on this call to FTB.

7. Joseph Leventhal was subsequently retained by FTB and requested a conference and extension of time. I informed Joseph Leventhal that I had a discussion with Mr. Siegle and that I had not provided an offer of compromise to FTB.

   a. Attached hereto as <u>Attachment B</u> is a true and accurate copy of the two page document comprising an email between the undersigned and Counsel Joseph Leventhal.

8. On June 25, 2013, I had another telephone call with Joseph Leventhal.

   a. Attached hereto as <u>Attachment C</u> is a true and accurate copy of the one page document comprising an accepted meeting request for Counsel Leventhal.

9. On the call of June 25, 2013, I discussed the issue of confidentiality of Lumen View Technologies LLC "offer to compromise." Specifically:

a. I identified to Joseph Leventhal the fact that FTB had just retained him and it had not yet signed a 408 Letter.

b. I identified the fact that Joseph Leventhal signed a 408 Letter on behalf of each of the defendants in the related case *Lumen View Technologies LLC v. Adicio et al.* 1:13cv03386-DLC.

c. I asked Joseph Leventhal if FTB was agreeable to signing the same form of the 408 letter. Joseph Leventhal responded "Yes" and stated "send me the letter."

d. I stated that although a 408 Letter for FTB had not yet been signed I was willing to provide an "offer of compromise" for the purposes of the call if the "offer of compromise" was kept confidential. I asked Joseph Leventhal if he would keep confidential the "offer of compromise." Counsel Leventhal expressly stated "Yes." I informed Joseph Leventhal that the offer was conditional and would only be acceptable to Lumen View prior to FTB filing an Answer.

e. I then transmitted the offer of compromise to Counsel Leventhal for FTB under the condition of confidentiality. I provided a license agreement to Joseph Leventhal with the header "***FRE 408 - Confidential***" and further watermarked the license agreement "***Confidential***". The license agreement contained the amount of the "offer of compromise."

f. Attached hereto as <u>Attachment D</u> is a true and accurate copy of the ten page document comprising the email transmittal, the FTB 408 Letter, an acknowledgment receipt of the downloading event of the documents by Joseph Leventhal 6/26/2013 at 17:46 EDT, and the first page of a redacted License

Agreement comprising an offer of compromise and clearly Marked "***Confidential***" and "***FRE 408 – Confidential***."

10. Days after the June 25, 2013 call, I learned that Mr. Kevin O'Connor, CEO for FTB, had begun disseminating information concerning the confidential offers of compromise to the media. Further, I learned that Mr. O'Connor had begun sending threatening emails and leaving harassing voicemails on the inventors' home and mobile answering machines. Furthermore, Mr. O'Connor had begun demanding information from the inventors regarding their alleged involvement in this case and the infringement by FTB of the '073 Patent.

11. Further, I learned that Mr. O'Connor has taken it upon himself to make numerous attempts to publicly shame, humiliate and intimidate the inventors, and attempted to incite others to do the same, by making multiple online postings and authoring public web blogs that identified the inventors and provided personal information of such individuals, including home addresses, email addresses and telephone numbers.

12. On or about July 18, 2013, I contacted Joseph Leventhal and brought Mr. O'Connor's harassing conduct to his attention. I put him on notice that the inventors did not want to be contacted by Mr. O'Connor, that his comments and behavior were deemed by the inventors to be intimidating and threatening, and that Mr. O'Connor should apologize for his conduct. I further informed Mr. Leventhal that as the CEO of FTB, Mr. O'Connor's conduct potentially violated criminal harassment laws and that by requesting information of the inventors FTB was engaging in discovery in violation of the Initial Pre-trial Conference. I further informed Joseph Leventhal that Lumen View's previous

conditional offer of compromise had been withdrawn given that FTB had filed its Answer.

13. In response to my statements, Joseph Leventhal then attempted to combine Lumen View's previous "offer of compromise" with my statements regarding Mr. O'Connor's harassing behavior – in my opinion, that was a blatant attempt to mischaracterize Lumen View's previous settlement offer as an offer to settle in exchange for not reporting Mr. O'Connor's activities to the authorities.

14. To correct Joseph Leventhal, I sent multiple written communications to him expressly articulating that Lumen View was not exchanging an offer to settle to lieu of contacting the authorities and that given FTB's decision to move forward with the litigation and to compensate Lumen View for engaging in additional legal time, its offer had increased. Further, given the recent public posturing by Mr. O'Connor, it appeared that FTB was becoming less inclined to settle; therefore, I conditioned the latest offer as expiring on COB July 18, 2013.

   a. Attached hereto as <u>Attachment E</u> is a true and accurate copy true and accurate copy of the four page document comprising the email exchanges between the undersigned and Joseph Leventhal.

15. To date, at no point following his receipt of the FTB 408 Letter on June 25, 2013 did Joseph Leventhal ever communicate to me, either in writing or verbally, that FTB was no longer interested in settlement nor that he would not be executing the FTB 408 Letter. Furthermore, since the July 18, 2013 communications, Lumen View and FTB have not exchanged any offers to compromise.

I declare under penalty of perjury that the statements herein are true or if made upon information and belief are believed to be true upon reasonable investigation.

Dated: October 22, 2013

Damian Wasserbauer

STATE OF CONNECTICUT:

: ss  Middletown

County of Middlesex  :

Personally appeared the above-named, Damian Wasserbauer, and signed and made oath to the foregoing Affidavit, before me.

Date: Oct. 22, 2013

Notary Public

ALLISON MARGARET VALONIS
Notary Public, State of Connecticut
My Commission Expires August 31, 2017