# ATTACHMENT E

-----Original Message-----
From: Damian Wasserbauer
Sent: Thursday, July 18, 2013 5:53 PM
To: Joe Leventhal
Subject: RE: FindTheBest

Joe,

Judge Cote stated discovery would not start until after Initial Disclosures.  Your CEO started discovery of an inventor prior to the date of Initial Disclosures  stated in the IPC order.  You can repeat your "I don't recall" statement to Judge Cote as she responded "yes and that is normally the way it happens as there are things in the Initial Disclosures that may change discovery" to my question.  Does that refresh your recollection?

We are investigating the conduct and will send a letter to the Judge.

Seems your CEO hates "trolls" and made statements to that effect as well as multiple harassing phone calls to Eileen Shapiro an inventor of the patent.  The calls jumped the discovery timetable in this case as ordered.  If "trolls" is a derogatory term as ruled by the 9th Circuit, might not those statements as well as his conduct and statements qualify under the criminal statute? The calls may be criminal conduct as harassing.  Pair that with your CEO's conduct.

It may be a stretch, it may not, hate crimes take many forms.  We will let the investigation determine that as your CEO created fearful impression in Eileen Shapiro.

What do you suggest that we do?  Ignore this conduct?

Kind regards,

Damian Wasserbauer   |   Of Counsel
Aeton Law Partners LLP   |   P: 860.724.2170   |   F: 860.724.2161   |   M: 202.507.1776
101 Centerpoint Drive, Middletown, CT 06457   |   aetonlaw.com IMPORTANT NOTICE: This communication and any attachment: (A) is private/confidential; (B) is intended only for the named recipient(s); and (C) may be subject to the attorney/client privilege or other legal privilege.

-----Original Message-----
From: Joe Leventhal [mailto:jleventhal@leventhallaw.com]
Sent: Thursday, July 18, 2013 5:38 PM
To: Damian Wasserbauer
Subject: RE: FindTheBest

Damian,

Again, I'm not sure what my client is supposed to act on.  On our call today, you indicated that you believed the CEO's conduct was criminal based on 9th Circuit law and that it violated a Court order. You said that you planned to pursue criminal charges and send a letter to the judge.  To avoid that, you

said that FindTheBest could do the four things I outlined below: (1) an apology; (2) compensate Shapiro; (3) compensate your firm for the time working on the issue of the CEO's conduct; and (4) acceptance of the license to the patent portfolio.

I told you that I did not represent the CEO as an individual and that I only represent the company. But I indicated that I would communicate this to the company and let them take it up with the CEO if they'd like. If your offer is now withdrawn, please let me know so I accurately communicate to my client what the benefit of the bargain would be.

Thanks,
Joe


Joseph S. Leventhal, Esq.
The Leventhal Law Firm, APC
jleventhal@leventhallaw.com
Ph: 619.356.3518



-----Original Message-----
From: Damian Wasserbauer [mailto:damian@aetonlaw.com]
Sent: Thursday, July 18, 2013 1:19 PM
To: Joe Leventhal
Subject: RE: FindTheBest

Joe,

I don't know of a modern day CEO that can keep his job or company by personally engaging in this conduct.

Your CEO of Findthebest.com was harassing Eileen Shapiro, an inventor, at work and at home. Multiple calls were made and when she spoke to your CEO he sought discovery, made derogatory statements about her, and was hateful and very angry. We believe that the CEO of your client Findthebest.com has crossed the line of civility. He has harmed Eileen Shapiro with his statements and, as intended, threats. We believe an apology is in order.

We are looking into the activities and will support any investigation. We, quite frankly, don't know what to make of it. After all the talk of your client about the "principal" of it, Findthebest.com is the first to cross the line.

We are pulling our offer of compromise after today. We are sending a letter to the judge.

I would suggest you act quickly.

Kind regards,

Damian Wasserbauer   |   Of Counsel
Aeton Law Partners LLP   |   P: 860.724.2170   |   F: 860.724.2161   |   M: 202.507.1776
101 Centerpoint Drive, Middletown, CT 06457   |   aetonlaw.com IMPORTANT NOTICE: This communication and any attachment: (A) is private/confidential; (B) is intended only for the named recipient(s); and (C) may be subject to the attorney/client privilege or other legal privilege.




-----Original Message-----
From: Joe Leventhal [mailto:jleventhal@leventhallaw.com]

Sent: Thursday, July 18, 2013 3:33 PM
To: Damian Wasserbauer
Subject: Re: FindTheBest

Again, how much time do I have to communicate this to my client?  1.5 hours or 4.5 hours?

I'm confused. On our call, I understood that you were proposing that, to avoid criminal liability, we need to apologize, compensate Shapiro, compensate your firm (both of which I assume are small amounts), and settle the underlying litigation.  If you still plan to pursue criminal charges, why would my client want to settle?

Also, I told you that I thought no crime was committed based on your description.  But you asserted that a crime was committed based on 9th Circuit law. If we both now agree that there was no crime, and there is no order prohibiting discovery, where's the dispute?

Joe

On Jul 18, 2013, at 12:24 PM, "Damian Wasserbauer" <damian@aetonlaw.com> wrote:

> Joe,
>
> The license fee is currently at $█████.
>
> We are not exchanging our license not to pursue criminal charges. We are withdrawing the license at the close of business today.  Should you want to accept it, we are giving you one last chance.
>
> We are about to report this event to the judge as a discovery violation and conduct beyond the pale of civil litigation.
>
> If a crime has been committed, we will welcome and support a criminal investigation.  The judge can order a criminal investigation on her own.
>
> Your CEO of Findthebest.com needs to apologize and separately settle with Eileen Shapiro.
>
> As per our earlier email, and our discussion in pre-IPC hearing in court, the $█████ expired as your client's Answer.
>
> Kind regards,
>
> Damian Wasserbauer   |   Of Counsel
> Aeton Law Partners LLP   |   P: 860.724.2170   |   F: 860.724.2161   |   M: 202.507.1776
> 101 Centerpoint Drive, Middletown, CT 06457    |   aetonlaw.com
> IMPORTANT NOTICE: This communication and any attachment: (A) is private/confidential; (B) is intended only for the named recipient(s); and (C) may be subject to the attorney/client privilege or other legal privilege.
>
>
>
>
> -----Original Message-----
> From: Joe Leventhal [mailto:jleventhal@leventhallaw.com]
> Sent: Thursday, July 18, 2013 3:12 PM
> To: Damian Wasserbauer
> Subject: FindTheBest
>
> Damien,
>
> What is the license/settlement fee that you're proposing in exchange for agreement not to pursue criminal charges?  The $█████ or $█████ you most recently offered?  Also, I haven't reached my client yet.  Offer is good until close of business today PDT or EDT?

>
> Thanks,
> Joe