```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
Lumen View Technology LLC,              :
                                        :
                    Plaintiff,          :    13 CIV. 3599 (DLC)
                                        :
            -v-                         :    MEMORANDUM OPINION
                                        :         & ORDER
Findthebest.com, Inc.                   :
                                        :
                                        :
                                        :
                    Defendant.          :
                                        :
----------------------------------------X
```

APPEARENCES

For the plaintiff:

Damian Wasserbauer
Aeton Law Partners, LLP
101 Centerpoint Drive, Suite 105
Middletown, CT 06457

For the defendant:

Joseph Leventhal
Leventhal Law, LLP
600 West Broadway, Suite 700
San Diego, CA 92101

DENISE COTE, District Judge:

On October 22, 2013, the plaintiff filed a motion for a protective order prohibiting the public dissemination of settlement information in this case, pursuant to Federal Rule of Civil Procedure 26(c).  The motion is denied.

BACKGROUND

This motion arises out of patent litigation between the plaintiff Lumen View Technology ("Lumen View") and the defendant Findthebest.com, Inc ("Findthebest.com").  The plaintiff alleges that the defendant's attorney shared settlement discussion information with the CEO of the defendant company, Findthebest.com, who then began "blogging details of the settlement discussion  . . . [i]n an effort to taint the public's perception of the case and to paint Lumen View in a negative light."  The plaintiff contends that there was an oral agreement between counsel for the plaintiff and the counsel for the defendant not to disclose settlement discussion information.  The defendant denies the existence of any such agreement.  The plaintiff argues that the defendant's public dissemination of settlement discussion information violates Federal Rule of Evidence 408, and on October 22, 2013 moved for a protective order prohibiting such dissemination.

DISCUSSION

Federal Rule of Evidence 26(c) provides that a court may "for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense."  Although the plaintiff grounds this motion in Rule 26(c), the motion goes beyond seeking a protective order

covering specific documents or communications produced in the past and seeks a gag order prohibiting the defendant from discussing settlement negotiations publically.  There is a strong presumption against imposition of such an order:

> An order that prohibits the utterance or publication of particular information or commentary imposes a prior restraint on speech.  A prior restraint on constitutionally protected expression, even one that is intended to protect a defendant's Sixth Amendment right to trial before an impartial jury, normally carries a heavy presumption against its constitutional validity.

<u>United States v. Salameh</u>, 992 F.2d 445, 446-47 (2d Cir. 1993) (citation omitted).

The plaintiff does not come close to carrying the burden of justifying imposition of a gag order.  The plaintiff first explains that its motion is predicated on Federal Rule of Evidence 408, which restricts the admission of settlement negotiations into evidence.  That argument is meritless.  Rule 408 is a rule of evidence.  It is inapposite where, as here, the question is not whether material will be admitted into evidence in court but whether a party may discuss certain matters in public.  The plaintiff appears to concede this in its reply brief, where it for the first time asserts that "Lumen View is not taking the position that Rule 408 prevents a party to a litigation (in this case, [Findthebest.com]) from providing settlement discussions to the public.  As such, it is unclear

what role Rule 408 is supposed to play in this motion practice and why it figures so prominently in the plaintiff's briefing.

The plaintiff next contends that there was an oral agreement with the defense counsel, reached in a telephone conversation of June 25, 2013, not to discuss settlement matters in public. The plaintiff argues as well that a prior confidentiality agreement between the counsel for the parties here in another case in which Lumen View was the plaintiff, <u>Lumen View v. Adicio, et al.</u>, 13 Civ. 3386 (DLC), supports a finding that settlement discussions in this case were also to be confidential, and that a protective order is consequently justified. As evidence for these assertions, counsel for Lumen View submits a declaration in which he contends that such an oral agreement was reached, copies of purported confidentiality letters signed by both counsel here in the <u>Adicio</u> case, as well as a confidentiality agreement which counsel for Lumen View purportedly sent to counsel for Findthebest.com contemporaneously with an offer of settlement, but which was not signed by counsel for Findthebest.com. In its reply brief, the plaintiff emphasizes that its settlement offer was transmitted to counsel for the defendant concurrently with the never-signed confidentiality agreement, which purportedly further supports a finding that the settlement agreement was meant to be kept confidential.

In opposing this motion, the defendant has submitted a declaration denying that any oral confidentiality agreement was reached. The defendant contends that plaintiff's counsel never asked defendant's counsel during the June 25 telephone call that their discussions remain confidential and that defendant's counsel consequently never made any such agreement. The defendant has also asserted, and the plaintiff does not deny, that in the more than 100 emails that plaintiff's counsel sent in the weeks that followed the June 25 telephone call, plaintiff's counsel made no reference to such a verbal agreement until the time at which this motion was filed.

Given this record, the plaintiff has not submitted sufficient evidence to show that any oral confidentiality agreement was reached. Moreover, a gag order implicates serious constitutional issues. Without opining as to what circumstances might justify such an order, it is enough to note that they are not present here.

Finally, in its reply brief, the plaintiff raises for the first time the argument that a protective order is also necessary because counsel for the defendant submitted as an exhibit in this matter an un-redacted letter that was purportedly subject to a confidentiality agreement in the Adicio matter. Any party seeking to file documents under seal or in redacted form must follow the procedure set out in this Court's

5

Individual Practice Rules.  However, the exhibit to which the plaintiff refers is not a document that this Court's Individual Practice Rules require to be filed under seal.  Accordingly, its filing does not support the issuance of a protective order.

CONCLUSION

    The plaintiff's October 22, 2013 motion for a protective order is denied.

Dated:    New York, New York
           November 12, 2013

                    */s/ Denise Cote*
                    DENISE COTE
            United States District Judge