**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LUMEN VIEW TECHNOLOGIES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 1:13-cv-03599-DLC |
| v. | : | |
| | : | January 10, 2014 |
| FINDTHEBEST.COM, INC. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**LUMEN VIEW TECHNOLOGY LLC'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ................................................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ........................................................... 1

ARGUMENT ....................................................................................................................... 5

    I.       LEGAL STANDARD ............................................................................................. 5

    II.     THIS CASE IS NOT EXCEPTIONAL AND FTB'S MOTION FOR FEES
            SHOULD BE DENIED ........................................................................................ 7

    A.     Lumen Has Not Engaged in Litigation Misconduct ........................................... 7

    B.     FTB Fails to Satisfy the Exacting Standard That Would Justify an Award of Fees
            ...................................................................................................................... 10

    a.     Lumen's Infringement Claim Was Not Brought in Bad Faith ........................... 10

    b.     Lumen's Infringement Claim Is Not Objectively Baseless ................................ 14

        *1.*   *Lumen's litigation was not objectively baseless as to infringement of the
             '073 Patent* ...................................................................................................14

        *2.*   *Lumen's litigation was not objectively baseless as to the validity of the '073
             Patent* ...........................................................................................................16

        *3.*   *Lumen's litigation was not objectively baseless as to the eligibility of the
             '073 Patent* ...................................................................................................18

    III.    EVEN IF THIS COURT FINDS THAT THIS CASE IS EXCEPTIONAL, FTB'S
            MOTION FOR FEES SHOULD BE DENIED IN THE COURT'S DISCRETION
            ...................................................................................................................... 21

    IV.    IN THE ALTERNATIVE, THE MOTION SHOULD BE DENIED WITHOUT
            PREJUDICE ........................................................................................................ 22

CONCLUSION .................................................................................................................. 24

# TABLE OF AUTHORITIES

**Federal Cases**

Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 717 F.3d 1269 (Fed. Cir. 2013), cert. granted 134 S. Ct. 734 (U.S. 2013)……………………………………………………………………..4, 22

Ariel (UK) Ltd. v. Reuters Group PLC, 2007 U.S. Dist. LEXIS 7423 (S.D.N.Y. 2007)……5, 22

Bayer Schering Pharma AG v. Sandoz, Inc., 2012 U.S. Dist. LEXIS 189300 (S.D.N.Y. Aug. 24, 2012)……………………………………………………………………………7, 14, 23

Bilski v. Kappos, 130 S.Ct. 3218 (2010)…………………………………………...2, 4, 13, 17, 18

Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005)………….6, 14

Digitech Image Techs., LLC v. Newegg, Inc., 2013 U.S. Dist. LEXIS 147633 (C.D. Cal. Oct. 11, 2013)……………………………………………………………………..14, 19, 20, 21, 22

Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314 (Fed. Cir. 2011) …...…………………………13

Epcon Gas Sys. Inc. v. Bauer Compressors, Inc., 279 F.3d 1022 (Fed. Cir. 2002)……….6, 11, 14

Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324 (Fed. Cir. 2003)………………………………6

Gaus v. Conair Corp., 2003 U.S. Dist. LEXIS 1445 (S.D.N.Y. Jan. 31, 2003) …………………8

Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982) …….……………………………23

Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300 (Fed. Cir. 2012) .….10, 16, 22

ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368 (Fed. Cir. 2009)………………………7

iLOR, LLC v. Google, Inc., 631 F.3d 1372 (Fed. Cir. 2011)………………………………..10, 14

In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323 (Fed. Cir. 2012)……………………………………………………………………………………...12

In re Comiskey, 499 F.3d 1365 (Fed. Cir. 2007)……………………………………………………4

Kahn v. Dynamics Corp. of America, 508 F.2d 939 (2d Cir. N.Y. 1974)………………………13

Kilopass Tech., Inc. v. Sidense Corp., 2013 U.S. App. LEXIS 25671 (Fed. Cir. Dec. 26, 2013) ……………………………………………………………………………………...16

Mach. Corp. of Am. v. Gullfiber Ab, 774 F.2d 467 (Fed. Cir. 1985)………………………..21, 22

Matsumura v. Benihana Nat'l Corp., 2010 U.S. Dist. LEXIS 42320 (S.D.N.Y. Apr. 22, 2010) ……………………………………………………………………………………23

Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238 (U.S. 2011)……………………………2, 18

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 496 Fed. Appx. 57, 2012 U.S. App. LEXIS 22096 (Fed. Cir. 2012), petition for cert. granted 134 S. Ct. 49 (2013)……………………….6, 24

Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539 (Fed. Cir. 2011) …………………8

Rambus Inc. v. Infineon Techs, 318 F.3d 1081 (Fed. Cir. 2003) ………………………………...7

Spectra-Physics, Inc. v. Coherent, Inc., 827 F.2d 1524 (Fed. Cir. 1987) ………………………8

Syrnik v. Polones Constr. Corp., 2012 U.S. Dist. LEXIS 134188 (S.D.N.Y. Sept. 19, 2012) ………………………………………………………………………………………....22-23

Tancredi v. Metro. Life Ins. Co., 378 F.3d 220 (2d Cir. N.Y. 2004)……………………………23

Takeda Chem. Indus. v. Mylan Labs., Inc., 2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007)…………………………………………………………………………………………..20

Viva Optique, Inc. v. Contour Optik, Inc., 2007 U.S. Dist. LEXIS 91421 (S.D.N.Y. 2007) ……8

Wi-Lan Inc. v. LG Elecs., Inc., 2013 U.S. Dist. LEXIS 67833 (S.D.N.Y. May 10, 2013)…………………………………………………………...5, 9-12, 14, 16, 21, 22

Wireless Ink Corp. v. Facebook, Inc., 2013 U.S. Dist. LEXIS 180182 (S.D.N.Y. Dec. 17, 2013)……………………………………………………………………..5, 7, 8, 9, 10

**Rule and Statutes**

35 U.S.C. § 10……………………………………………………………2, 3, 4, 7, 9, 15-21, 23

35 U.S.C. § 102……………………………………………………………………………..17

35 U.S.C. § 103……………………………………………………………………………..17

35 U.S.C. § 112……………………………………………………………………………..17

35 U.S.C. § 285 ……………………………………………………………5, 6, 8, 9, 11, 21, 24

**INTRODUCTION**

Plaintiff LUMEN VIEW TECHNOLOGY LLC ("Lumen"), by and through its attorneys, respectfully submits this memorandum of law in opposition to Findthebest.com, Inc.'s ("FTB") Motion for Attorneys' Fees (D.I. 59-63). The record clearly reflects that FTB has failed to meet the exacting standard required for an award of fees, and its motion should be denied. In the alternative, Lumen requests this court to dismiss FTB's motion without prejudice, to be addressed subsequent to the disposition of the pending appeal on the merits (D.I. 57) or the adjudication of this issue by the United States Supreme Court.

