# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMEN VIEW TECHNOLOGIES LLC, | : |
| Plaintiff, | : |
| v. | : 1:13-cv-03599-DLC |
| FINDTHEBEST.COM, INC. | : January 10, 2014 |
| Defendant. | : |

## AFFIDAVIT OF DAMIAN WASSERBAUER IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

EXHIBIT 1

I, Damian Wasserbauer, hereby aver and declare under oath and penalty of perjury:

1. I am counsel for plaintiff in this action, Lumen View Technology, LLC (herein "Lumen").

2. I am *of Counsel* with the law firm of Aeton Law Partners LLP, am admitted to the bar of the Southern District of New York, and am in good standing with this Court.

3. I am a registered patent attorney before the United States Patent and Trademark Office ("USPTO"), and am in good standing with the USPTO Patent Bar and its Administrative Tribunals.

4. Prior to filing the action, I reviewed the specification and file history of the prosecution of the United States Patent No. 8,069,073 B2 (the " '073 Patent").

5. Prior to filing the action, I also reviewed the parent patents United States Patent Nos. 6,915,269, 7,184,968, and 7,725,347, as well as their respective file histories, in light of the claims and arguments presented with respect to the '073 patent and its file history.

6. The prosecution of the '073 Patent before the USPTO was conducted by *inter alia* Bruce S. Sunstein, a registered patent attorney with forty years of experience, registered since 1974, and a founding partner of Sunstein, Kann, Murphy & Timbers LLP

7. The prosecution history of the '073 Patent demonstrates that the U.S Patent Office's Examining Attorney agreed with Attorney Sunstein's proposed computer-implemented process claims pursuant to the sole Office Action rendered during the application's evaluation.

8. The '073 Patent was reviewed under the post-*Bilski* USPTO computer-implemented software invention guidelines.

9. Prior to filing the above-identified action, Lumen View and counsel performed weeks of infringement analysis with respect to the FTB website, informed by prior review of the '073 patent and file history, as well as the file histories of the parent patents United States Patent Nos. 6,915,269, 7,184,968, and 7,725,347.

1

10. Lumen View and counsel identified on an element-by-element basis, presence of each claim limitation of claim 1 of the '073 patent in the FTB website.

11. The initial complaint (D.I. 1) satisfies and exceeds and the standards required under the Federal Rules of Civil Procedure, Form 18, by *inter alia* the allegations of infringement (¶12) and in offering a comparison of the claim of '073 Patent to a FTB product and/or service, here, their "AssistMe service" (¶13).

12. Moreover, the initial complaint (D.I. 1, ¶¶12, 13) is utilized in Lumen's preliminary infringement contentions ("PICs'") with additional information and FTB Website screenshots. Defendant Findthebest.com ("FTB") challenged these PICs as being deficient. (D.I. 17). The Court denied FTB's motion. (D.I. 25).

13. No Markman ruling has been made on Lumen's Claim Construction.

14. No record has been made in construing the claims of the '073 Patent.

15. No invalidity record has been made on FTB's asserted invalidity contentions.

16. No record of findings has been made in invalidating the claims of the '073 Patent over prior art of record.

17. As counsel I have been involved in discussions with defendant Findthebest.com's ("FTB") from the initiation of this Case No. 1:13-cv-3599-DLC.

18. On June 19, 2013, I had an approximately 30 minute telephone call with FTB's Director of Business Operations, Mr. Danny Siegle who initiated this phone call.

19. During this call I answered certain of Mr. Siegle's questions but declined to answer specific patent infringement questions.

20. I had no obligation to discuss infringement at the outset in my discussion with Danny Siegle.

21. I recommended to Mr. Siegle that FTB obtain legal counsel in connection with the suit.

22. Mr. Siegle was persistent in requesting this analysis during the call; I further recommended that Mr. Siegle consult a patent attorney to perform the analysis he requested.

23. I did refer Mr. Siegle to paragraphs 12 and 13 of the Complaint (D.I. 1) where Lumen's allegations included an allegation of infringement (¶12) and the comparison of the '073 Patent to their "AssistMe service" (¶13).

24. Plaintiff's complaint is structured to satisfy Form 18 and provide addition information than required under the Federal Rules of Civil Procedure so that companies, like FTB, are given an example of one of their products that infringes at the start of the case and the licensing opportunity presented by Plaintiff.

25. Prior to filing the above-identified action, there was prior success of licensing the '073 Patent by other respected companies as licensees.

I declare under penalty of perjury that the statements herein are true or if made upon information and belief are believed to be true upon reasonable investigation.

Dated: January 10, 2014

*Damian Wasserbauer*

Damian Wasserbauer (DW3507)

State of Connecticut )
                     )
County of Middlesex  )

I hereby certify that on January 10, 2014, Damian Wasserbauer personally appeared and signed before me as Notary Public this document.

By: *Allison Valonis*
Name: Allsion Valonis
Date: January 10, 2014


ALLISON MARGARET VALONIS
Notary Public, State of Connecticut
My Commission Expires August 31, 2017