<u>**VIA ECF**</u>                                                                                January 31, 2014

Hon. Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan U. S. Courthouse
500 Pearl Street, Room1610
New York, NY 10007-1312

   Re: *<u>Lumen View Technologies LLC v. Findthebest.com, Inc.</u>*<u>, S.D.N.Y.1:13-cv-03599-DLC</u>

Hon. Judge Cote:

  Plaintiff Lumen View ("Lumen") responds to Defendant Findthebest.com, Inc.'s ("FTB") January 20, 2014 letter asking this Court to strike certain portions of my affidavit submitted in support of Lumen's opposition to FTB's Motion for Attorneys' Fees. The Court should deny the Motion to Strike.

  FTB requests this Court impose an evidentiary standard on the Motion for Attorneys' Fees that is not present in the controlling statute or case law. Under 35 U.S.C. § 285, an award of fees is granted only in exceptional cases. FTB has the burden, not Lumen, to establish that this case is exceptional *by clear and convincing evidence.* FTB has simply failed to provide any such evidence. Furthermore, if the Court applies the evidentiary standards that FTB requests of Lumen, FTB's evidence is even more lacking.

  Regardless, this Court has the discretion to consider the evidence in the form submitted in my affidavit showing the pre-suit infringement investigation. See <u>National Presto Indus. v. West Bend Co.</u>, 76 F.3d 1185, 1197 (Fed. Cir. 1996); <u>Computer Docking Station Corp. v. Dell, Inc.</u>, 519 F.3d 1366, 1379 (Fed. Cir. 2008) (affirming denial of fees where the Court relied on affidavits from attorney and employees attesting to "pre-filing investigation of the patent, prosecution history and accused devices").[1]

  **<u>Objections to Paragraphs 7 and 8 Must Be Overruled</u>**: Even *assuming arguendo* that a trial evidentiary standard should control, my affidavit (as counsel to Lumen) satisfies that standard. My statement in para. 7 is not hearsay, as it goes to the state of mind of Lumen's counsel when assessing whether to pursue the statutory rights granted under the '073 Patent. My statement in para. 8 is not a legal opinion, but is a fact about the timeline relevant to when the '073 Patent was examined. The Court can take Judicial Notice of the USPTO Administrative Rules then in effect, including the <u>Bilski</u> standards. The <u>Bilski</u> standards (implemented by the USPTO prior to the issuance of the First Office Action for the '073 Patent pursuant to the July 27, 2010 Memorandum to the Examining Corps.) were previously cited (D.I. 27 at 2-3, *Cf.* 29-2 43 of 146 (1st Office Action

---

[1] Courts undergo a similar analysis when reviewing a motion to impose Rule 11 sanctions. See, e.g., <u>Arrival Star, Inc. v. Descartes Sys. Group, Inc.</u>, 2004 U.S. Dist. LEXIS 22433 (S.D.N.Y. Nov. 5, 2004) (declining to award Rule 11 sanctions where plaintiff performed claim construction and infringement analysis prior to filing). In <u>Arrival Star</u>, similar to the instant case, the motion for sanctions was based on alleged failure to conduct pre-filing investigations. The Court relied on the declaration of counsel showing they had performed a claim construction, reviewed and discussed publicly available materials and prepared detailed claim charts. <u>Id.</u> at *35. Ultimately, the court declined to award sanctions under Rule 11, noting that plaintiff had done all he could, including asking for but not receiving technical documentation regarding the infringing software products ("where a patentee has requested information concerning purportedly infringing products and that request has been rebuffed or rejected by the party subsequently named a defendant, the filing of a lawsuit was not sanctionable.")

Notification Date: 3/25/2011)).[2] The timeline referred to in my affidavit is therefore not a matter of opinion. Furthermore, even if the Court were to construe this statement as opinion, it is my duty as counsel for Lumen to argue the controlling case law and how the Court should apply it, just as Mr. Leventhal has done. Neither para. 7 or 8 were submitted to prove the contents of the patent history, which is already of record (D.I. 29-2), but to demonstrate that the litigation was brought by Lumen in good faith. The Best Evidence rule does not preclude such a use and is therefore inapplicable.

**Objections to Paragraphs 9 and 10 Must Be Overruled**: Para. 9 and 10 are supported and do not lack foundation. Para. 9 and 10 state that Lumen and counsel reviewed the patent and its history, participated in weeks of pre-filing investigation, and, as counsel, I identified on an element-by-element basis, the presence of each claim limitation of claim 1 of the '073 Patent in the FTB's online services. (D.I. 1, ¶13.) As both counsel and a participant in these activities, my affidavit established the appropriate foundation. This pre-filing preparation demonstrates Lumen's subjective, good faith intent and is not inadmissible hearsay.[3] It is offered to rebut the conclusory allegations made by FTB that Lumen somehow acted in bad faith. Furthermore, para. 9 and 10 are offered to show the extensive steps taken by counsel to investigate the '073 Patent and FTB's infringing online services.

**FTB's Affidavits Should Be Stricken**. Finally, if FTB's proffered evidentiary standard should control, Lumen requests the Court to also strike: (i) para. 4 of the Seigle Declaration (D.I. 61) as improper opinion testimony lacking appropriate foundation; (ii) para. 4 and 8 of the O'Connor Declaration (D.I. 62) as lacking foundation, improper opinion testimony lacking appropriate foundation and hearsay; and (iii) Exhibit 5 (D.I. 63, screenshots from the FTB website) as lacking proper foundation and authentication. Lumen also requests this Court to strike all references made in FTB's Memorandum that conclude that no infringement of the '073 Patent occurred as a basis for an award of fees. (D.I. 61) Any assertions or reliance on claim construction or infringement findings should be stricken. This is an improper legal opinion as noninfringement was not decided by this Court or the subject of any evidentiary hearings following the right to discovery. Although improper to engage in infringement analysis at this stage of the proceedings, FTB is simply mistaken in its position of noninfringement and Lumen was not given an opportunity to prove infringement with the benefit of such discovery.

Respectfully submitted,

*Damian Wasserbauer*

Damian Wasserbauer

Counsel for Plaintiff (DW3507)

---

[2] http://www.uspto.gov/patents/announce/bilski_guidance.jsp; Augmenting Rule Notice Eff. Mar. 29. 1996 Examination Guidelines for Computer-Related Inventions. http://www.uspto.gov/web/offices/com/sol/og/con/files/cons093.htm

[3] Lumen relied on the available materials and analysis of counsel prior to filing suit, and at this stage of litigation such actions were more than sufficient to establish subjective good faith and objective reasonableness. The SDNY has described the "Catch 22" many similarly situated plaintiffs face prior to discovery: "Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions." New York Univ. v. E.piphany, Inc., 2006 U.S. Dist. LEXIS 9157 at *5-8 (S.D.N.Y. Mar. 6, 2006) (addressing motion to compel within discovery dispute of a patent infringement case).