**VIA ECF AND OVERNIGHT MAIL**                                                                 May 16, 2014

Hon. Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan U. S. Courthouse
500 Pearl Street, Room 1610, New York, NY 10007-1312

**Re:**       *Lumen View Technologies LLC v. Findthebest.com, Inc., ("FTB")*

Hon. Judge Cote:

We write in response to your April 14, 2014 Order, regarding the significance of the Octane decision on the motion for attorneys' fees made by Defendant Findthebest.com, Inc. ("FTB") (D.I. 59, 60). This case is not "exceptional" under the Octane standard, and FTB's motion must be denied.

### I. An Award of Fees is Only Justified By Uncommon or Rare Circumstances

In *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 2014 U.S. LEXIS 3107, the Supreme Court unencumbered the statutory standard in awarding attorneys' fees under 35 U.S.C.S. § 285 by construing the term "exceptional" in accordance with its ordinary meaning: uncommon, rare, or not ordinary. A court should only award fees where, based on the totality of the circumstances, a case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at *15.

The essence of § 285 remains unchanged by Octane. Although the Supreme Court eliminated the Brooks Furniture framework, Octane continues to support an award of fees is appropriate only "in the rare case": a case presenting either subjective bad faith or exceptionally meritless claims. Id. at *17. The Court credited the holistic, equitable approach of courts in analyzing § 285 prior to 2005 and Brooks Furniture. Id. at *8, citing with approval Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d 688 (noting that fraud in the procurement of a patent or some finding of inequitable conduct or bad faith merited an award of fees under the "exceptional" standard).[1] Courts remain permitted to use these factors in assessing exceptionality.[2]

As pointed out by the Octane Court, the legislative intent behind this provision "did not contemplat[e] that the recovery of attorney's fees [would] become an ordinary thing in patent suits." Id. at *5-6. Octane makes it clear that § 285 is not intended to be a "penalty" for failure to win, but is available to address "unfairness or bad faith in the conduct of the losing party, or some other equitable consideration" that made a case so unusual as to justify fee shifting. Id. at *6.[3]

### II. The Request for Fees Should Be Denied Because This Case is Not Exceptional

Under Octane's definition of "exceptional," this Court should consider that Lumen had a very strong litigation position before the time of filing suit for the '073 Patent. At that time: (1) the '073 Patent was presumptively valid; (2) the prosecution history of the '073 Patent demonstrated that the USPTO Examining Attorney agreed with prosecuting counsel's proposed computer implemented process claims pursuant to the sole Office Action rendered during the application's evaluation; (3) the application was evaluated under the USPTO's post-Bilski guidelines (specifically developed to address patentability under 35 U.S.C. § 101), (4)

---

[1] Another pre-2005 Federal Circuit ruling embodies the holistic approach cited by Octane: stating "[fees] are not to be awarded in normal cases involving no unconscionable conduct on the part of the losing party." Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1458 (Fed. Cir. 1984) (reversing award for fees).
[2] See, e.g., Bianco v. Globus Med., Inc., 2014 U.S. Dist. LEXIS 64805 (E.D. Tex. May 12, 2014) (using Octane to deny attorney's fees and continuing to use the objective baselessness and subjective bad faith factors).
[3] Id. at *7. "In contending that [the] claim was objectively baseless, [Defendant] relies heavily on this Court's ruling on the inventorship issue. However, the fact that the Court ruled against [Plaintiff] on that issue does not mean that [Defendant] has shown that [the] claim was frivolous or otherwise exceptionally meritless."

there are no allegations of improper conduct before the USPTO; (5) the '073 Patent, one in a large family of related patents, indicates the USPTO had substantial and intimate knowledge of its subject matter; (6) Lumen had successfully licensed the '073 Patent to sophisticated licensees; (7) Lumen had conducted an extensive pre-suit investigation to support its infringement allegations against FTB; and (8) Lumen's complaint against FTB exceeded Form 18.  Further, there are no instances or rulings of sanctions, bad faith conduct or noninfringement on the record, other than FTB's unsubstantiated allegations, and Lumen met its burdens at every stage of the litigation, including its claim construction and infringement contentions.

