UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMEN VIEW TECHNOLOGY LLC,<br><br>                Plaintiff,<br><br>v.<br><br>FINDTHEBEST.COM, INC.,<br><br>                Defendant. | No.  13 CV 3599<br><br>ECF CASE |

**DEFENDANT FINDTHEBEST.COM, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT
OF ITS MOTION FOR DECLARATION OF EXCEPTIONAL CASE
AND AWARD OF FEES AND NONTAXABLE EXPENSES**

In view of the United States Supreme Court's decision in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, No. 12-1184 (Apr. 29, 2014), and pursuant to this Court's April 29, 2014 Order, Defendant Findthebest.com, Inc. ("FTB") hereby submits its supplemental brief in support of its request that the Court determine that this case is exceptional based on Plaintiff Lumen View Technology, LLC's ("Lumen") pursuit of objectively baseless claims against FTB and Lumen's extraordinary conduct, and award attorney's fees and nontaxable expenses to FTB (the "Motion").

**I.      THE NEW, LESS RESTRICTIVE *OCTANE* STANDARD**

As FTB pointed out in its reply brief, under either the Federal Circuit test or any less rigid standard announced by the Supreme Court, the facts of this case warrant an exceptional case determination.  The question raised by *Octane* was whether the Federal Circuit's two-part test for

1.

determining an exceptional case under 35 U.S.C. § 285 was an impermissibly heightened standard.  On April 29, 2014, the Supreme Court decided *Octane* and, indeed, found that the framework applied by the Federal Circuit was "unduly rigid and inconsistent with the text of § 285."  Slip. Op. at 7.

In *Octane*, the Supreme Court deemed "overly rigid" the Federal Circuit's requirement that a case may only be exceptional when there has been some material inappropriate conduct, or when the litigation is *both* objectively baseless *and* brought in subjective bad faith.  *Id*. at 8.  Instead, the Supreme Court relaxed the test and held that an "exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id*. at 7.  The Supreme Court further instructed that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances" (*id*. at 8) which, as the Supreme Court noted, may include factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." [1]  *Id*. at 8, n.1.  The Supreme Court emphasized that "sanctionable conduct is not the appropriate benchmark.  Under the [*Octane* standard], a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so "exceptional" as to justify an award of fees."  *Id*. at 9.  Moreover, patent litigants are no longer required to prove their entitlement to fees under §285 by clear and convincing evidence:  *Octane* mandates that

---

[1] In a companion case, *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.,* No. 12-1163 (Apr. 29, 2014), the Supreme Court held that the determination whether a case is "exceptional" under § 285 is a matter of discretion…[and] is to be reviewed only for abuse of discretion.  Slip. Op. at 4.

"Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one."  *Id*. at 11.  If any standard of evidence is required, it is that which is "generally applicable in civil actions":  a "preponderance of the evidence standard."  *Id*.

## II.     ARGUMENT

The standard announced in *Octane* underscores FTB's statement in its opening brief:  this case is the epitome of "exceptional."  Under the new, less restrictive *Octane* standard, it is clear that this case stands out from other patent infringement cases with respect to Lumen's frivolous and baseless infringement claims against FTB, as well as Lumen's stated purpose of extorting a "licensing fee" from FTB and the manner in which it conducted this litigation.  To avoid redundancy, FTB does not restate all facts and evidence set forth in its Motion, which argues in favor of an exceptional case finding under the old, more stringent test.  Instead, FTB provides the following summary of key facts incorporated in its Motion (*see* Dkt. No. 60):

