**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LUMEN VIEW TECHNOLOGY, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | 1:13-cv-03599-DLC |
| FINDTHEBEST.COM, INC. | : | |
| Defendant. | : | August 1, 2014 |
| _____ | : | |

**LUMEN VIEW TECHNOLOGY LLC'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S SUBMISSION AS TO THE AMOUNT OF
ATTORNEYS FEES AND COSTS**

Plaintiff Lumen View Technology LLC ("Lumen View") opposes the brief submitted by Defendant Findthebest.com, Inc. ("FTB") on July 18, 2014 in support of its submission as to the amount of attorney's fees and costs.

## I.      INTRODUCTION

On June 2, 2014, this Court entered an opinion and order (D.I. 84) that awarded FTB attorneys' fees. In response to the Court's Order, FTB submitted a memorandum and the declaration of Joseph Leventhal seeking $141,719.50 in fees and $4,184.76 for costs and expenses. Lumen View submits this Opposition based on the following: (i) the fees being sought are not associated with the present case (including hours expended for a separate suit filed by FTB against Lumen View, et. al, alleging RICO violations, and a state bar complaint); (ii) the fees being sought are not an accurate reflection of the hours expended directly for FTB in the context of its counsel representing a four-Defendant joint defense group in this action (comprised of FTB, Adicio, Inc., Advanced Magazine Publishers Inc. and Penton Media, Inc.); and (iii) FTB's fee petition fails to adequately demonstrate FTB's entitlement to the fees being sought, including fees requested for time spent on appeal.

## II.      PROCEDURAL HISTORY

The following procedural history is reflective of Counsel's joint representation of

multiple parties, as well as his representation of FTB in a separate and unsuccessful RICO litigation, for the purposes of showing why a decrease in the amount of fees requested is justified.  The following demonstrates services performed on behalf of all four Defendants.

- 5/20/13 - Complaint filed against Adicio et al (1:13-cv-03386-DLC)
- 5/29/13 - Complaint filed against FTB (1:13-cv-03599-DLC)
- 5/29/13 - FTB case referred to Judge Cote as similar to 1:13-cv-03386
- 6/7/13 - Case accepted as related
- 6/27/13 - Leventhal filed motion to appear for FTB (D.I. 9)
- 7/3/13 - Leventhal filed motion to appear for Adicio et al (D.I. 10)
- 9/16/13 – FTB filed RICO complaint (1:13-cv-6521)
- 9/23/13 – FTB filed Motion for Judgment on the Pleadings for all 4 defendants (D.I. 18)
- 10/16/13 –Adicio et al Defendants dismissed (D.I. 36)
- 11/22/13 – Court granted FTB's Motion for Judgment on the Pleadings (D.I. 55)
- 12/09/13 – Lumen View filed Notice of Appeal (D.I. 58)

## III.    LEGAL ARGUMENT

### A.  The Standard Governing An Award of Attorneys Fees

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The applicant should maintain time records in a manner that will enable a reviewing court to identify distinct claims. *Id*.

In ascertaining the amount of a reasonable attorney fee, both the Federal Circuit and the Second Circuit have used a lodestar analysis. "Reasonable" hours are thoroughly documented, spent upon issues which gave rise to the finding of exceptional circumstances, non-duplicative, and not spent in a manner inconsistent with a standard of reasonable efficiency and productivity. Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc., 51 F. Supp. 2d 302, 304 (S.D.N.Y. 1999) (citations omitted).

Case 1:13-cv-03599-DLC   Document 100   Filed 08/01/14   Page 3 of 11

Although the lodestar calculation is the traditional starting point, the calculation must exclude fees for work that is excessive, redundant or otherwise unnecessary. Granite Music Corp. v. Ctr. St. Smoke House, Inc., 786 F. Supp. 2d 716, 737 (W.D.N.Y. 2011) (citations omitted).  Hours spent on claims wholly ineligible for fee-shifting must be excluded from the reasonable hours spent when calculating the lodestar. Millea v. Metro-North R.R., 658 F.3d 154, 168 (2d Cir. Conn. 2011). Courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request. Id. (citation omitted).  Judges in the Southern District routinely use this type of reduction, in varying percentages, in order to eliminate any excessive, redundant, duplicative or otherwise unnecessary fees.  Prince of Peace Enters, 2014 U.S. Dist. LEXIS 29339 at *27 (citing cases and reducing fees by 25%).[1]

