UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMEN VIEW TECHNOLOGY LLC,<br><br>             Plaintiff,<br><br>v.<br><br>FINDTHEBEST.COM, INC.,<br><br>             Defendant. | No.  13 CV 3599<br><br>ECF CASE |

### DEFENDANT FINDTHEBEST.COM, INC.'S REPLY IN SUPPORT OF ITS SUBMISSION AS TO THE AMOUNT OF ATTORNEYS' FEES AND COSTS TO BE AWARDED

In its Opposition, Lumen requests several different, unsupported reductions to FTB's fee request.  Lumen's request for across-the-board reductions of 50% and 75% to FTB's fee request boils down to Lumen's quibbles with *__four__* erroneously included time entries and incorrect assumptions about FTB's counsel's billing practices relating to other defendants.  Lumen then argues that FTB's compliance with a Court order warrants a 100% reduction in fees incurred after September 23, 2013.  Lumen provides no support for such drastic reductions to FTB's counsel's fees, which are reasonable and relate only to Lumen's patent action against FTB, not any other actions or any other defendants. [1]

Notably, Lumen does not contest the reliability or accuracy of the AIPLA Report of the Economic Survey, which, by comparison, demonstrates that the fees incurred by FTB's counsel

---

[1] In Section I, *infra*, FTB adjusts its fee request to subtract the erroneously included time entries and add time incurred in July 2014 related to the patent matter.

1.

were a fraction of the average and entirely reasonable. Nor does Lumen attack any of the costs submitted by FTB. Instead, Lumen attempts to leverage a handful of time entries to significantly reduce its monetary exposure for bringing a baseless lawsuit it never should have instigated. Rather than countenance Lumen's strategy, the Court should underscore its efforts to deter similar "predatory" strategies by awarding FTB's requested amount for attorney's fees and costs and enhancing the lodestar amount.

## I. FTB Carefully Excised Time Entries Related to Other, Non-Patent Matters to Arrive at Its Reasonable Request for Attorney's Fees

On September 16, 2013, four months after Lumen filed its patent action against FTB, FTB filed suit against Lumen and other, related entities, including the inventors of the patent-in-suit and the shell companies through which the inventors transferred the patent, for violation of the Federal Racketeering Influenced and Corrupt Organizations Act and various state laws. *See* Case No. 13-CV-6521 (the "RICO Action"). Based on certain interactions, FTB's counsel also contacted the New York Supreme Court about Lumen's counsel's conduct (the "State Bar Complaint").

Recognizing that FTB may want to review the work performed for each matter, FTB's counsel organized its billing practices accordingly. Thus, FTB's counsel's time entry descriptions specifically identified the matters for which activities were performed. *See* Second Declaration of Joseph S. Leventhal, ¶ 2 ("Second Leventhal Decl."). When FTB compiled billing documentation for its fee submission, FTB carefully reviewed a year's worth of time entries and excised entries that included any time descriptions related to FTB's RICO Action and

the State Bar Complaint, no matter how small an amount, even when time related to the patent case was also included in the entry description.[2] *Id*.

Lumen's Opposition points to a single entry including a description of time spent on the RICO Action, but attempts to characterize that exemplary entry as indicative of broad inclusion of unrelated time. However, after receiving Lumen's Opposition, FTB's counsel re-reviewed the time records it submitted and located only four entries referencing FTB's RICO Action and the State Bar Complaint that were mistakenly included in FTB's calculations. FTB has now removed those entries from its calculations.[3] *Id*., ¶ 4. Also, as mentioned in its opening brief, FTB has updated its calculations to include time from July 2014 related to the patent matter. Accounting for those subtractions and additions, FTB hereby revises its fee request to $144,307.00 and its request for costs to $4,823.51.

Lumen argues that the erroneous inclusion of these four entries warrants a "blanket" reduction of 50% due to FTB's alleged failure to show that the fees requested were all related to the patent case. *See* Opp. at 3-4. Lumen overreaches. Review of FTB's counsel's time entries show that the time submitted was specifically related to the patent case, with the exception of the few additional entries FTB now excludes. Further, Lumen cites no law supporting its request for halving FTB's already reasonable fees based on time spent analyzing case strategy, conducting legal research, or analyzing possible counterclaims against Lumen and related parties—all of which are reasonable activities in which an effective advocate should engage.

