UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
-                                        :
                                         :
Lumen View Technology, LLC,              :
                                         :   13cv3599 (DLC)
                    Plaintiff,           :
                                         :   OPINION & ORDER
          -v-                            :
                                         :
Findthebest.com, Inc.,                   :
                                         :
                    Defendant.           :
                                         :
----------------------------------------X

Appearances:

For Plaintiff:

Damian Wasserbauer
Aeton Law Partners LLP
101 Centerpoint Drive
Middletown, CT 06457

For Defendant:

Joseph S. Leventhal
The Leventhal Law Firm, APC
600 West Broadway, Suite 700
San Diego, CA 92101


DENISE COTE, District Judge:

     Defendant Findthebest.com, Inc. ("FTB") seeks an award of

attorneys' fees and costs from Lumen View Technology, LLC

("Lumen") on the ground that this case is exceptional under 35

U.S.C. § 285 ("Section 285").  For the following reasons, the

defendant is awarded attorneys' fees and costs, as well as an

enhancement.

**BACKGROUND**

FTB is a corporation that operates a website that matches users with goods or services according to criteria that the users enter, at times using FTB's proprietary "AssistMe" program.  Lumen is a patent-holding Non-Practicing Entity that acquires patents and instigates patent infringement lawsuits. Lumen appears to be a shell company that is one of a number of related companies involved in litigating patent infringement suits.  This request for fees arises out of a lawsuit brought by Lumen against FTB alleging infringement of United States Patent No. 8,069,073 ("'073 Patent").

**I.    The '073 Patent Litigation**

The '073 Patent was issued on November 29, 2011, and is entitled a "System and Method For Facilitating Bilateral And Multilateral Decision-Making."  Essentially, the purported invention disclosed by the '073 Patent is a method of matchmaking whereby one or more parties on each side input attribute preferences and intensity of preference data and then a computer matches the parties on each side by a "closeness-of-fit" process and produces a list.

Lumen became the exclusive licensee of '073 Patent on March 1, 2012, which was approximately a week after Lumen was formed. Lumen filed its complaint (the "Complaint") against FTB on May

29, 2013, alleging that FTB infringed the '073 Patent.  The
Complaint was one of at least twenty substantially similar
patent infringement complaints filed by Lumen against various
companies in 2012 and 2013.

On September 24, FTB moved for judgment on the pleadings on
the ground that the '073 Patent was invalid.  The motion was
fully submitted on October 18.  On November 22, this Court held
that the '073 Patent claimed an abstract idea, which was not
patentable under the codified Patent Act, 35 U.S.C. § 101.
Lumen View Tech. LLC v. Findthebest.com, Inc., 13cv3599 (DLC),
2013 WL 6164341, at *16 (S.D.N.Y. Nov. 22, 2013).  Lumen
appealed this decision to the Federal Circuit.  The Federal
Circuit stayed the case pending the Supreme Court decision in
Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347 (2014).
The Court issued its decision in Alice on July 19.  Lumen
voluntarily dismissed the appeal to the Federal Circuit on
September 12, 2014.

## II.  FTB's Motion for Attorneys' Fees

FTB moved on December 10, 2013 for attorneys' fees on the
ground that this is an "exceptional case" under Section 285.
The motion was fully submitted on January 17, 2014.  On April
29, the Supreme Court issued its decision in Octane Fitness, LLC
v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014), which
addressed the definition of an "exceptional" case under Section

285.  This Court gave the parties an opportunity to make supplemental submissions regarding the significance of the Octane Fitness decision for this motion.  The parties filed those submissions on May 16.  On May 30, FTB's motion seeking a declaration that this is an exceptional case was granted.  Lumen View Tech. LLC v. Findthebest.com, Inc., 13cv3599 (DLC), 2014 WL 2440867, at *6 (S.D.N.Y. May 30, 2014) ("May 30 Opinion").  The May 30 Opinion is incorporated by reference and familiarity with that decision is assumed.