**BACKGROUND AND PROCEDURAL HISTORY**

United States Patent No. 8,069,073 B2 (the " '073 Patent"), entitled "System and Method for Facilitating Bilateral and Multilateral Decision-Making," issued on Nov. 29, 2011 and is the patent-in-suit. The '073 Patent family portfolio includes 5 issued patents and 1 pending patent application: U.S. Patent No. 6,915,269 issued June 5, 2005, U.S. Patent No. 7,184,968 issued Feb. 27, 2007, U.S. Patent No. 7,725,347 issued May 12, 2010, U.S. Patent No. 8,170,898 issued May 1, 2012 and U.S. Patent Application US2012/215,550 filed Apr. 27, 2012. It is composed of one independent claim and eight dependent claims. The method of Claim 1 and the steps recited in each of the 9 claims of the '073 Patent must be implemented by a computer-implemented method.

The '073 Patent was prosecuted before the United States Patent and Trademark Office ("USPTO") by Attorney Bruce Sunstein of Sunstein, Kann, Murphy & Timbers, LLP, an attorney with more than forty years of patent experience. The prosecution history demonstrates that the USPTO Examining Attorney agreed with Attorney Sunstein's proposed computer-

implemented process claims pursuant to the sole Office Action rendered during the application's evaluation.  There are no allegations of improper conduct or other issues before the USPTO.  See Ex. 1, ¶¶ 3-7 Affidavit of Attorney Damian Wasserbauer (hereinafter "Affidavit Wasserbauer"). At the time the '073 Patent issued, the Supreme Court had already decided Bilski v. Kappos, 130 S.Ct. 3218 (2010), the landmark case addressing patent eligibility of a process.  Following Bilski, the USPTO issued new guidelines in regards to patentability under 35 U.S.C. § 101 ("Section 101").[1]  These guidelines were controlling when the '073 Patent was issued.  See Id. ¶8.  Pursuant to the USPTO's post-Bilski guidelines, the computer-implemented process claims of the '073 Patent application were approved.

As a duly issued patent, the '073 Patent was presumed valid.  A valid patent confers the express statutory right to exclude others from making, using, selling or offering to sell the claimed invention in the United States, and to seek compensation of at least a reasonable royalty from those so making, using, selling or offering to sell the patented invention without consent (i.e., without license).[2]  Lumen has prior success of licensing the '073 Patent to other respected companies as licensees.  See Id. ¶25.  As exclusive licensee of the '073 Patent, Lumen had the sole right to protect the patent from infringement.  Prior to the filing of the complaint against FTB, Lumen conducted an extensive pre-suit investigation to determine that FTB infringed the patent-in-suit.  Id. ¶9.

On May 29, 2013, Lumen filed this lawsuit against FTB, alleging Defendant infringed at least Claim 1 the '073 Patent. (D.I. 1)   The complaint asserted a single claim for direct

---

[1] The United States Patent and Trademark Office, *Interim Guidance for Determining Subject Matter Eligibility for Process Claims in View of Bilski v. Kappos*, at  http://www.uspto.gov/patents/announce/bilski_guidance.jsp (last accessed January 9, 2014).  The Interim Bilski Guidance provides the USPTO factors to consider in determining whether a claim is directed to an abstract idea and is therefore not patent-eligible under 35 U.S.C. § 101.
[2] Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238, 2242 (U.S. 2011).

infringement of the '073 Patent.  Ex. 1, Affidavit Wasserbauer, ¶10.  The initial complaint exceeded the requirements of Form 18 and provided allegations of infringement that directly track to the Claim Construction Brief later submitted to this Court.  (D.I. 28)  FTB filed its' Answer on July 8, denying the material allegations in the complaint, and asserting nine skeletal, boilerplate affirmative defenses.  FTB did not counterclaim for a declaration of non-infringement or to invalidate the '073 Patent.  Shortly following the filing of the lawsuit, FTB's Director of Operations, Danny Seigle, telephoned Attorney Wasserbauer.  Ex. 1, Affidavit Wasserbauer, ¶¶17-23. During this first telephone call, Lumen had no obligation to explain its infringement analysis to Danny Seigle and in fact, Attorney Wasserbauer suggested that he retain counsel to assist FTB with this matter.  Id. ¶¶20-22.

The parties subsequently filed preliminary infringement and invalidity contentions as well as preliminary claim construction briefs.  (D.I. 14, 17, 24, 26, 28, 29, 38, 49).  Additionally, the parties provided this Court with briefing on the Section 101 issue, namely the patentability of the '073 Patent.  (D.I. 18, 21, 27, 30, 31).  No Markman ruling had been made on Lumen's Claim Construction. Ex. 1, Affidavit Wasserbauer, ¶13.  No record had been made in construing the claims of the '073 Patent.  Id. ¶14.  No invalidity record had been made on FTB's asserted invalidity contentions.  Id. ¶15.  No record of findings has been made in invalidating the claims of the '073 Patent over prior art of record. Id. ¶16.  On September 24, 2013, this Court rejected FTB's argument that Lumen's Preliminary Infringement Contentions were somehow inadequate, denying FTB's request that the Contentions be stricken or modified.  (D.I. 25); Id. ¶12.

FTB then filed a Motion for Judgment on the pleadings under Rule 12(c) on Sept. 24, 2013 claiming the invention disclosed in the '073 Patent does not constitute patent eligible subject matter.  (D.I. 18, 21)  On October 11, 2013, Lumen filed a memorandum in opposition to

FTB's Motion for Judgment on the Pleadings.  (D.I. 27)   Lumen argued that FTB provided no facts or authority sufficient for this Court to rule on patentable subject matter grounds.[3]   On November 22, 2013, prior to conducting a Markman hearing, and prior to issuing a claim construction order, this Court ruled that the invention disclosed in the '073 Patent was patent-ineligible under Section 101 and granted FTB's motion for judgment on the pleadings.  (D.I. 55)  Shortly thereafter, the Supreme Court granted certiori in <u>Alice Corp. Pty. Ltd. v. CLS Bank Intl.</u>, <u>cert. granted</u> 134 S. Ct. 734 (U.S. Dec. 6, 2013), under which it will review the same standard applied in this Court's November 22nd ruling: that is, whether claims to computer-implemented inventions – including claims to systems and machines, processes, and items of manufacture – are directed to patent-eligible subject matter within the meaning of 35 U.S.C. § 101.