Although this Court ruled the '073 Patent covered ineligible subject matter under §101 and granted FTB's motion for judgment on the pleadings, this does not equate to a finding of an "exceptional" case.[4] Congress has charged the USPTO with examining patent applications and issuing patents under the proper guidelines and the USPTO is presumed to properly perform its administrative functions.[5] Lumen, in good faith, relied on the USPTO's issuance of the '073 Patent and asserted its rights under a presumptively valid patent: this presumption of validity should not be ignored or degraded by the prospect of "per se" fee shifting.  This Court's ruling essentially was a discretionary determination that the USPTO improperly issued the '073 Patent, but it does not in any way denote unconscionable conduct on the part of Lumen (i.e. fraud in the procurement, prosecution or assertion). Patentability under §101 is an issue that courts have grappled with for decades, and scholars, judges, attorneys, and the USPTO have consistently come down on different sides of the argument.  There is no showing of exceptionality in Lumen's reliance on the presumption of validity carried by a post-Bilski patent issued by the USPTO.[6]

The Court should also not accept FTB's position that a post-suit letter or discussions between counsel amount to a "rare" case. All of FTB's allegations remain adamantly disputed and there are no findings to support any impropriety or sanctionable conduct. Although litigation conduct need not rise to sanctionable conduct, Octane called such circumstances "rare" when it would be "so exceptional" to justify an award of fees. However, any consideration of litigation conduct of the parties must include, as a matter of "equitable discretion," the conduct of FTB. Lumen has noted to the Court that FTB's CEO, Kevin O'Connor engaged in highly uncommon and bad faith conduct in this case including: harassing phone calls, defamatory and offensive comments hurled at inventors, and even reaching out to the Executive Director of the Catholic Schools Foundation, calling into the question the ethics of one of the inventors (who is a volunteer and trustee) for her alleged participation in the enforcement of the '073 Patent.  Further, as CEO, Mr. O'Connor's exceptional conduct took place despite the enforcement of his own pre-Bilski software patents (covering the placement of online advertisement) against multiple smaller companies in this very Court.[7]

There is nothing uncommon, rare or out of the ordinary about the prosecution or assertion of the '073 Patent that establishes this case as "so exceptional" it warrants fee shifting. There has been no unconscionable conduct by Lumen, and an award of fees would be contrary to the legislative intent of § 285 and the Octane holding. FTB, for purposes of this case, clearly wants the pendulum of § 285 to swing so far so as to penalize Lumen for relying on, in good faith, a presumptively valid patent with a clean prosecution history.  This case does not warrant such a drastic swing.

---

[4] On December 9, 2013, Lumen View filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit from the Order Entering Judgment in Favor of FTB. (D.I. 55, 56).  This issue is still pending.  It bears noting that there have been no findings in this case of noninfringement or patent invalidity in light of prior art.

[5] In another pre-2005 case addressing attorney's fees, the court stated that "the presumption of validity accompanying the issuance of his patents cannot be ignored."  Advance Transformer Co. v. Levinson, 837 F.2d 1081 (Fed. Cir. 1988) (denying fees), overruled on other grounds by Cardinal Chem. Co. v. Morton Int'l, 508 U.S. 83 (1993).

[6] Similarly, the fact that Lumen is a NPE has no bearing on the Octane standard. The Octane Court could have commented on the fact that ICON was not commercializing its patent, and that the trial court ruled that fact did not support a finding of bad faith.  The Court did not, and that fact should not be used as a basis for an award of fees.

[7] Memorandum of Law in Support of Defendant Lumen View Technology LLC's Motion to Dismiss at 4, FindTheBest.com, Inc. v. Lumen View Technology LLC et al (Oct. 29, 2013) (No. 1:13-cv-06521-DLC).

/s/ Damian Wasserbauer
Damian Wasserbauer (DW3507)
101 Centerpoint Drive
Middletown, CT 06457
(860) 266-1779
*Attorney for Plaintiff*
*Lumen View Technologies LLC*