- Lumen filed suit and immediately threatened to use the litigation process to disrupt FTB's business and increase expenses for FTB if FTB chose to defend the litigation rather than pay the demanded "licensing fee."  (*Id*. at 2.)
- In addition to FTB, in a span of about 15 months, Lumen sued 20 other companies on the '073 Patent.  With each suit, Lumen also sent form letters notifying each target of the litigation and requiring payment of a "licensing fee" to avoid a lawsuit.  (*Id*. at 7.)
- Lumen's demand letters to litigation targets were boilerplate templates that contained no substantive information about Lumen's claims.  Instead, the letters were replete with scare tactics and threatened "protracted discovery" and collection of information from an extensive list of sources, including "personal" devices such as smartphones, if targets did not accede to Lumen's payment demands.  (*Id*. at 2, 7.)
- Lumen's failure to perform any pre-filing investigation, as shown by its attorney's inability to describe even basic operations of FTB's website and refusal to discuss the merits of its claims with FTB's executives.  (*Id*. at 3.)
- Despite disclosure by FTB that it did not in any way use the bilateral or multilateral process claimed in the '073 Patent and multiple requests for the basis for Lumen's infringement claims, Lumen's attorney repeatedly refused to provide specific information regarding Lumen's pre-filing diligence and a

> factual explanation for why Lumen believed that FTB infringed the '073 Patent. Instead, Lumen's attorney simply reiterated Lumen's position that FTB would have to pay "licensing fees" to avoid costly litigation. (*Id*. at 3-4.)

- After FTB's Chief Executive Officer contacted one of the inventors of the '073 Patent directly to discuss the litigation and explain that the lawsuit was meritless, Lumen's attorney threatened to report FTB and pursue criminal charges unless, among other financial demands, FTB paid the $85,000 licensing fee Lumen had previously demanded. (*Id*. at 4-5.)

- Lumen's Infringement Contentions were vague, identified FTB's entire "website" as the "Accused Product or Service," and provided little supporting detail—not even an example of the accused functionality, which is publicly available without registration or other barriers to access. Indeed, the documents Lumen appended to its Infringement Contentions demonstrated that FTB's website performs only unilateral decisionmaking and does not match preference data from at least two parties—confirming that FTB did not infringe the '073 Patent. (*Id.* at 5-6.)

- Lumen admitted that its sole "business purpose" is "to monetize the rights under '073 Patent (sic)." Lumen is a "shell entity," undercapitalized, does not operate any legitimate business, and does not have any actual offices. Lumen leveraged its "shell entity" status to object and refuse to provide relevant discovery on key issues such as the claimed priority date of the '073 Patent. (*Id*. at 6-7.)

- Lumen filed a meritless motion seeking to prevent FTB from exercising its First Amendment right to speak with the media, accompanied by a false declaration from Lumen's attorney. (*Id*. at 7-8.)

Considering the totality of these circumstances, this case is exceptional. Lumen not only filed its case against FTB without any probable cause and for the sole purpose of extorting "licensing fees" or a "nuisance settlement" from FTB based on an invalid patent, it did so as part of a massive campaign to extract as many "licensing fees as possible." At every turn, it attempted to extract "licensing fees" from FTB in return for ending the costly litigation. Lumen maintained its baseless claims even in the face of overwhelming evidence that FTB did not infringe and attempted to maximize cost to FTB by leveraging its "shell entity" status to avoid discovery, ensuring that FTB would have to expend additional resources to obtain information about the most basic issues in patent litigation in order to defend itself. In an attempt to intimidate FTB, distract it from the patent litigation, increase litigation expenses, and prevent

FTB from repairing its reputation, Lumen engaged in meritless motion practice when FTB exposed Lumen's tactics to the media. As noted in *Octane*, the Court should consider factors such as "frivolousness, motivation, objective unreasonableness…and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane*, Slip. Op. at 8, n.1. Not only was Lumen's lawsuit frivolous, unreasonable, and motivated by improper goals, the predatory conduct evinced by Lumen is precisely the type of behavior that should be deterred by an exceptional case finding here. Lumen's conduct warrants an exceptional case determination and an award of attorneys' fees and costs to FTB.

### III. CONCLUSION

For the reasons set forth above, and in the previous briefing on its Motion, FTB respectfully requests that the Court find that Lumen's suit against FTB is exceptional and grant its motion for attorneys' fees and costs.

Dated:   May 16, 2014              Respectfully submitted,

By:   /s/  Joseph S. Leventhal_____

JOSEPH S. LEVENTHAL
THE LEVENTHAL LAW FIRM, APC
600 West Broadway, Suite 700
San Diego, CA 92101
Ph: (619) 356-3518
Fx: (619) 615-2082
jleventhal@leventhallaw.com