### B. Counsel's Inclusion of Hours Related to an Unsuccessful, Separate Litigation is Not Reasonable And The Lodestar Should be Reduced

FTB filed a separate action against Lumen View et al alleging violations of the federal RICO statute, among other things.  This suit that was ultimately dismissed.  There are certain entries that specify the RICO matter, for example 3.50 hours for "Prepare outline of RICO complaint against Lumen View" on 8/8/2013.  Additionally, there are other entries that refer to: "research possibly causes of action against Plaintiff", "case strategy", "conduct legal research", or "research possible causes of action against Plaintiff and related parties."  As such, FTB included fees for the separate RICO case in its submission.

As a general matter, the reasonable number of hours used for a lodestar calculation

---

[1] See also Lema v. Mugs Ale House Bar, 2014 U.S. Dist. LEXIS 41286 (E.D.N.Y. Feb. 28, 2014) (applying an across the board reduction to an award of attorneys fees of 15%, in addition to the 25% discount the Settling [Parties] voluntarily submitted to account for the fact that the billed work also benefited the other parties). In Lema, the fee request submitted to the Court by the prevailing party's attorney initially discounted the amount of hours by 25% where the attorney represented more than one party.  No such consideration has been made by the instant fee request.

should exclude hours dedicated to severable, unsuccessful claims. The inclusion of hours related to the separate, unsuccessful RICO litigation is unreasonable and should therefore be excluded from the lodestar calculation. Yamanouchi Pharm. Co., 51 F. Supp. 2d at 304; Millea, 658 F.3d at 168; Stryker Corp. v. Intermedics Orthopedics, 898 F. Supp. 116, 120 (E.D.N.Y. 1995), citing Rosario v. Amalgamated Ladies' Garment Cutters' Union, 749 F.2d 1000, 1004 (2d Cir. 1984) (hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee).  Central to any application for fees is the submission of time records reflecting "the hours expended by counsel in pursuing the **successful** claims of their client." Stryker Corp., 898 F. Supp. at 121 (excluding hours spent on a separate, but related lawsuit arising from the award of attorneys' fees in the patent litigation) (emphasis added); see also Home Placement Servc., Inc. v. Providence Journal Co., 739 F.2d 671 (1st Cir. 1984) (denying attorneys' fees and costs incurred in a related anti-trust case between the same parties, despite the related action providing the record for the action in which the fees and costs were awarded).[2]

Hours pursued as part of a separate and dismissed litigation (that was not a successful legal theory that gave rise to the claim of exceptional circumstances) do not fall within the category of "reasonable" fees. Although FTB included fees for the RICO case, the exact amount is not clear from FTB's submissions.  Inclusion of hours for the unsuccessful RICO claim within its fee request for the patent litigation is not reasonable, and Lumen requests this Court to reduce the fee award requested on this basis.  Because FTB failed to meet its burden and show the fees were all related to this matter and not only the RICO case, Lumen requests a blanket reduction of 50%.

---

[2] This general rule is applied, even when the claims arise in the same litigation, where a party who has prevailed on some claims but been unsuccessful on others. In that situation, where the successful and unsuccessful claims are part of the same litigation, unsuccessful claim hours will still be excluded unless the claims "involve a common core of facts or will be based on related legal theories.'" Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, etc., 749 F.2d 1000, 1005 (2d Cir. N.Y. 1984) (excluding time for unsuccessful federal law claims from attorney fee award for successful state claims). The instant litigation is distinguishable, however, as the patent case and the RICO case were separate lawsuits based on separate legal theories.

### C. Counsel's Inclusion of Hours Related to Other Defendants is Not Reasonable And The Lodestar Should be Reduced

Attorney Leventhal represented four separate Defendants within this litigation and motions were filed on behalf of all four Defendants (including Defendants' Motion for Judgment on the Pleading submitted on 9/23/13). Three of the Defendants (Adicio, Inc., Advanced Magazine Publishers Inc. and Penton Media, Inc.) were dismissed from the litigation on 10/16/13, however, they were not a party to the Motion for Fees submitted in this matter. It is unclear how much time claimed is attributed to counsel's time spent working on this matter for the other three Defendants, who were dismissed on 10/16/13 prior to the finding of an exceptional case and who took no part in requesting such relief from this Court. Counsel's invoices refer only generically to "client" and include multiple references to a "joint defense agreement" and associated work and numerous other entries that not only benefited FTB, but all of counsel's other three Defendants as well. The fees being sought are therefore not an accurate reflection of the hours expended only on behalf of FTB in the context of its counsel representing a four Defendant joint defense group in this action (comprised of FTB, Adicio, Inc., Advanced Magazine Publishers Inc. and Penton Media, Inc.) and as such, all fees for services rendered by counsel prior to 10/16/13 should be reduced by 75%.