---

[2] In an abundance of caution, FTB excluded more than 370 hours of attorney and paralegal time incurred to date with descriptions related to the RICO Action and State Bar Complaint, even if part of the time in a particular entry was spent on the patent action. Leventhal Decl., ¶ 2. FTB will make the unredacted invoices available to the Court *in camera*, should the Court determine that review of the excluded entries is necessary.
[3] The entries are dated 8/8/2013 (JW), 8/15/2013 (JW), 8/23/2013 (JL), and 11/19/2013 (CJ). *Id*., ¶ 3.

FTB has carried its burden of showing that its fee request is sufficiently related to only the patent action and that the fees its counsel incurred resulted from reasonable activities related to that matter, therefore, no reduction in amount is warranted.

## II.     FTB's Counsel Separately Billed Other Represented Defendants

Lumen doesn't stop at requesting a 50% reduction of FTB's requested fees:  it next argues that FTB's counsel's representation of other defendants and participation in a joint defense group warrants an ***even larger*** blanket reduction of 75% for all fees incurred prior to October 15, 2013.  Opp. at 5-6.  Lumen, however, points to no specific time entries referencing work done for other defendants, failing to bolster its spurious accusations with actual facts.  Lumen's mistaken assumptions about FTB's counsel's billing practices do not support any reduction in the requested fees, much less the drastic 75% reduction it demands.

FTB's counsel represented three other entities sued by Lumen on the same patent, all of which were dismissed from the litigation on October 16, 2013.  *See* Case No. 13-CV-3386.  FTB's counsel billed separately for work performed in this other case.  Leventhal Decl., ¶ 5.  Moreover, to the extent overlapping work was done, such as review of the patent file history, FTB's counsel divided time between each case.  *Id*.  The time entries upon which FTB bases its request are already limited to work performed in FTB's defense and require no further reduction.

Lumen also takes issue with FTB's participation in a joint defense group with other defendants sued by Lumen at the same time, on the same patent.  However, Lumen provides no support for excluding time related to participation in joint defense group activities.  Indeed, joint defense groups addressing common issues frequently create efficiency by sharing resources, legal knowledge, and costs.  *C.f., e.g.,* Ex. 1, 8/24/2013 Cost Entry with Global Patent Solutions Invoice No. G116P493S-1 (charging FTB only a portion of prior art search cost).  FTB's fees

incurred in connection with joint defense group activities were efficiently conducted, are reasonable, and should be included in the fee award.

### III.     FTB's Requested Fees are Reasonable

Lumen's next request for reduction of FTB's fees is for ***complete exclusion*** of fees incurred after September 24, 2013.  Lumen asserts that FTB "dr[ov]e up costs" by refusing to agree to Lumen's request for an extension of the claim construction briefing schedule—which the Court denied (Dkt. No. 25)—and, thus, should not be awarded fees incurred after Lumen's motion was filed.  Essentially, Lumen is asking the Court to reduce the lodestar a significant amount ***because FTB complied with a Court order.***  This argument is ludicrous and, unsurprisingly, Lumen cites no law to support such a reduction.

### IV.     Appeal-Related Time May Be Awarded Upon Conclusion of the Appeal

Finally, Lumen takes issue with the small amount of time—7.4 hours—with descriptions including the word "appeal," which Lumen misleadingly argues were entirely expended on preparing for the appeal of the Court's invalidation of Lumen's patent.  Again, Lumen identifies only exemplary entries in its Opposition, so it is unclear with which entries Lumen takes issue.  Review of the handful of entries Lumen references shows that several also include non-appeal-related time. *See, e.g.*, 12/9/2013 (JL) Entry (description includes "communication with opposing counsel re settlement; review and revise exceptional case motion including supporting documents; communication with client re same").  One of the entries identified by Lumen is listed as "no charge" and was not included in Lumen's calculations.  *See* 3/4/2014 (VR) Entry.  Moreover, these fees are not exclusively related to the substance of the appeal; the appeal was stayed pending the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347 (2014) and the briefing schedule was only recently set.  *See* Order Lifting Stay, Dkt.