FTB made a submission as to the amount of attorneys' fees and costs on July 18, 2014, and asserted that an enhancement of the award would be appropriate in this case.  FTB requested an award of $141,719.50 to reflect its' attorneys' fees and also $4,184.76 in costs.  FTB also requested interest on its fees and costs from the date of the May 30 Opinion granting attorneys' fees, and an enhancement.  FTB did not specify the amount of enhancement it sought.  Lumen responded to FTB's submission on August 1, requesting a reduction on a number of grounds.  Lumen does not, however, challenge the reasonableness of the rates charged by FTB's attorneys and staff, nor does it contend that FTB's attorneys overstaffed the matter.  FTB responded on August 8, and revised its fee request to exclude four entries.  Its request for attorneys' fees and costs was $144,307.00 and $4,823.51.  FTB revised its fee request again on September 16

4

following Lumen's withdrawal of the appeal to the Federal Circuit.  Its final request is $149,979.50 in fees and $4,899.63 in costs, plus interest and an enhancement.

**III. FTB'S RICO Complaint**

There is related litigation between FTB and Lumen.  On September 16, 2013, FTB filed a complaint against Lumen alleging violations of the federal Racketeering Influenced and Corrupt Organizations Act ("RICO").  FTB's counsel began its work on the RICO claim on August 1, 2013.  FTB filed an amended complaint on November 22.  Lumen filed a motion to dismiss on December 23. Lumen's December 23 motion to dismiss was granted on May 19, 2014.  <u>Findthebest.com, Inc. v. Lumen View Tech. LLC</u>, 13cv6521 (DLC), 2014 WL 2050610 (S.D.N.Y. May 19, 2014).  Both Lumen and FTB agree that the fees and costs associated with this related litigation may not be recovered here.


**DISCUSSION**

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorneys' fees to the prevailing party."  35 U.S.C. § 285.  Having already determined that this case is "exceptional" under the Patent Act and thus eligible for fee-shifting, the sole remaining issue is the determination of the amount.

The starting point in determining an attorneys' fees award is calculating the "lodestar" number, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citation omitted); see Bywaters v. United States, 670 F.3d 1221, 1228-29 (Fed. Cir. 2012).[1]  In determining what constitutes a reasonable hourly rate, courts look first to the rates commonly charged by attorneys for similar work in the district in which the court sits.  See, e.g., Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); Bywaters, 670 F.3d at 1228.  The calculation of attorneys' fees rests in the sound discretion of the district court.  Takeda Chem. Indus., Ltd. v. Mylan, 549 F.3d 1381, 1390-91 (Fed. Cir. 2008).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  To aid in calculating the lodestar, the prevailing party must provide contemporaneous time records, affidavits, and other materials to support its application for the amount of

---

[1] Federal Circuit law parallels Second Circuit law regarding the calculation of attorneys' fees.  "[T]he Supreme Court has advised that all federal fee-shifting statutes calling for an award of 'reasonable' attorney's fee should be construed 'uniformly.'"  Bywaters, 670 F.3d at 1228 (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

reasonable hours expended.  McDonald v. Pension Plan of the
NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006).
"Where the documentation of hours is inadequate, the district
court may reduce the award accordingly."  Hensley, 461 U.S. at
433.

Fee requests should be reduced to exclude hours that are
not "reasonably expended," such as those that are excessive or
redundant.  Id. at 434 (citation omitted).  An across-the-board
percentage cut in hours can be employed when a fee reduction is
appropriate, but fee petitions are voluminous and item-by-item
review is impracticable.  In re Agent Orange Prod. Liab. Litig.,
818 F.2d 226, 237 (2d Cir. 1987) (common fund case).

In response to this motion, Lumen opposes the amount of the
FTB fee request.  Lumen has not provided a specific alternative
calculation, but requests three blanket reductions and opposes
any enhancement.  Lumen has not taken a position on the
appropriateness of an award of costs and interest.  Lumen's
arguments are addressed in turn.

**1. Unnecessary or Unrelated Work**

Lumen requests a blanket reduction of fifty percent from
the amount of the fee request on the ground that FTB cannot
recover attorneys' fees expended in pursuit of unrelated,
unsuccessful RICO litigation.  No blanket reduction is warranted
here.

FTB does not dispute that the hours spent in pursuit of the RICO lawsuit should be excluded from the lodestar, and contends that it has done so.[2]  It has also excluded time records that describe both the RICO and patent litigation, resulting in the exclusion of over 370 hours of attorney and paralegal time. Having reviewed FTB's time records, with a single exception, FTB has succeeded in excising from its claim time spent on the RICO litigation.[3]  The entry for 9/10/2013 (CJ) will also be excluded on the ground that it appears related to work on the RICO suit. The exclusion of this additional item reduces the lodestar fee award by $1,387.50 to $148,592.00.