On December 9, 2013, Lumen filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit from the Order Entering Judgment in Favor of Findthebest.com, Inc.  (D.I. 55, 56)   On December 10, 2013, FTB filed a Motion for Attorneys' Fees and supporting memorandum (D.I. 59, 60), requesting this Court to award fees, without including either a specific fee amount or hourly total.[4]  To justify an award of fees, and somehow classify this case as "exceptional" as required, FTB alleges the following against Lumen:

(1)     Lumen filed its Complaint without probable cause and for the sole purpose of extracting a licensing fee based on an invalid patent (D.I. 60, p.10);

---

[3] Section 101 defines subject matter that may be patented under the Patent Act.  <u>Bilski v. Kappos</u>, 130 S. Ct. 3218, 3225 (U.S. 2010).  "Whether a claim is drawn to patent-eligible subject matter under § 101 is a threshold inquiry, and any claim of an application failing the requirements of § 101 must be rejected even if it meets all of the other legal requirements of patentability."  <u>In re Comiskey</u>, 499 F.3d 1365, 1371 (Fed. Cir. 2007).

[4] FTB cites to Fed. R. Civ. P. 54(d)(2)(c) as the basis for why an amount was not submitted.  However, Rule 54 specifically states that the motion **must** "state the amount sought or provide a fair estimate of it."  FED. R. CIV. P. 54 (emphasis added).

(2)     Lumen's Infringement Claims against FTB were frivolous and unjustified  (D.I. 60, p.11); and

(3)     Lumen engaged in "Offensive Litigation Tactics"  (D.I. 60, p.13)

Lumen, as the exclusive licensee of the '073 Patent, had the statutory right to seek compensation from those who it reasonably believed infringed the '073 Patent.  (D.I. 1, ¶10). The litigation against FTB was in the early stages, with only limited discovery between the parties, prior to any Markman hearing, and prior to any rulings on claim construction, infringement or validity in light of prior art.  The limited record before the Court simply does not support FTB's argument that this is an "exceptional" case, justifying an award of attorney's fees. Lumen respectfully requests this Court to deny FTB's Motion for Attorneys Fees and Costs.

## <u>ARGUMENT</u>

### I.     LEGAL STANDARD

Under 35 U.S.C. § 285, a Court may award reasonable attorneys' fees to the prevailing party in exceptional cases.  This calls for a two-step inquiry: "[f]irst, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional…. If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified."  <u>Wi-Lan Inc. v. LG Elecs., Inc.</u>, 2013 U.S. Dist. LEXIS 67833 (S.D.N.Y. May 10, 2013) (denying award of attorneys' fees in patent suit); <u>Wireless Ink Corp. v. Facebook, Inc.</u>, 2013 U.S. Dist. LEXIS 180182 (S.D.N.Y. Dec. 17, 2013) (denying award of fees in patent suit).  Every defense of a patent infringement lawsuit does not fall into this category, and the standard is designed in such a way that each party generally pays

its own fees and costs.  Ariel (UK) Ltd. v. Reuters Group PLC, 2007 U.S. Dist. LEXIS 7423, *18 (S.D.N.Y. Jan. 24, 2007) (denying award of attorneys' fees despite high costs incurred).

Congress intended that attorneys' fees should be applied sparingly and "that recovery of attorneys' fees will not become an ordinary thing in patent suits."[5]  S. Rep. No. 1503, 79th Cong., 2d Sess. (1946) (discussing the predecessor statute to 35 U.S.C. § 285).  A case is only deemed "exceptional" where there has been "material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud, or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Rule 11], or like infractions.  Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005) (vacating award of attorneys' fees); Epcon Gas Sys. Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002) (affirming denial of attorneys' fees).

FTB argues that Lumen filed this lawsuit for an improper purpose, the litigation was frivolous and unjustified, and Lumen engaged in litigation misconduct.  (D.I. 59)  In their motion, they argue that this case is "the epitome of exceptional" without providing clear and convincing evidence or supporting case law authority.  Despite their conclusory assertions, FTB cannot meet the exacting standard required to justify a fee award based on the record before the Court; Lumen acted in good faith in pursuing its infringement lawsuit based upon careful and deliberate infringement analysis of a validly issued patent.  Lumen's actions were not objectively meritless or subjectively unreasonable, nor is there any evidence of offensive litigation tactics, and FTB's Motion should be denied.

---

[5] An award under "§ 285 is limited to circumstances in which it is necessary to prevent a gross injustice to the accused infringer."  Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003).  The United States Supreme Court is poised to address this issue in 2014 in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 2012 U.S. App. LEXIS 22096 (Fed. Cir. 2012), petition for cert. granted 134 S. Ct. 49 (2013).

## II.     THIS CASE IS NOT EXCEPTIONAL AND FTB'S MOTION FOR FEES SHOULD BE DENIED

### A.  Lumen Has Not Engaged in Litigation Misconduct

A case can be considered "exceptional" and attorneys' fees awarded where litigation misconduct has occurred.  This behavior includes material misconduct, such as discovery abuses, confusing or misleading discovery responses, false or misleading testimony by a party's executives, and spoliation of evidence.  Rambus Inc. v. Infineon Techs, 318 F.3d 1081, 1106 (Fed. Cir. 2003); Bayer Schering Pharma AG v. Sandoz, Inc., 2012 U.S. Dist. LEXIS 189300 (S.D.N.Y. Aug. 24, 2012) (denying award of fees).  FTB alleges Lumen engaged in "offensive litigation tactics," specifically the following misconduct: (1) Lumen attempted to extort a settlement payment from FTB by threatening criminal prosecution of its CEO; (2) Lumen attempted to prevent FTB from exercising its First Amendment right to speak with the media; and (3) Lumen failed to engage in the discovery process.  (D.I. 59)  Given that the Court's ruling that the '073 Patent was patent-ineligible under Section 101 occurred early in the suit, there is scant litigation history between the parties for FTB to rely upon.  The type of conduct complained of by FTB is not sufficient to raise this case to the level of "exceptional."