The inclusion of hours related to the representation of the other three Defendants is unreasonable and should therefore be excluded from the lodestar calculation. Hirsch v. Sweet N Sour Corp., 2011 U.S. Dist. LEXIS 95047, *17 (S.D.N.Y. Aug. 25, 2011) (reducing hours where Plaintiff sought to recover all legal fees from only one defendant, where other had been dismissed);[3] Laboratorios Rivas, SRL v. Ugly & Beauty, Inc., 2013 U.S. Dist. LEXIS 161188,

---

[3] "I recommend that the Court find that the 39.4 hours expended by [Plaintiff's counsel] are excessive. First, [Plaintiff's counsel] seeks to recover all fees and costs that have been incurred in prosecuting this action from just one defendant…. [That defendant] is only liable for **half of the fees** incurred from prosecuting this action against both defendants…." Id. at *18 (emphasis added), citing Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous.

*53 (S.D.N.Y. Nov. 12, 2013) (excluding hours from lodestar for Lanham Act fee award to Plaintiff's counsel for time spent working on matters related to other defendants who were dismissed). Courts have reduced the lodestar in cases where the requested amount of fees includes entries for work done on claims against other parties. Lucerne Textiles, Inc. v. H.C.T. Textiles Co., 2013 U.S. Dist. LEXIS 7820, *36 (S.D.N.Y. Jan. 17, 2013) ("[Defendant] is not responsible for fees related to Lucerne's claims against other parties and, therefore, these entries warrant a reduction.").[4]

Time records for services rendered prior to the dismissal date of 10/16/13 involve work done with respect to the other three dismissed Defendants, but the entries are not sufficiently clear to extricate or assign to each of the four Defendants.  These entries reflect work done for the benefit of not just FTB, but the other three Defendants, and are excessive, redundant or otherwise unnecessary to counsel's request for fees against Lumen View.  The three dismissed Defendants do not join in the fee request, are not prevailing parties, and it would be unreasonable to include counsel's time dedicated to those clients in a fee award for FTB.   Lumen View requests a 75% across-the-board reduction in the lodestar for all services rendered prior to 10/5/13.  Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012) ("In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed….").

If it is counsel's position that time entries of "client" only refer to FTB, then it logically

---

Corp., 599 F. Supp. 509, 514 (S.D.N.Y. 1984) ("Where there are multiple defendants, each defendant must bear the prevailing plaintiff's fees for time spent on matters clearly related to the claims made against that defendant."); Ingram v. Madison Square Garden, Inc., 482 F. Supp. 918, 928 (S.D.N.Y. 1979) (holding that one of three defendants liable for **one third** of plaintiff's legal costs) (citations omitted) (emphasis added).

[4] See also Id. at *36, n.18, citing Entral Grp. Int'l, LLC v. Sun Sports Bar Inc., 2007 U.S. Dist. LEXIS 72786 (E.D.N.Y. Sept. 28, 2007) ("[P]laintiff's counsel seeks compensation . . . for work which pertained solely to [two other] defendant[s] . . . who[] settled the claims against them. Therefore, compensation for those hours should be disallowed. Although some of these time entries may reflect work concerning the other three defendants, the entries are not sufficiently clear to enable the Court to determine how much time was spent on other tasks in order to credit some portion of those time entries.").

follows that counsel has reduced its time prior to 10/16/13 by 75% to account for the services related to all four Defendants,[5] and that the other three Defendants received separate bills for these services.  If that is the case, however, the amount of time (as submitted by FTB) spent on tasks prior to 10/16/13 (as representative of ¼ the total amount of time spent for all four Defendants) is therefore excessive, and calls into question the amount of time billed for various tasks, thus justifying an across the board reduction by the same amount.  Hirsch, 2011 U.S. Dist. LEXIS 95047 at *17.  Counsel's submission is simply unclear and it has therefore not met its burden to show that the requested fee amount is for "reasonable hours."