No. 26, Case No. 14-1156 (Fed. Cir. Jul. 16, 2014).  Indeed, review of the identified time entry descriptions demonstrates that any "appeal-related" time was primarily spent complying with court administrative procedures and organizing materials from this action.

Lumen does not argue that FTB may not recover such fees under 35 U.S.C. § 285, but, instead, that FTB's inclusion of this small amount of time is premature until FTB prevails on appeal.  This case is in a somewhat unique procedural posture, requiring determination of the fee award after the appeal notice was filed and docketed.  Putting aside the low likelihood of success of Lumen's appeal after the Supreme Court's decision in *Alice v. CLS Bank*, this time is a small fraction of FTB's attorney fee request.  If the Court determines that the instant award should exclude those fees, the Court should simply reserve judgment on the amount of fees awarded for the appeal until its disposition.

## V.    An Increase in the Lodestar Amount Is Justified

Lumen's attempts to argue that FTB cannot receive enhanced attorney fees under 35 U.S.C. § 285 and to distinguish *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 2007 WL 840368 (S.D.N.Y. Mar. 21, 2007) (J. Cote) miss the mark.  Lumen fails to account for the Court's discretionary ability to increase the lodestar amount, which is not prohibited by any of the precedent Lumen cites.  FTB requests that the Court use that discretion to increase the lodestar fee calculation to account for the comparatively low amount of FTB's counsel's fees to the average, the degree of FTB's success—invalidation of the patent early in the litigation—as well as Lumen's litigation conduct, which the Court determined was a "predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants to engage in

litigation against even frivolous patent lawsuits." Dkt. No. 83, at 14.  Enhancement of the lodestar amount would serve the public policy of deterring such conduct.[4]

The Court in *Takeda* determined that an award of attorney's fees under 35 U.S.C. § 285 was supported and that a $3 million enhancement of the lodestar calculation ***would be warranted***; however, the Court determined that the award of the entire amount of attorney's fees, expenses, and expert fees requested, $16,400,000, which also well exceeded the "average" cost of litigation in the AIPLA Survey, accomplished the same goals as enhancement would.  An award of attorney fees lies within the district court's sole discretion and will be affirmed "unless its decision was 'clearly unreasonable, arbitrary or fanciful, or based on an erroneous conclusion of law or fact.'"  *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc*., 549 F.3d 1381, 1390 (Fed. Cir. 2008) (affirming Court's award of attorney's fees and noting that the Court indicated that an even higher award would have been justified) (citation omitted).  Enhancement of the lodestar amount in this case lies within the Court's discretion and would be entirely justified based on the reasons set forth in FTB's opening submission.

## VI.   CONCLUSION

For the reasons set forth above and in its opening brief in support of its fee submission, and in the previous briefing on its Motion for Exceptional Case, FTB respectfully requests that the Court award FTB a minimum of $144,307.00 in fees and $4,823.51 in costs, plus interest accruing from May 30, 2014.

Dated:    August 8, 2014                                                      Respectfully submitted,

---

[4] Lumen argues, without support, that the Tucker article FTB submitted is "fundamentally flawed" and that the numerical increase in patent lawsuits is a "side effect of the passage in 2011 of the America Invents Act." Opp. at 10.  Lumen offers no competing study or academic article.  Further, Lumen focuses on the first sentence of the Executive Summary section of the Tucker article and ignores the ultimate conclusion, which is that litigation brought by patent assertion entities such as Lumen negatively affects the economy by directly harming innovation and decreasing venture capital investment in startup entities.  *See* Ex. 4.

8.

                By:   /s/  Joseph S. Leventhal

JOSEPH S. LEVENTHAL
THE LEVENTHAL LAW FIRM, APC
600 West Broadway, Suite 700
San Diego, CA 92101
Ph: (619) 356-3518
Fx: (619) 615-2082
jleventhal@leventhallaw.com