Lumen also requests a seventy-five percent reduction of fees accumulated prior to October 16, 2013, as fees accumulated prior to this point were in conjunction with a joint defense agreement between FTB and three other defendants sued by Lumen

---

[2] In its revised fee request of August 8, FTB identified four additional entries to be excluded from its time records.

[3] Lumen contends that generic statements like "case strategy" contained in many of FTB's entries could refer to either the patent or the RICO litigation.  Lumen has failed, however, to identify any specific entries that should be excluded on this ground.  Furthermore, the context of entries containing potentially ambiguous statements reveals that the entries were for the patent litigation.  Virtually all of such statements are made in the context of a larger time entry that makes it clear that the hours being billed relate to the patent litigation. Other factors, like the attorney who billed the hours and the date of the entry, also provide clarity to potentially ambiguous statements.  Based on a careful review of FTB's time records with care, all hours used to calculate the lodestar here relate to the patent litigation.

for infringement of the '073 Patent.  Since all four clients were separately billed, and any overlapping work was divided among the clients, no reduction on this ground is warranted.

Finally, in a two-sentence argument, Lumen also requests a reduction because FTB opposed its motion to extend the claim construction briefing schedule.  No reduction is warranted for this reason either.  Lumen's motion to extend the claim construction briefing schedule was denied on September 25, 2013.  FTB's refusal to consent to Lumen's motion to extend was not unreasonable and it did not result in hours being billed that were excessive or redundant.

## 2.  Enhancement of the Lodestar

While there is a "strong presumption" that the lodestar is reasonable, "that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010); see Bywaters, 670 F. 3d at 1229.  A district court must provide "a reasonably specific explanation" for any enhancement of a fee award.  Perdue, 559 U.S. at 558.

In determining what is a "reasonable" award, "[a]lthough the amount the client paid the attorney is one factor for the court to consider in determining a reasonable fee, it does not establish an absolute ceiling."  Junker v. Eddings, 396 F.3d

1359, 1365 (Fed. Cir. 2005).[4]  The nonexclusive list of factors
that a court may consider in awarding attorneys' fees in a
patent case includes "frivolousness, motivation, objective
unreasonableness (both in the factual and legal components of
the case) and the need in particular circumstances to advance
considerations of compensation and deterrence."  Octane Fitness,
134 S. Ct. at 1756 n.6 (citation omitted).

Section 285 does not permit fee-shifting as a matter of
course, but only in "exceptional" cases.  While the primary goal
of Section 285 is to compensate parties who have been forced to
defend against frivolous and unwarranted suits, it also serves
as a deterrent against such litigation.  See id.; Mathis v.
Spears, 857 F.2d 749, 754 (Fed. Cir. 1988).  The instigation of
a lawsuit brought in bad faith against a defendant causes a
severe injury to the defendant that cannot fully be compensated.
Mathis, 857 F.2d at 754.  In rare cases, the lodestar will be
insufficient to deter baseless litigation.  While Section 285 is
not intended to punish a plaintiff for bringing a suit, even a
baseless one, Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d
688, 691-92 (Fed. Cir. 1984), it is intended to deter such
litigation.  Where the lodestar is extremely low, an award
greater than the lodestar may more easily be justified.

---

[4] The Court is not aware of any Federal Circuit decision
affirming or denying an enhancement of the award of attorneys'
fees under Section 285.

Several of the Octane Fitness factors that this Court considered in finding that an award of fees was appropriate similarly support an enhancement of the lodestar fee. They include the need to deter the plaintiff's predatory strategy, the plaintiff's desire to extract a nuisance settlement, the plaintiff's threats to make the litigation expensive, and the frivolous nature of the plaintiff's claims. As noted in the May 30 Opinion, "[n]o reasonable litigant could have expected success on the merits . . . . [T]he most basic pre-suit investigation would have revealed this fact." Lumen View Tech., 2014 WL 2440867, at *6. Not only that, FTB's attorneys informed Lumen of the baselessness of the suit from the onset of litigation and repeatedly sought clarification as to the nature of the alleged infringement. Lumen also sought a gag order to keep revelations about its abusive behavior out of the public record. Id. at *4. In filing this lawsuit, Lumen was motivated not by a desire to protect its rights, but by its plan "to extract a nuisance settlement from FTB on the theory that FTB would rather pay an unjustified license fee than bear the costs of the threatened expensive litigation." Id. at 6. Lumen threatened FTB with "full-scale litigation," "protracted discovery," and a settlement demand escalator should FTB file papers responsive to the complaint. Id. The nature of Lumen's complaint, the absence of any reasonable pre-suit investigation,