The Court in Wireless Ink Corp. v. Facebook, Inc., 2013 U.S. Dist. LEXIS 180182 (S.D.N.Y. Dec. 17, 2013), recently analyzed whether litigation misconduct was sufficient to justify an award of attorneys' fees in a patent case.  The party requesting fees claimed that plaintiff had not provided adequate discovery and avoided or refused deposition scheduling, dragged them into court unnecessarily, and bothered the court with unreasonable requests.  The Court ultimately concluded that, rather than a pattern of malicious conduct, "Wireless Ink's behavior may plausibly be interpreted as counsel's good faith efforts to navigate a prolonged and

complex litigation on behalf of its client." Id. at *25-26.  Only in "rare" cases will a pattern of consistent unprofessional conduct be deemed litigation misconduct.  Id.; see also ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368 (Fed. Cir. 2009) (affirming an award of attorney fees where a party made multiple, repeated misrepresentations to the court).

Even assuming the truth of the allegations made by FTB, they are significantly less than those in other patent infringement cases, such as Wireless, where the court has declined to award fees based on litigation misconduct.  Id.; see also Spectra-Physics, Inc. v. Coherent, Inc., 827 F.2d 1524 (Fed. Cir. 1987) (affirming denial of attorneys' fees).  Lumen acted the way that a Court expects a patent holder to act when investigation has revealed infringement of its patent, Viva Optique, Inc. v. Contour Optik, Inc., 2007 U.S. Dist. LEXIS 91421 (S.D.N.Y. 2007), reflecting counsel's good faith efforts to navigate a prolonged and complex litigation on behalf of its client.  This is not an example of "gross injustice" that would require an award of fees.  Gaus v. Conair Corp., 2003 U.S. Dist. LEXIS 1445 (S.D.N.Y. Jan. 31, 2003) (denying award of fees where "while Conair certainly has zealously defended this case, I do not believe that it has litigated in bad faith.")

Furthermore, Lumen vehemently disputes FTB's allegations as to misconduct.  Attorney Wasserbauer's declaration states that he counseled FTB's Director of Operations to obtain counsel, and otherwise declined to discuss the specifics of Lumen's case for infringement against FTB.  See Ex. 1, Wasserbauer Affidavit, ¶21.  He was not obligated to advise or act as counsel for FTB.  Id. ¶20.  He directed Mr. Siegle to paragraphs 12 and 13 of the complaint that demonstrate the specifics of Lumen's case for infringement against FTB.  Id. ¶23.  Characterization of this as "offensive litigation tactics" is unsupported by either the record or

8

case law.  Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539 (Fed. Cir. 2011) (holding failure to engage in negotiations is not litigation misconduct under § 285).

The record shows that Lumen provided timely documents, initial disclosures and answers to FTB's discovery requests.  FTB, however, objected to Lumen's discovery, thereby providing no documents or responses to Lumen's discovery requests.   There is no record of any discovery misconduct by Lumen.  In fact, no discovery took place to bolster FTB's arguments of discovery misconduct, as the '073 Patent was declared invalid under Section 101 prior to any record of factual findings being made as to invalidity contentions, infringement, or claim constructions. FTB has failed to show that Lumen engaged in litigation misconduct, and the allegations in their Motion do not transform this into one of the "rare" cases where a pattern of consistent unprofessional conduct is deemed litigation misconduct.

FTB has not provided any evidence to indicate that Lumen's behavior throughout this litigation was anything more than a good faith attempt at protecting the '073 Patent.  FTB wants this Court to draw an inference of malicious intent, with no direct evidence of such intent on behalf of Lumen.  "Absent direct evidence of malicious intent, the Court concludes that Wireless Ink's actions were not so egregious as to warrant finding of litigation misconduct." Wireless Ink Corp., 2013 U.S. Dist. LEXIS 180182, at *27-28 (citations omitted).  In Wireless, even though the actions of Wireless Ink's counsel "may have been less than optimal," they did not rise to the level of unprofessional conduct justifying an award of fees.  Id.  FTB simply makes statements unsupportable by the record, yet filed its motion nonetheless.  No litigation misconduct has been shown by FTB such that attorneys' fees would be warranted, and its Motion must be denied.

**B.  FTB Fails to Satisfy the Exacting Standard That Would Justify an Award of Fees**

Absent misconduct in the course of the litigation or in securing the '073 Patent, sanctions may be imposed against the patentee only if two separate criteria are satisfied: (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.  Wi-Lan Inc., 2013 U.S. Dist. LEXIS 67833 at *15.  Under this "exacting standard, the plaintiff's case must have no objective foundation, **and the plaintiff must actually know this**."  Id. (emphasis added), citing iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011) (vacating award of attorneys' fees in patent case).  The requesting party must establish both the objective and subjective prongs by clear and convincing evidence.  Id.; Wireless Ink Corp., 2013 U.S. Dist. LEXIS 180182 at *17.  Prior to the end of the fourth month of pendency, this Court entered a finding on FTB's motion regarding the insufficiency of Lumen's Preliminary Infringement Contentions ("PICs").  The Court ruled on the sufficiency of the PICs in Lumen's favor, which tends to argue against FTB's "objective baseless" prong of the standard.  (D.I. 25)

**a.  Lumen's Infringement Claim Was Not Brought in Bad Faith**

"[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith."  Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1309-10 (Fed. Cir. 2012) (quotations omitted).  Simply because a party is ultimately unsuccessful on the merits is insufficient to establish a showing of subjective bad faith by clear and convincing evidence.  Wi-Lan Inc., at *18.  A court will examine the totality of the circumstances.  Id. at *19.

FTB failed to show by clear and convincing evidence that the litigation was brought in subjective bad faith.  Lumen is presumed to have acted in good faith, and at all times, did so act when pursuing the patent infringement claim against FTB pursuant to their rights under a valid

10

patent.  The '073 Patent history demonstrates that the USPTO Examining Attorney agreed with Attorney Sunstein's proposed computer-implemented process claims pursuant to the sole Office Action rendered during the application's evaluation.  Ex. 1, Affidavit Wasserbauer, ¶7.  Lumen extensively investigated its claim, and based on the results of that investigation, filed a lawsuit against FTB pursuant to the statutory rights conferred under the '073 Patent.  Id. ¶¶9-11.  Simply because FTB disagreed with the results of Lumen's pre-suit investigation, or because the Court ultimately ruled on other grounds, specifically, declaring the computer-implemented process of claim 1 of the '073 Patent ineligible subject matter, is insufficient to overcome the presumption of good faith or to support a finding of subjective bad faith.  Wi-Lan Inc., at *25-26 (finding no subjective bad faith under § 285 despite claims of lack of pre-suit investigation).[6]   The Court ruled that the computer-implemented process claims of the '073 Patent were directed to ineligible subject matter under 35 U.S.C. § 101.  (D.I. 55).