### D.  Counsel Should Not Be Awarded Fees Related to the Appeal to the U.S. Court of Appeals for the Federal Circuit

Counsel's fee request includes numerous hours related to time spent on Lumen's appeal. (See, e.g., entries on 12/9/13, 12/11/13, 12/19/13, 12/30/13, 1/8/14, 2/3/14, 3/4/14, 4/4/14, 6/5/14).  As this appeal is pending, there has been no determination yet of a "prevailing party" on appeal.  Therefore, requests for fees related to this appeal are premature.  Savino v. Computer Credit, 71 F. Supp. 2d 173, 177 (E.D.N.Y. 1999) ("If a prevailing party is entitled to attorney's fees in the underlying action, that party is also entitled to a reasonable attorney's fee for costs incurred in obtaining a **successful ruling** on appeal."); Kreisler v. Second Ave. Diner Corp., 2013 U.S. Dist. LEXIS 110652, *19-20 (S.D.N.Y. Aug. 1, 2013) ("A **party prevailing on appeal** may apply to the district court for attorneys' fees associated with the appeal.") (emphases added). Lumen View requests a reduction in the lodestar for all services rendered related to the pending appeal.

---

[5] Counsel has provided no documentation to support a claim that time has been appropriately apportioned among all four clients. The time submitted is unclear and vague in many respects, justifying an across-the-board reduction. Hirsch v. Sweet N Sour Corp., 2011 U.S. Dist. LEXIS 95047, *17 (S.D.N.Y. Aug. 25, 2011) (reducing hours where Plaintiff sought to recover all legal fees from only one defendant, where other had been dismissed); Deng v. 278 Gramercy Park Group, LLC, 2014 U.S. Dist. LEXIS 33724 (S.D.N.Y. Mar. 14, 2014) (applying general percentage reduction in lieu of attempting to impose line-by-line adjustments to the already less than ideal invoices submitted by counsel).

### E.  Counsel Should Not Be Awarded a Multiplier or Enhanced Fee Award

Counsel makes numerous arguments for enhancement of the requested lodestar amount, none of which are warranted by case law.  Enhancement of an award is not justified on the basis of factors such as the novelty of the issues, the complexity of the litigation, the high quality of the representation, or the number of people benefited. Krieger v. Gold Bond Bldg. Prods., 863 F.2d 1091, 1099 (2d Cir. N.Y. 1988). These factors are assumed to be already reflected in the hourly rate and should not be counted again to support enhancement. Id. (refusing to enhance fee award based on result obtained, among other factors, and remanding for recalculation of attorneys fees); Loper v. N.Y.C. Police Dep't, 853 F. Supp. 716, 722 (S.D.N.Y. 1994). (denying request for enhanced fees). The product of a reasonable hourly rate multiplied by a reasonable number of hours presumptively equals the "reasonable" fee to which the attorney may be statutorily entitled, and "an enhancement may  not be awarded based on a factor that is subsumed in the lodestar calculation." Perdue v. Kenny A., 559 U.S. 542, 553 (2010); Millea, 658 F.3d at 168.

The results obtained by counsel for FTB also should not serve as independent basis for increasing the basic fee award. Loper, 853 F. Supp. at 722. Krieger v. Gold Bond Bldg. Prods., 863 F.2d 1091, 1099 (2d Cir. N.Y. 1988). Perdue, 559 U.S. at 554 (noting that the Supreme Court has "never sustained an enhancement of a lodestar amount for performance").  In Perdue, the Supreme Court laid out the extremely narrow circumstances where superior results/performance might justify an enhancement. Id. at 554. (1) Inadequate method for calculating attorney rate; (2) attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted; or (3) attorney's performance involves exceptional delay in the payment of fees. Id. at 555. Counsel for FTB requested their reasonable rates, arguing that such rates reflect a reasonable prevailing rate within this district. There has been no evidence or argument otherwise, and no other circumstances as dictated in Perdue, and a

results-based enhancement is not warranted.