and the number of similar lawsuits filed within a short time
frame all indicate that "Lumen's instigation of baseless
litigation is not isolated to this instance, but is instead part
of a predatory strategy aimed at reaping financial advantage
from the inability or unwillingness of defendants to engage in
litigation against even frivolous patent lawsuits." Id. at *7.

This litigation was resolved on the merits because this
defendant has the financial ability to resist the plaintiff's
pressure and because it chose to fund a defense in court rather
than pay an unwarranted, less expensive licensing fee.  It
appears that none of the other defendants sued by Lumen made
that choice.  As a result, but for FTB's financial resources and
resolve, Lumen's predatory behavior would likely have proceeded
unchecked.  Any award in this action must be substantial enough
to deter Lumen from pursuing baseless claims in the manner Lumen
used in this case.  An enhancement in this case is not punitive
in nature.  While Lumen engaged in bad faith and meritless
litigation, the purpose of any enhancement in the lodestar is to
deter similar misconduct in the future by Lumen.

One reason that an award limited to the lodestar amount
would fail to provide sufficient deterrence is that the lodestar
in this case is extremely low.  This is the result of a schedule
adopted in this case that permitted the Court to reach the

12

merits as expeditiously as possible.  Lumen View Tech., 2014 WL 2440867, at *7.

At the initial pre-trial conference, Lumen represented that everyone it had sued to date had settled with it, some through the execution of a "reasonably priced" license, that there had been no court ruling on the validity of its patent, and that it intended to file more lawsuits making claims that others had infringed the '073 Patent.  FTB requested a schedule that would permit a prompt motion on the validity of the '073 Patent; Lumen opposed that proposal and requested an aggressive discovery schedule.  Lumen's proposed schedule was rejected, and a discovery schedule that would permit resolution of the validity issue prior to most fact and expert discovery was adopted.  A lodestar amount significantly greater than that incurred here would have been reasonable and would have been incurred but for the prompt resolution of the motion addressed to the validity of the '073 Patent.

Relying on Perdue, Lumen contends that a district court may not enhance the lodestar.  But, Perdue itself rejected the contention that "a fee determined by the lodestar method may not be enhanced in any situation."  Perdue, 559 U.S. at 553.  Moreover, Perdue addressed a fee award under 42 U.S.C. § 1988 in a civil rights case.  The Supreme Court noted that, under many fee-shifting statutes, attorneys' fee awards are paid by state

and local taxpayers and thus should generally be limited to the lodestar amount.  Id. at 1677.  This concern does not apply in the patent context, where the fees will be borne by private parties.  See In re Mkt. Ctr. E. Retail Prop., Inc., 730 F.3d 1239, 1247 (10th Cir. 2013) (rejecting application of Perdue to the bankruptcy context as the underlying policy reasons are different).  Attorneys' fees under Section 285 serve primarily to deter bad faith litigation and compensate parties for the cost of defending against such a suit.  Octane Fitness, 134 S. Ct. at 1756 n.6; Mathis, 857 F.2d at 754.  Without an enhancement, the relatively low lodestar amount in this case would be insufficient to deter similar misconduct in the future.

Given the policy justifications under Section 285 and the need to deter similar conduct in the future, the award of attorneys' fees in this case will be enhanced by a multiplier of two.  Thus, FTB is awarded $148,592.00 in attorneys' fees enhanced by a multiplier of two for a total of $297,184.00.

## CONCLUSION

Defendant is awarded $297,184.00 in attorneys' fees and $4,899.63 in costs, for a total of $302,083.63.  Interest is

awarded from May 30, 2014 at a rate of 9%.


Dated:     New York, New York
           October 23, 2014



                              _____
                                    DENISE COTE
                         United States District Judge