FTB insists that Lumen failed to adequately investigate its claim of patent infringement prior to filing the instant lawsuit, showing subjective bad faith on behalf of Lumen.   However, FTB does not cite, and cannot now cite, to any relevant facts within the record that would support such a conclusion.  Although inadequacy of pre-filing preparation may be relevant to the "exceptional" case question, Epcon Gas Sys. Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1035 (Fed. Cir. 2002), inquiry into Lumen's pre-filing preparation only serves to further defeat FTB's argument that the lawsuit was filed in subjective bad faith.  Ex. 1, Affidavit Wasserbauer, ¶¶9-11.  Lumen provided facts of the merits of its' claim to FTB in discovery on multiple

---

[6]  Citing HR U.S. LLC v. Mizco Int'l, Inc., 2010 U.S. Dist. LEXIS 103123, *12 (E.D.N.Y. Sept. 29, 2010) ("Defendants also rely on the fact that, at the beginning of the litigation, defendants' attorney sent a letter to plaintiff's counsel demanding that plaintiff withdraw the suit because there was no infringement of the '250 patent. In the letter, defendants' counsel set forth defendants' non-infringement defense by detailing five differences between the claimed and accused designs. . . . **[T]he withdrawal letter only shows that plaintiff was on notice of defendants' position and does not, in and of itself, establish that plaintiff's view of infringement was manifestly unreasonable.**") (emphasis added) (other citations omitted).

occasions, for example, at least in its PICs, Claim Construction Briefs, initial disclosures, documents and answers produced in response to FTB's discovery requests.  See e.g. Claim Construction Chart (D.I. 28).  This argument of inadequate investigation is further undercut by the fact that many other sophisticated companies licensed the '073 Patent from Lumen.  Wi-Lan Inc., Inc., at *26-27 (citations omitted) (noting that licensing of a patent to numerous others in the industry weighs against a finding of lack of pre-suit investigation and subjective bad faith).  FTB's claims of inadequate investigation are unsupported by the record, and the fact that Lumen successfully licensed the invention covered by the '073 Patent to numerous entities prior to the instant litigation is a factor that weighs against an award of fees.  Ex. 1, Affidavit Wasserbauer, ¶25.

FTB next claims that Lumen's use of a form complaint indicates there was no pre-suit investigation.  Form 18 in the Appendix to the Federal Rules of Civil Procedure is a form patent complaint alleging direct infringement of a patent.  "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. Indeed, a plaintiff need not even identify which claims it asserts are being infringed."  In re Bill of Lading Transmission and Processing Sys. Patent Litig., 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citation omitted).  First, FTB did not challenge the complaint in the infringement action as insufficient to state a claim or to meet the requirements of Form 18.  Second, not only does Lumen's infringement complaint meet Rule 18 requirements, it exceeds them, as supported by paragraphs 12 and 13[7] therein and the Claim Construction Brief later submitted to this Court.  (D.I. 28); Ex. 1, Affidavit Wasserbauer, ¶¶10-12, 23, 24.  No plausible

___

[7] A representative example of infringement is Lumen View's initial comparison of claim 1 to the Assist Me feature of FTB's products and services.  It is worth noting that Lumen View's conduct of providing a representative example in its complaint is, in fact, substantively in compliance with recently proposed federal legislation, *e.g.* Innovation Act, H.R.3309, 113th Congress (2013 - 2014).

inference of a lack of pre-suit investigation, or bad faith, can be drawn from the fact that Lumen filed an infringement complaint that meets, and exceeds, the Form 18 pleading requirements.

To show bad faith litigation, FTB cites to Kahn v. Dynamics Corp. of America, 508 F.2d 939 (2d Cir. N.Y. 1974): however, FTB's reliance on Kahn is misplaced and easily distinguished. In Kahn, the trial court found that the plaintiff "was dilatory, that he had misled the Patent Office, and that he had failed or refused to meet the specific reasoning and arguments of DCA concerning the infringement issue…." Id. at 945. These are distinguishable grounds, not present in the record presented in this case or any conduct of Lumen. In the Kahn litigation there were ample facts to support a finding of conduct in excess of simple negligence and a determination of bad faith, justifying an award of attorneys' fees; those facts are not present here with respect to Lumen. See also Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314 (Fed. Cir. 2011) (affirming award of fees where party was guilty of destroying documents, and other litigation misconduct, as well as refusal to participate in good faith in the claim construction process). Lumen actions were based on a validly issued patent, had a clean patent history with a single Office Action, and reviewed and issued post-Bilski under the USPTO computer-implemented invention guidelines. Ex. 1, Affidavit Wasserbauer, ¶¶5-7, 8. This Court had not yet reached the issues of claim construction, validity, or infringement. Id. at ¶¶13-16. No such facts as in Kahn are present in the record before this Court, and FTB's arguments do not establish subjective bad faith by clear and convincing evidence.

Even *assuming arguendo* that Lumen failed to perform an adequate investigation prior to filing the complaint, which has been shown otherwise, this fact does not mandate a finding that this case is exceptional, or that FTB is entitled to any attorney fees. It is plain that this Court reached its determination on other grounds. "Given the availability of other remedies for the

13

lack of such investigation, e.g., under Fed. R. Civ. P. 11, the district court's decision [to deny fees] was well within its discretion.  Epcon Gas Sys. Inc., 279 F.3d at 1035 (affirming denial of fees in patent infringement case).   Conclusory allegations that Lumen failed to adequately investigate, even assuming they were true, are insufficient to meet the "exceptional" requirement.  There is no evidence to support a finding, by clear and convincing evidence, that Lumen acted in subjective bad faith when pursuing their rights under the '073 Patent.[8]

### b.  Lumen's Infringement Claim Is Not Objectively Baseless

Because FTB failed to satisfy the subjective bad faith requirement, this Court is not required to address the objectively baseless prong.  Wi-Lan Inc., at *30, n.19.  However, even if the Court were to engage in this analysis, FTB has failed to show by clear and convincing evidence that the litigation was objectively baseless.    "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits."  Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (internal quotation marks omitted).   Patent infringement litigation is not automatically "objectively baseless" just because the patentee is unsuccessful on the merits. Brooks Furniture Mfg., Inc. v. Dutailier Int'l. Inc., 393 F.3d at 1384; iLOR, LLC, 631 F.3d at 1378, 1380; Bayer Schering Pharma AG v. Sandoz, Inc., 2012 U.S. Dist. LEXIS 189300 (S.D.N.Y. Aug. 24, 2012) (denying award of fees in patent case).