Additionally, public policy does not justify an increase in the lodestar. In the Second Circuit, the "circumstances are rare in which a properly calculated fee award can be upwardly enhanced and such enhancements are essentially proscribed in fee-shifting cases." Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 214 (E.D.N.Y. 2006), citing Loper v. N.Y.C. Police Dep't, 853 F. Supp. 716, 722 (S.D.N.Y. 1994) (concluding, based on a thorough analysis of controlling post-Hensley case law, that "enhancements under fee shifting cases are no longer permissible in this circuit"). Enhancements may be permitted in cases when a court determines as a matter of public policy, it is the type of case worthy of judicial encouragement. Loper, 853 F. Supp. at 723. However, this type of public policy enhancement only appears to have been upheld in, and "are perhaps only applicable to, equitable fund cases and **thus cannot be applied in the fee-shifting statute context**." Id. (citations omitted) (emphasis added); Brady, 455 F. Supp. 2d at 214 ("Policy enhancements have only been upheld in equitable fund cases and are likely only permissible in that context.").

"Even in cases where Congress finds sufficient public interest that it specifically encourages litigation by providing a statutory fee shifting mechanism, courts have rejected a multiplier." Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, 1994 U.S. Dist. LEXIS 2548 (S.D.N.Y. Mar. 7, 1994) (rejecting request to multiply fee award based on public policy considerations).[6] Counsel for FTB relies on Takeda Chem. Indus. v. Mylan Labs., Inc., 2007

---

[6] In contrast to some statutory schemes where counsel for the prevailing party recoups its attorney's fee as a matter of course, and then may pursue a "multiplier" of that fee on the basis of exceptional factors in the case, under the patent statutory scheme the award of an attorney's fee alone is by definition an exceptional occurrence. Gilbreth Int'l Corp. v. Lionel Leisure, Inc., 622 F. Supp. 478 (E.D. Pa. 1985) ("Counsel has not cited, nor has this Court discovered, any cases applying an upward 'multiplier' to the lodestar calculation of an attorney's fee awarded under § 285."). The Gilbreth court declined to enhance or multiply the § 285 attorneys fee award in light of the purposes underlying § 285. Id. at 488. Although FTB cites to the most recent AIPLA Survey, which estimates that it costs between $707,000 and $1,850,000 through trial to defend against claims of patent infringement made by non-practicing entities, this case ended before the discovery phase was complete. Furthermore, overall cost of litigation does not justify a public policy enhancement to a fee award.

U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007), which declined to award a multiplier or enhancement in a case awarding attorneys fees under § 285. Counsel for FTB has cited to no cases where a multiplier or enhancement has been applied to a fee award under § 285, or for a case where public policy has justified an increase in an award of fees in this scenario. Therefore, no enhancement or multiplier is appropriate in this context, and Lumen View respectfully requests this Court to deny FTB's request for an increase in the lodestar amount.

### F. Counsel Should Not Be Awarded Fees For Its Efforts To Drive Up Costs.

On September 24, 2013, FTB opposed Plaintiff's motion to amend the claim construction briefing schedule, which would have obviated these costs and conserved judicial resources especially view of FTB's then pending Motion to Dismiss and RICO action. (D.I. 86, 87, 89-91). Defendant should not be rewarded now with its fees for the claim construction briefing and related discovery under the Scheduling Order from Sept. 24, 2013 onward.

### G. Counsel's Offered Evidence of Frivolousness Misleads This Court.

FTB's submitted study (D.I. 95-4) is fundamentally flawed and such anti-IP conclusion is convenient in its simplicity but misses the actual cause underlying the numerical increase. The numerical increase in patent lawsuits filed is a side effect of the passage in 2011 of the America Invents Act  (*i.e.* creating requirement patent holders file separate suits against each defendant). 35 U.S. Code § 299. Keeping the AIA's impact in perspective, it should be given no weight.

### IV.    CONCLUSION

Based on the foregoing, Lumen View requests the Court to reduce the requested fee award in order to prevent counsel from being compensated for work on severable, unsuccessful claims or work done for separate clients.

Dated:  August 1, 2014                        */s/ Damian Wasserbauer*
                                              Damian Wasserbauer (DW3507)
                                              *Attorney for Plaintiff*
                                              *Lumen View Technology, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, I electronically filed the above and LUMEN VIEW TECHNOLOGY LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SUBMISSION AS TO THE AMOUNT OF ATTORNEYS FEES AND COSTS with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Damian Wasserbauer*
Damian Wasserbauer (DW3507)