### 1.  *Lumen's litigation was not objectively baseless as to infringement of the '073 Patent*

The record does not show, and FTB has failed to prove, that Lumen's claim of patent

---

[8] FTB also claims that Lumen's actions are part of a pattern of extortion against FTB and others.  Mere evidence that Lumen View has filed suit against many other parties does not prove that the suit is unjustified or brought in bad faith.  Digitech Image Techs., LLC v. Newegg, Inc., 2013 U.S. Dist. LEXIS 147633 (C.D. Cal. Oct. 11, 2013) (refusing to award attorneys' fees where patent rights asserted against numerous parties).

infringement against FTB was objectively baseless, such that no reasonable litigant could expect success on the merits.  As the basis for an award of fees, FTB claims that, "[d]espite knowing that FTB was not infringing its patent, Lumen filed and continued to pursue its claims against FTB in order to extract a nuisance settlement."  (D.I. 59)   FTB provides no facts of how Lumen "knew" FTB was not infringing (especially in light of the fact that FTB objected to Lumen's discovery requests and ultimately provided no discovery), instead relying on the Court's later ruling of patent-ineligibility under Section 101 as justification for the fees.  This ruling was a discretionary ruling by the Court on Nov. 12, 2013.  There are simply no facts favorable to FTB, or changes in the law, pre-Nov. 12, 2013 for Lumen to know the Court would disagree with the USPTO; FTB's reliance on a record-not-made for infringement is insufficient to meet the exacting standard that would justify an award of fees.

Within the course of this abbreviated litigation, there was no Markman ruling made on Lumen's Claim Construction.  Ex. 1, Affidavit Wasserbauer, ¶13.  No record had been made in construing the claims of the '073 Patent.  Id. ¶14.  There is nothing in the record that would indicate to Lumen, or establish to this Court, that Lumen should not have expected any success on the merits of its patent infringement claim against FTB.  Moreover, this Court rejected FTB's argument that Lumen's PICs were inadequate, especially given the fact that such PICs were based on the initial infringement allegations in the complaint and further that FTB provided no answers, documents or other information pursuant to Lumen's discovery requests.   (D.I. 25).  It is inapposite to suggest that the record supports a finding that no reasonable litigant could reasonably expect success on the merits in such a situation.

It should also be noted that FTB, and not Lumen, has made inconsistent arguments regarding claim construction as to the '073 Patent.  FTB construes the claims of the '073 Patent

in a way most favorable to its current litigation position, and different from the constructions it offered previously.  For example, FTB stipulated that the claims could be read in their plain and ordinary meaning for purposes of the Section 101 brief.  Later, the claim construction record and FTB's motion for attorneys' fee relies on a more narrow construction.  FTB did not initially contend that the claims in the '073 Patent require the creation of "preference profiles," the use of a "'series of forced choice questions,'" or the use of "conjoint analysis," and the claims plainly do not require these elements.  FTB, of course, when asking this Court for fees, now argues that these limitations of "preference profiles," the use of a "'series of forced choice questions,'" or the use of "conjoint analysis," must be present in any infringing system, and that none of the FTB systems and/or processes challenged by Lumen has these elements.  See, e.g., Kilopass Tech., Inc. v. Sidense Corp., 2013 U.S. App. LEXIS 25671, *10 (Fed. Cir. Dec. 26, 2013) (describing inconsistent claim construction arguments as "gamesmanship"); Highmark, Inc. v. Allcare Health Mgmt. Sys., 687 F.3d 1300 (Fed. Cir. 2012).

In sum, sanctions may only be imposed against the patentee if FTB can show by clear and convincing evidence that the litigation was objectively baseless.  Wi-Lan Inc., at *15.  Under this exacting standard, the plaintiff's case must have no objective foundation.  The record here does not provide a basis for the Court to find objective baseless-ness as to infringement of the '073 Patent, and the Motion for Attorneys' Fees should be denied.

### 2.  *Lumen's litigation was not objectively baseless as to the validity of the '073 Patent*

The record does not show and FTB has not proven its invalidity contentions.  FTB cannot now claim that an invalid patent was asserted against FTB to satisfy the objectively baseless prong, such that no reasonable litigant could expect success on the merits.  Lumen's claim to the

benefit of the presumption of validity of the '073 Patent was present at the onset of the litigation and remains as this Court ruled on other grounds the '073 Patent ineligible subject matter. Although this Court ruled on November 22, 2013 the invention disclosed by the '073 Patent to be patent-ineligible under Section 101, there was no finding by the Court as to the merits of the validity issue, for example, under 35 U.S.C. §§ 102, 103 or 112 as alleged in FTB's invalidity contentions.  Prior to that date, Lumen could rely on the fact that the '073 Patent was correctly evaluated by the USPTO under post-<u>Bilski</u> computer-implemented process guidelines promulgated by the USPTO.  Ex. 1, Affidavit, Wasserbauer, ¶¶7-8.

Moreover, the Court made no Markman ruling made on Lumen's Claim Construction. <u>Id</u>. ¶13.  No record had been made in construing the claims of the '073 Patent.  <u>Id.</u> ¶14.  As the scope afforded claim 1 of the '073 Patent has not been determined, no prerequisite finding is in the record to base a validity determination, and these findings of mixed questions of law and fact related to validity are typically made by a jury.  No invalidity record had been made on FTB's asserted invalidity contentions.  <u>Id</u>. ¶15.  No record of findings has been made in invalidating the claims of the '073 Patent over prior art of record. <u>Id</u>. ¶16.  There are no facts favorable to FTB, or changes in the law, pre-Nov. 12, 2013 for Lumen to know the Court would disagree with the USPTO; FTB's reliance on a record-not-made for invalidity is insufficient to meet the standard in order to justify fees.

There is no evidence to suggest that Lumen should have anticipated this Court to rule the '073 Patent as patent-ineligible under Section 101.  A party challenging the validity of a patent, assessed by the USPTO under the post-<u>Bilski</u> Section 101 guidelines, must prove invalidity by clear and convincing evidence. <u>Microsoft Corp. v. i4i Ltd. P'ship</u>, 131 S. Ct. 2238, 2243 (U.S. 2011).  The record here does not appear to provide a basis for the Court to find objective

baseless-ness as to the validity of the '073 Patent, and the Motion for Attorneys' Fees should be denied.

### 3. *Lumen's litigation was not objectively baseless as to the eligibility of the '073 Patent*

The record does not show, and FTB has not proven, that Lumen's claim of patent eligibility was objectively baseless, such that no reasonable litigant could expect success on the merits.  The USPTO granted the '073 Patent under the post-<u>Bilski</u> guidelines, prosecuted by Bruce Sunstein.   Ex. 1, Affidavit Wasserbauer ¶¶6-8.  The Patent conferred rights on Lumen as a validly issued patent.  <u>Id</u>. ¶7.  The initial complaint includes allegations of infringement that track to the PICs, as well as to the Claim Construction Brief, that was approved by this Court. <u>Id</u>. ¶10-12.  Counsel for Lumen was under no obligation to discuss infringement at the outset in discussion with FTB.  <u>Id</u>. ¶20.  These facts do not demonstrate the type of situation where a reasonable litigant should not expect success on the merits, demonstrating objective baseless-ness and justifying an award of fees.

FTB cites to no authority where a court has assessed attorneys' fees after invalidation of a patent under Section 101.  In <u>Digitech Image Techs., LLC v. Newegg, Inc.</u>, a court in the Central District of California assessed whether to award attorneys' fees against a Plaintiff who sued multiple defendants for patent infringement.  2013 U.S. Dist. LEXIS 147633 (C.D. Cal. Oct. 11, 2013).  Out of the twenty litigated cases, defendant Newegg was the only defendant to file a motion for attorneys' fees after Digitech's patent was declared ineligible, non-patentable subject matter by the district court, thereby Court invalidating the '415 patent.  <u>Id</u>. at *3.  Despite Newegg's description of itself as "a champion of the bullied who 'must take a stand against litigation-extortion [sic],'" similar to FTB's claims, the Court ruled that the infringement suit

18

against Newegg was neither objectively baseless nor brought in bad faith and denied the motion for fees.  Id. at *6.   The court stated:

> [T]his Court invalidated the '415 Patent because it related to nonpatentable subject matter - something which would not have been revealed during a prefiling investigation. And the Federal Circuit itself has had difficulty agreeing upon the proper scope of § 101. See MySpace, Inc. v. GraphOn Corp., 672 F.3d 1250, 1260 (Fed. Cir. 2012) (describing § 101 jurisprudence as a "murky morass").    Digitech asserted presumptively valid claims that were ultimately invalidated under a complex and evolving area of patent law. Without some additional evidence as to why Digitech should have known the '415 Patent would be invalidated, Newegg's naked baselessness accusations necessarily fail.

Id. at *8.  In denying the motion for fees, the Court noted that although Plaintiff emphasized the burden placed on the judicial system from baseless infringement claims, the Court notes that "motions lacking factual and legal support also unduly burden the judicial system. All parties should be mindful of the limited resources of the Court and the challenges it faces in preserving judicial resources."  Id. at *11.[9]

Similar to the claims made by the Digitech prevailing party, FTB claims "Lumen filed its Complaint against FTB without any probable cause and for the sole purpose of extorting 'licensing fees' or a 'nuisance settlement' from FTB based on an invalid patent.  Lumen's lawsuit against FTB was part of a massive campaign to extract as many 'licensing fees' as possible."  (D.I. 59)  In Digitech, "Newegg asserts that Digitech's numerous infringement suits are 'exactly the type of shake-down litigation that warrants treatment as an exceptional case.'

---

[9] FTB's failure to include a specific fee amount or hourly totals in their request for an award of fees is likely an indication that it is on a reckless pursuit for attorneys' fees.  Although not required for analysis of whether this case is exceptional, the prevailing party generally provides contemporaneous time records, affidavits, and other materials to support its application for the amount of reasonable hours expended.  Takeda Chem. Indus. v. Mylan Labs., Inc., 2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) (citations omitted).  Providing these details aids in the court's assessment and award of fees, and failure to provide these specifics burdens the judicial system.  Digitech Image Techs., LLC, 2013 U.S. Dist. LEXIS 147633 at *10.  Although FTB cites to Fed. R. Civ. P. 54(d)(2)(c) as authority for why an amount was not submitted, Rule 54 specifically states that the motion **must** "state the amount sought or provide a fair estimate of it." (emphasis added).

Newegg argues that Digitech's suits reveal a pattern of 'extortion-like tactics,' which demonstrate that Digitech's suit against Newegg was objectively baseless and brought in bad faith." Id. at *6.   However, there is nothing to suggest that Lumen knew this Court would declare the '073 Patent as patent-ineligible under Section 101.   Just as Digitech was unable to show, FTB is similarly unable to show based on the available record, that the clear and convincing standard was met.

To support a showing of Lumen's conduct as "manifestly unreasonable" and establish this case as exceptional, FTB relies on Multi-Tech, Inc. v. Components, Inc., 708 F. Supp. 615 (D. Del. 1989).   Unlike in the instant litigation where the '073 Patent had a clean prosecution history under current post-Bilski computer implementation guidelines and one office action, the Multi-Tech Court awarded attorneys' fees to the Defendant after granting the Defendant's Motion for Summary Judgment based on non-infringement.   Ex. 1, Wasserbauer Affidavit ¶7. The patent-in-suit had a lengthy and varied prosecution history before the USPTO.   The Court specifically found that the Defendant continued to pursue his claim of patent infringement, despite the prosecution history unequivocally excluding the Defendant's materials from the scope of the patent.   Id. at * 622.   This was sufficient to show "the plaintiff's actions were taken at the very least with gross negligence. This factor makes this case exceptional."   Id.   The facts between Multi-Tech and the instant litigation are so divergent that it does not suggest the holding in Multi-Tech can be applied to the facts of the instant litigation, thereby justifying an assessment of attorney's fees, especially in light of the fact that the Court ruled the '073 Patent ineligible subject matter.

No party that Lumen has asserted the '073 Patent against has brought a claim for attorneys' fees or a violation of Rule 11.   Based on the ruling of patent ineligibility, FTB is now

trying to shift costs and request attorneys' fees from Lumen.  However, FTB does not even come close to showing the litigation was objectively baseless or brought in subjective bad faith by clear and convincing evidence.  As this Circuit has held, this is an "exacting standard" and fees are not routinely assessed against a losing party in litigation in order to avoid penalizing a party for merely defending or prosecuting a lawsuit; they are awarded to avoid a gross injustice.  Wi-Lan Inc., at *20-21.  Just as the court in Digitech denied the motion for fees, Lumen requests the Court to deny FTB's motion as well, based on the lack of supporting evidence provided to justify an award of fees in cases of ineligible, non-patentable subject matter.

### III.   EVEN IF THIS COURT FINDS THAT THIS CASE IS EXCEPTIONAL, FTB'S MOTION FOR FEES SHOULD BE DENIED IN THE COURT'S DISCRETION

Even if the Court were to find this case was exceptional within the meaning of § 285, the decision of whether to award attorneys' fees is discretionary.  Mach. Corp. of Am. v. Gullfiber Ab, 774 F.2d 467 (Fed. Cir. 1985) (citations omitted); Wi-Lan Inc., at *20.  Fee awards are not to be regarded as a penalty for failure to win a patent infringement suit, and should only be allowed where it would be "grossly unjust that the winner… be left to bear the burden of his own counsel fees…"  Id., citing Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 701 F.3d 1351, 1355 (Fed. Cir. 2012) (en banc).  The award of fees is designed to "further the goals of compensation and deterrence…."  Ariel (UK) Ltd., 2007 U.S. Dist. LEXIS 7423 at *18 (denying fee award).

As discussed, the '073 Patent was issued by the USPTO, which carries a presumption of validity.  Lumen was entitled to rely on this presumption and, after thorough investigation into potential infringement, initiate legal action in order to protect its' patent.  Ex. 1, Affidavit

Wasserbauer, ¶9.  Additionally, this Court has applied a standard that is currently being reviewed by the Supreme Court.  <u>Alice Corp. Pty. Ltd. v. CLS Bank Int'l</u>, 717 F.3d 1269 (Fed. Cir. 2013), <u>cert. granted</u> 134 S. Ct. 734 (U.S. 2013) (The issue presented is "Whether claims to computer-implemented inventions – including claims to systems and machines, processes, and items of manufacture – are directed to patent-eligible subject matter within the meaning of 35 U.S.C. § 101 as interpreted by this Court").  Nothing in the record or this Court's ruling would indicate that the '073 Patent was invalid or objectively unreasonable, prior to the decision to invalidate the patent which effectively terminated the litigation, pending appeal.  Lumen's actions do not come close to the "type of inequitable or unusual conduct that would justify awarding attorneys' fees…."  <u>Wi-Lan Inc.</u>, at *50 (citations omitted).  An award of fees in this case would serve to deter patent holders from enforcing their statutory rights under a validly issued patent.

Therefore, even if this Court rules that FTB has shown the patent infringement lawsuit to be "exceptional," their request for fees should still be denied.  This is not a situation where it would be grossly unjust for FTB to bear the costs of its own defense when litigating a patent infringement suit, where the patent was validly issued by the USPTO and the standard of review is currently in flux.  Congress intended that recovery of attorneys' fees will not become an ordinary thing in patent suits.  Lumen respectfully requests this Court in its discretion to deny the Motion for Attorneys' Fees.

## IV.   IN THE ALTERNATIVE, THE MOTION SHOULD BE DENIED WITHOUT PREJUDICE

As stated in Lumen's December 23, 2013 letter to the Court, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.  <u>Syrnik v. Polones Constr. Corp.</u>, 2012 U.S.

Dist. LEXIS 134188 (S.D.N.Y. Sept. 19, 2012), <u>citing</u> <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56 (1982).   "However, notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."   <u>Tancredi v. Metro. Life Ins. Co.</u>, 378 F.3d 220, 225 (2d Cir. N.Y. 2004) (citations omitted).

If an appeal on the merits of the case is taken, a court may rule on a pending motion requesting attorneys' fees.  The Court may also defer its ruling on the motion, or may deny the motion without prejudice, directing a new period for filing after the appeal has been resolved. <u>Id.</u>; <u>accord</u> <u>Matsumura v. Benihana Nat'l Corp.</u>, 2010 U.S. Dist. LEXIS 42320 (S.D.N.Y. Apr. 22, 2010) (denying motion for attorneys' fees without prejudice pending appeal on the merits because of potential impact of notice of appeal); <u>Bayer Schering Pharma AG v. Sandoz, Inc.</u>, 2012 U.S. Dist. LEXIS 189300 (S.D.N.Y. Aug. 24, 2012) (deferring motion of attorneys' fees pending notice of appeal in patent litigation through agreement of the parties).

Lumen has filed a Notice of Appeal related to the decision invalidating the '073 Patent, and the validity of the '073 Patent will again be argued at the appellate level.  FTB's pending motion for attorneys' fees will potentially be impacted by the resolution of Lumen's pending appeal on the merits.  Furthermore, the Supreme Court's ultimate ruling in <u>Octane Fitness, LLC v. ICON Health & Fitness, Inc.</u>, Docket No. 12-1184, will potentially impact the standard for awarding fees under § 285.  496 Fed. Appx. 57, 2012 U.S. App. LEXIS 22096 (Fed. Cir. 2012), <u>petition for cert. granted</u> 134 S. Ct. 49 (2013). Therefore, in the alternative to ruling that attorneys' fees are not justified, Lumen requests this court to deny FTB's motion without prejudice, directing a new period for filing after the appeal has been resolved or until the Supreme Court has ruled on the issue.

## CONCLUSION

FTB's request for fees, although couched in terms of lack of pre-suit investigation, is ultimately based upon the Court's recent determination of invalidity under Section 101.  The procedural history of this case lacks any claim construction rulings or a record of arguments from either side relative to infringement of the '073 Patent.  FTB fails to provide anything more than conclusory allegations that Lumen brought an objectively baseless bad faith infringement action to shift the burden of paying legal fees, under the guise of a crusade against "patent trolls."   Through seeking protection of constitutionally granted patent rights, Lumen is not automatically acting in bad faith simply because it has brought infringement actions against multiple defendants, including FTB, in order to license technology FTB is using.  Without clear and convincing evidence to show this is an exceptional case, or evidence of litigation misconduct, which FTB has utterly failed to provide, this Court must deny the request for attorneys' fees.

For the foregoing reasons, Lumen respectfully requests that the Court: (1) deny FTB's Motion to Award Attorneys' Fees, and (2) to grant any other such relief as this Court deems just and proper.

January 10, 2014                              AETON LAW PARTNERS LLP


                                              */s/ Damian Wasserbauer*
                                              Damian Wasserbauer (DW3507)
                                                   damian@aetonlaw.com
                                              101 Centerpoint Drive
                                              Middletown, Connecticut 06457
                                              Telephone:  (860) 724-2160

                                              *Attorney for Plaintiff*
                                              *Lumen View Technologies LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2014, I electronically filed the above and PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Damian Wasserbauer*

Damian Wasserbauer (DW3507)
